# CLERK'S RECORD

## VOLUME  1  OF  1

### TRIAL COURT CAUSE NO. 2001CR4986
### IN THE  226TH  DISTRICT COURT

### OF BEXAR COUNTY, TEXAS,

### HONORABLE SID HARLE, PRESIDING

---

**BRUCE LYNN CHRISTENSEN**

**VS**

**STATE OF TEXAS**

---

**DELIVERED TO THE COURT OF APPEALS FOR THE 4TH DISTRICT OF TEXAS, SAN ANTONIO, TEXAS ON Wednesday, October 08, 2014.**

---

ATTORNEY FOR DEFENDANT:
VINCENT DENNIS CALLAHAN
PO BOX 12141
SAN ANTONIO, TX 78212-0141
PHONE: 210/737-3404 FAX: 210/737-3404

DONNA KAY M<sup>C</sup>KINNEY
DISTRICT CLERK
BEXAR COUNTY

BY : /s/ *Cynthia Gomez*

   CYNTHIA GOMEZ
   APPEALS CLERK

CAUSE NO. 2001CR4986

**BRUCE LYNN CHRISTENSEN**
**DEFENDANT**                                          **IN THE DISTRICT COURT**
**VS.**                                                           **226TH JUDICIAL**
**THE STATE OF TEXAS**                          **BEXAR COUNTY, TEXAS**

# I N D E X

**CLERK'S RECORD COVER SHEET**...........................................................................1

**INDEX**...........................................................................................................2-3

**APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF
FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL
PROCEDURE, ARTICLE 11.07** ...........................................................4-22
FILE STAMPED ON 05-07-2012 PG 4******

**APPLICATION FOR WRIT OF MANDAMUS** ...................................................23-29
FILE STAMPED ON 06-09-2014 PG 23******

**PETITION FOR EVIDENTIARY HEARING – MOTION FOR BENCH
WARRANT** ...........................................................................................30-108
FILE STAMPED ON 06-12-2014 PG 30******

**ORDER** ......................................................................................................109-118
SIGNED ON 06-13-2014 PG 118******

**APPLICATION FOR WRIT OF MANDAMUS** ...............................................119-125

**MEMORANDUM IN SUPPORT OF APPLICATION** ....................................126-149
FILE STAMPED ON 06-18-2014 PG 126******

**NOTICE OF APPEAL** ..................................................................................150-151
FILE STAMPED ON 10-06-2014 PG 150******

**DESIGNATION OF RECORD** ......................................................................152-154
FILE STAMPED ON 10-06-2014 PG 152******

**NOTICE OF APPEAL** ..................................................................................155-156
FILE STAMPED ON 10-06-2014 PG 155******

**DESIGNATION OF RECORD** ......................................................................157-158

**PETITION FOR EVIDENTIARY HEARING – MOTION FOR BENCH WARRANT** ..............................................................159-173

**ACKNOWLEDGMENT** ..................................................................... 174

**CRIMINAL APPEALS CERTIFICATE OF NOTICE OF APPEAL TO THE FOURTH COURT OF APPEALS** ................................................. 175

**CERTIFICATE**.................................................................................. 176

FILED

_____O'CLOCK_____M

MAY 0 7 2014

DONNA KAY M'KINNEY
District Clerk, Bexar County, Texas

BY_____
DEPUTY

Case No. 2001CR4986-W3

(The Clerk of the convicting court will fill this line in.)

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: __BRUCE LYNN CHRISTENSEN_____

DATE OF BIRTH: __12/09/54_____

PLACE OF CONFINEMENT: __TDCJ-ID  POLUNSKY UNIT_____

TDCJ-CID NUMBER: #01108982        SID NUMBER: #03210433

(1)    This application concerns (check all that apply):

    **XX**    a conviction         ☐    parole

    ☐    a sentence          ☐    mandatory supervision

    ☐    time credit          ☐    out-of-time appeal or petition for discretionary review

(2)    What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

    226th Judicial District, Bexar County

(3)    What was the case number in the trial court?

    No. 2001-cr-4986

(4)    What was the name of the trial judge?

    Honorable Sid Harle

Effective: January 1, 2014          1

(5) Were you represented by counsel? If yes, provide the attorney's name:

Trial Counsel-Hilda Valadez, habeas counsel-Vincent Callhan

(6) What was the date that the judgment was entered?

April 27, 2002

(7) For what offense were you convicted and what was the sentence?

Agg. Sexaul Assault - 30 Years

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

Count 1/30 Years, Count 7/30 years, count 9/30 years, Count 9/remanded

to answer the indictment, Bexar County dismissed.

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea          ☒ guilty-plea bargain
☐ not guilty               ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:



(10) What kind of trial did you have?

☒ no jury                   ☐ jury for guilt and punishment

2

☐ jury for guilt, judge for punishment

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

_Sentencing Phase_

(12) Did you appeal from the judgment of conviction?

XX yes                              ☐ no

If you did appeal, answer the following questions:

(A) What court of appeals did you appeal to?    _4th Court of Appeals_

(B) What was the case number?    _04-02-00397-cr_

(C) Were you represented by counsel on appeal? If yes, provide the attorney's name:
    Suzanne M. Krammer

(D) What was the decision and the date of the decision?    _Affirmed July 2003_

(13) Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                              XX no

If you did file a petition for discretionary review, answer the following questions:

(A) What was the case number?    _____

(B) What was the decision and the date of the decision?    _____

(14) Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

XX yes                              ☐ no

If you answered yes, answer the following questions:

(A) What was the Court of Criminal Appeals' writ number? WR-58369-04, WR-58,369-06

3

**(B)  What was the decision and the date of the decision?**  10/31/07 – Count 7 Remanded

1/01/07 – Denied W/O Written

**(C)  Please identify the reason that the current claims were not presented and could not have been presented on your previous application.** A new Equitable ruling In Martinez v. Ryan 132 S, Ct. 1309. The court of Appeals did not

determine whether Christensen's attorney in his first collateral

proceeding was ineffective or whether his claim of ineffective assistance of

Trial counsel is substantial. This rule reflect an equitable

judgement where a prisoner is Impeded or Obstructed in his substantial

claim of IAC ensuring that proper consideration was not given to it.

**(15)   Do you currently have any petition or appeal pending in any other state or federal court?**

XX yes                                    ☐ no

If you answered yes, please provide the name of the court and the case number:

US Dist. Court, Eastern Dist. of Texas, Case 9:13cv-00291-RC-KFG
§2254 for TDCJ Disc. Case, Not related to this case.

**(16)   If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)**

☐ yes                                    ☐ no

If you answered yes, answer the following questions:

**(A)  What date did you present the claim?**  _____

**(B)  Did you receive a decision and, if yes, what was the date of the decision?**

_____

If you answered no, please explain why you have not submitted your claim:

4

_____

_____

_____

_____

_____

(17)   Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

**GROUND ONE:    INEFFECTIVE ASSISTANCE OF COUNSEL - Court Appionted Haveas Counsel**

**The court** stated that I had alleged sufficient facts regarding counsel's per-

formance, if true might be entittled to relief.  I had demonstrated that my

**FACTS SUPPORTING GROUND ONE:**

claim if ineffective assistance of counselat trial was a "substantial one".

The Trial court appointed acounsel and held a hearing.  Appointed habeas

counsel then did impedand obstruct in presenting his claim by: 1) habeas

counsel refused to call any witnesses to testify, inculding trial counsel,

court appointed Investagator, as well as other witnesses.  2)  habeas counsel

refused to present any of applicant's alleged charges and facts of ineffect-

ness presented in his pro se brief.  3)  habeas counsel refused to present

any of applicant's "statements of facts and law"  4)  Habeas counsel refused

to corect the false impression of trial counsel's credibility when applicant

brought to his attention the Ms. Valadez needed to testify and not by affidavit

5)  habeas counsel refused to use applicant's plausible and sound stratagy

that possessed sufficient substance to be vialbe arguement.  Habeas counsel

refused to follow the above items was becuase counsel was inherently in conf-

flect with his client's interest, not his lack of competence, but his misplaced

6

desire, as he stated to me "not to open a can of worms". Mr. Callhan placed himself in a situation that he was required to make choices between advancing his client's interest in a fair hearing or advance other interest to the detriment of his client. He made that choice----to advance those other interest, the proction of Ms. Valadez's reputation and her lively hood. What was in his client's best interestwas to call Ms. Valadez and the other witnesses to the stand and aggressively cross examine her action's such as trial preperation legal advice given and trial stratagy ar lack there of. But because of his relationship with trial counsel he would have been"greatly chilled in that crosss" or as here unable to cross examine. In applicant's second writ the court found that habeas counsel was effective and the CCA denied relief W/O written order. The court in fact had no reason to review because under then current Texas and Fifth Circuit precedent, patently unfair though it might be the realalty facing a convicted Texas criminal defendantis that neirther a negigent failure or even malicious refusal to present a potentially meritious claim or even gross incomptence is the course of the defendant's state habeas proceeding, effectively preculdes habeas review of that claim. At the time of applicant's evidence hearing, a state habeas petitioner possessed no right to effective habeas counsel on any issues presented. Applicant made every effort to to present to the court his complaint about the proformance of his habeas counsel before the hearing. I'm sure that Mr. Callhan was aware of his action's and his desired outcome. He knew he would suffer no legal consequences for his failure to properly plead and prove my ineffective of counsel claim. The proposed finding of facts and law submitted by Mr. Callhan was so poorly done , that a first time jailhouse lawyer could have done a better job. Allowing the courts to consider the incomplete record that ishis clients affidavits to be removed from the record and other parts altered shows he's planed intentions. The new rule allows an exception to Show cause on an Ineffective Assistance of Counsel and Texas should look at it first.

7

**GROUND TWO:**

TRIAL COURT AND THE COURT OF CRIMINAL APPEALS REVIEWED AN INCOMPLETE RECORD

THE OFFICIAL COURT RECORD HAD BEEN ALTERED AND PARTS REMOVED AND DESTROYED

**FACTS SUPPORTING GROUND TWO:**

(1)  Trial counsel's affidavit altered and replaced in the record

(2)  Applicant's affidavit removed from the official court record.

(3)  Applicant's Supp. affidavit missing from the official court record.

(4)  Trial Judge entered into the record "Exibits" missing from the court

record .

The above documents were/are missing, removed, and or destroyed from the

official court record and not considered by the court in its decision

making of the merits of the case. Applicant has tried to find and replace

missing parts of the record contacting the District Clerk and court reporters

Applicant found Items number 3 and 4 in the record of his :2254 filed in the

U.S. District Court in San Antonio, Tx.  The court should hold a hearing so

that items 3 and 4 can be intered into the record and items 1 and 4 can be

properly investagated and the findings entered into the record.

8

## GROUND THREE:

STATE"S VIOLATION OF THE PLEA AGREEMENT / State's inproper modification of

defendant's judgement of sentence.

## FACTS SUPPORTING GROUND THREE:

The provisions of applicant's plea agreement became unenforceable due to one

provision being illegal and void sentence. The Court of Criminal Appeals

sending the defendant back to answer the indictment on count nine only was

improper. The court has stated many times "when only one of the sentencing

elements is void, the judgement is rendered void only if the judgement can-

not be reformed to cure the infirnity, ie, the infirmity can not be cured

without resorting to resentenceing. The defendant should have been allowed

to withdraw his "one Plea" and to return both parties back to their orginal

postitions before the plea. By remanding only count nine, the court placed

the defendant in a position that he might face adverse collateral consewuences

from potential new sentencing, and by becoming a seperate hearing/trial the

defendant losses all bargianing issues he had when plea bargianing with the
full

10

full indictment. Now thre state has no reason to offer less than the max 20 years and the court, now as a new seperate proceeding has the ability to stack this new ssentence on the prior sentence, something that the trial court did not have the ability to do in the first hearing. Th e Trial court stated that It did not have juristdication to consider this ground as applicant should have presented it is his first writ....Mr. Callhan did in fact touch this issue in short form in his proposed finding of facts, inartfully and incomplete that it was, second how would the defendant know what actions the court of Criminal Appeals would take,before their desicision was made.

The court did not consider this issue on the merits and should do so now.

## GROUND FOUR:

Trial Court's ffailure to allow defendant to fully particapate in applicant's

First 11.07 habeas evidence hearing.

## FACTS SUPPORTING GROUND FOUR:

The court refused to allow defendant to have his restraaints adjusted to

allow him to have full access to his legal notes and to be able to freely

confer and assist his habeas counsel. As defendant was asking the court for

this assistance, court appointed habeas counsel sat by doing nothing, refusing

to assist him with this action as it became apparent that he did not want him

to be able to access his notes and take part in his own defence. The

method that defendant was restrained caused him to be inhibited and disc-

ouraged from taking part in presenting his case not only by the court but by

his own counsel.

12

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

**PETITIONER'S INFORMATION**

Petitioner's printed name:_____

State bar number, if applicable: _____

Address:    _____

                _____

                _____

Telephone:_____

Fax:_____

**INMATE'S DECLARATION**

I, BRUCE LYNN CHRISTENSEN_____, am the applicant /petitioner (circle one) and being presently incarcerated in TDJC-ID, POLUNSKY UNIT_____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on May 2, 2014_____, 20_____.

_____
Signature of Applicant / Petitioner (circle one)

17

## PETITIONER'S INFORMATION

Petitioner's printed name: BRUCE LYNN CHRISTENSEN

Address: POLUNSKY UNIT #1108982

3872 FM 350 South

LIVINGSTONE, TEXAS 77351

Telephone:

Fax:

Signed on MAY 02 , 20 14

Signature of Petitioner

18

Rev. 01/14/14



Bruce Christensen
Polunsky Unit #112,982
3872 FM 350 S.
Livingston, TX 77351

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva Suite 217
San Antonio, TX
78205

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2014 MAY -7 P 2:58

BY:_____
DEPUTY

Bruce Christensen §        In the District Court
    Applicant, pro se §

VS.                    §        226th Judicial District
                       §
                       §
State of Texas         §        Bexar County, Texas

§§§§§§§§§§§§§§§§§§§§§§§§§§§

**APPLICATION FOR WRIT OF MNDAMUS**

TO THE HONORABLE JUDGE Sid Harle

Now comes, Bruce Christensen, pro se and complaining of the following respondents, Donna McKinney, Bexar County District Clerk Cheryl McMahan, Official Court Reporter of the 226th District court on Nov. 16th, 2006 and present for a hearing on Cause No. 2001-CR-4986-W1, and Roxanne Pena, Official Court Reporter and present for an evidence hearing held on Dec. 11, 2006. Applicant, states that this court has jurisdiction over the subject matter and the parties and ask the court to grant him leave to file this application for Writ of Mandamus. The Applicant is entitled to have a "complete" copy of the record forwarded to the Court Of Criminal Appeals with his Application of 11.07, to Inculd all of the parts requested before the clerks record is prepared. According to TX. R.App.Proc. Rule 34.5, The time for request is any time before the clerk's record is prepared. Any party may file with the trial clerk a written designation specifying items to be inculded in the record. Rule 34.5(b)1. If a relevent item has been omitted from the clerk's record, the trial court appellate Court or any party may by letter direct the court clerk to certify and file the appellate court a supplement containg the omitted items. Rule 34.5(c)1

If the clerks record is defective or inaccurate the appellant must inform the trial clerk of the defect or inaccuracy and instruct the clerk to make the correction. Rule 34.5(d). Also even if the appellent was not timely Rule 34.5(b)(4), says "Failure to timely request". An appellant court must not refuse the clerk's record or a supplement clerk's record because of a failure to be inculded in the clerk's record. This action is under the facts of this case, in essence, a mere ministerial act which the respondents have a legal duty to perform. Applicant has properly requested the respondents to preform which they all have refused.

The record is missing revelant items that have been omited and applicant has no other legal remendy available to him other then this application for mandamus. Applicant Request for the following relief is as follows:

Respondant No. 1

Roxanne F. Pena
Official Court Reporter
Criminal Law Magistrate Court

1. On Dec. 11, 2006, evidence hearing before Judge Carruthers, the State's attorney had you tag Mulit. exibits, one thru seven. The reporters record only shows two exibits #1 and #2. The record speaks of others Such as #5, intered for Identification purposes. Where are Exibits #3 thru #7 ??? I had ask her to research her records and to enter into the record those exibits and to send me copies. Inclosed is a copy of the letter sent to her.

Respondant No. 2

Cheryl McMahan
Official Court Reporter
226th District Court

1. On Nov. 16, 2006 a conference or hearing was held in the 226th district court, Ms. McMahan was present and is responsable for the record. Judge Harle Set a date for the evidence hearing, appointed counsel, issued a bench warrent and ᴓᴓᴃᴓᴓᴓᴓᴓᴓᴓ heard evidence inculding applicant's affidavits, and heard the district attorney's recommendation that count 9 be remanded for resentencing only and other unknown Issues, that appellant is unaware of. He was never notified of this hearing

by the court or by his court appointed counsel. Applicant request a complete transcript and all exibits and documents used. Applicant request that Ms. McMahan also file an affidavit stating why this transcript and exibits and documents were not inculded in the origianel District's court Records.


Respondance No. # 3

Donna Kay McKinney
Bexar County District Clerk

1. I would request the district Clerk to investagate the official court record to see if the record has been tampered with.
    a) The record in in disaray according to the Index, It is possible that the record was not returned to it origianal order when exbits were removed and altered. Also the page count does not reconsial with the number of exibits and items in the index.
    b) Applicants rebuttal afidavits are missing from the record.
    c) Judges orders with exibits is missing 5 pages
    d) Court Transcript for hearing on ~~Œ±¢¢~~ Nov 11, 2006 is missing.

2. I would request the district Clerk file an affidavit considering the above items stating what was done and what the results of her inversagation are. and any other pertenet information the the court will need to consider with the current record when it is forwarded to them with my 11.07.

3. Inclosed is copies of letters sent to the districk clerk ~~±Œ¢Œ±N±Œŗ~~ Which she has refused to respond to.

4. I would request the the District Clerk send me copies of the Docket sheets for both causes, 2001-CR-4986 and also 2001-CR-2632, showing all appearnces and hearings and the final billing submited by appointed counsels.

WHEREFORE, ALL THINGS CONSIDERED, Applicant prays that this application for Mandamus be granted and that the respondents be ordered to proceed as requested, by law to continue wsith the relief requested, Applicant request the this application for Mandamus be ~~expedie~~ *expedite* this request as he has filled his application for 11.07 and the court when need this information and records to propperly consider the issues. I would request for any other relief, general and special. as applicant may be intitled to.


Respectfully Submitted

Bruce Christensen
Applicant, pro se

## UNSWORN DECARATION

I, Bruce Christensen, Applicant, pro se, in the above styled and captioned cause, do swear under penalties of perjury that the following Application For Writ of Mandamus and the statements contained are true and correct to the best of my abilities and knowledge, on this the 5 day of June, 2014.

Respectfully Submitted,

Bruce Christensen
Applicant, pro se

## CERTIFICATE OF SERVICE

I, Bruce Christensen, Applicant, pro se, in the above styled and captioned cause do swear under penalties of perjury that the following Appliction for Writ of Mandamus was placed in the U.S. Mail, post-paid, on the 5th day of June, 2014. To the following persons: 

1) Donna Kay McKinney
   Bexar County District Clerk
   101 W. Nueva, Suite 217
   San Antonio, Tx. 78205

2) Roxanne F. Pena
   Official Court Reporter
   C/O Criminal District Court Adiminstator
   Cadena-Reeves Justice Center
   300 Delorosa, Suite 4076
   San Antonio, Tx. 78205

3) Cheryl McMahan
   Official Court reporter
   226th District Court
   C/O Criminal District court Administrator
   Cadena-Reeves Justice Center
   300 Delorosa , Suite 4076
   San Antonio, Tx 78205

Respectfully Submitted,

Bruce Christensen
Applicant, pro se

May 19, 2014

Roxanne F. Pena
Official Court Reporter
Bexar County Courthouse
100 Dolorosa Street
Criminal Law Magistrate Court
San Antonio, Tx    78205

Dear Ms. Pena,

This is in reference to 2001-CR-4986-W1, Ex Parte Bruce K. Christensen, hearing held on 11, Dec. 2006 before Judge Carruthers with you as the reporter. Ms. Welsh the state's attorney had you tag mult, exibits one though seven... the reporters record only shows two offered and at lest one was intreed for Idenification purposes State's Exibit #5, Page 24, line 14....Exibits 6 & 7 are the reporter's record of the plea and sentencing.  Where is Exibit #4??? What is Exibit #4???? I filed a writ of mandamus to recieve a complete copy of the record which the district clerk complied with.  I need you to resurch your record's and send me copies of Exibits #4, #5, #6, and #7.

I look forward to hearing from you, as soon as possible as I have filed anseccesive writ for the court to hear evidence of missing parts of therrecord and other issues.

Bruce Christensen
Polunsky Unit #1108982
3872 FM 350 S.
Livingstone, Tx    77351

October 29, 2013

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

RE:  @001-CR-4986-W1-Supp.

Dear Ms. Alice S. Gonzales

Thank you for responding to my request.  There is some confusion on what I needed.  It appears to me that the court records are incomplete and also have been altered. According to the Index, The affidavit of Ms. Valadaz is listed and it looks like is't been changed and then after that listed is my rebuttal affidavit, on it is not actualy missing.  I also sent a second affidavit and it's not listed at all.  Next on the list is the Judges order with 11 pages pages of exhibits.  The index doesn't say what those exhibits are. I am trying to see if those inculded any of the afidavits. If so I would need certified copies of them.  I also need to prove that My affidaviteD is in fact missing. If there was a hearing held on Nov.16, 2006,  and the court reporter has a transcript and copies of the three affidavits  or if you can find them, I need to prove to to the Court of Criminal Appeals of the need to supplement the record with a affidavit from Ms McKinney of the facts of the case what ever they may be.  I need to show due diligente in trying to set the record straight.  Your assistance in this matter would be greatly appreciated.  I belive the this manipulation of the record is the beggening of Ms. Valadaz's court house offenses.  I will wrtie to the court reporter also to see if he is going to respondsto my request. If you would  possibily coordinate  the search for these affidavits with the court reporter  and let me know what you find.

Thank you for your time looking into this matter.

Sincerely,
Bruce L. Christensen

June 5, 2014


Donna Kay McKinny
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Tx  78205

Dear Ms McKinny,

Enclosed is my Second Writ of Mandamus,  please file it and bring it to the attention of the court.  I have Ask Judge to expedite this cause because I have already file my application for 11.07 and the record that you forward to the court with the 11.07 will incomplete . I have also forwarded a copy to the other respondants in C/O Criminal District Court Adminstrator. Would you please assure that they are aware of the writ as I have written them at the court house and they have not responded. As you can see I believe that your court record has been comp-romised by people that the court should be able to trust. We will see.  Thank you for your time on this matter and I'm looking forward to hearing from you.

Bruce Christensen
Polunsky Unit # 1108982
3872 Fm 350  S.
Livingstone, Tx.  77351

FILED
DONNA KAY MCKINNEY
DISTRICT CLERK
BEXAR COUNTY
2014 JUN -9 P 2:25
DEPUTY
BY

EX PARTE                                    §    IN THE DISTRICT COURT

Bruce Chrsitensen                           §    226th Judicial District
Applicant, pro se                           §
                                            §    Bexar County, Texas
                                            §

§ § § § § § § § § §

PETITION FOR EVIDENTARY HEARING
Motion for Bench Warrent

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, Bruce Christensen, Applicant, Pro Se, in the above
Numbered abd styled cause, and files this, his Petition for Eviden-
tary Hearing and a Brech warrant under the provisions of T.C.C.P.
art. 11.07(3)(d), and would show the court the following in sup-
port thereof:

ONE

The court will find that there is definite "controvered,
previously unresolved facts, which are material to legality of
defendants final conviction exist and needs to be resolved. The
court should find that there is a necessity for the suspension of
time limations enunciated in article 11.07 of the tex. Code Crim.
Proc Ann. art. 11.07 §3(d) Vernon Supp. 2004. Applicant has alleged
the following issues which requires resolution:

1) Ineffective Assistance of Counsel

2) Incomplete Record-records withheld, altered, removed, missing

3) States improper modification of defendants judgement

4) Trial court's denial of defendant's right to fully particate.

TWO

The fact and allegations presented in his petition are com-
plex, but applicant has infact alleged sufficient facts regarding
counsel's performance that, if true might entitle him to relief.
The trial court is the appropriate form for finding of facts, App-

licant has sufficient proff of all his allagations, which needs to entered into the record and fully explred and developed for the record

## THREE

I am presently incarcerated in TDCJ-ID, Polunsky Unit, 3872 FM 350 South , Livingstone, Tx. 77351. I am unable to personally appear before the court and qive testimony in this cause and would respectfully request the to issue a warrant from the bench ordering the Bexar County Shefiff to transport me to this court for all hearinqs in this matter, so that I may qive testimony and present evidence and proff of all my allaqations.

## PRAYER

Petitioner respectfullu prays that this court qrant this petition for an evidentary hearing and for a bench warrant to attend the hearings. To consider and examine the issues before the court and grant any and all such relief as the court may deem he is entitled by law.

Respectfully Submitted,

Bruce Christensen, pro se
Polunsky Unit #1108982
3872 FM 350 S.
Livingstone, Tx      77351

APP. EXIBIT
# 1
PAGE 1 OF 60



NO. 2001-CR-4986-W1

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | 226TH JUDICIAL DISTRICT |
| BRUCE LYNN CHRISTENSEN | § | BEXAR COUNTY, TEXAS |

**ORDER ON APPLICATION FOR POST CONVICTION WRIT**

The Court having been ordered by the Court of Criminal Appeals to resolve the issue contained in an application for a post-conviction writ of habeas corpus as to whether Applicant was denied effective assistance of counsel, hereby **ORDERS** as follows:

1.  That the Clerk forward a copy of the writ application and its attachments to **Hilda Valadez**, Attorney at Law.

2.  That, on or before **September 18, 2006, Hilda Valadez** file, with this court, her written affidavit confirming or denying the allegations of ineffective assistance of counsel, including answering the following questions:

    a.  Did you erroneously advise Applicant that he was charged with ten counts of aggravated sexual assault? Please explain fully.
    b.  Did you advise Applicant to accept a plea bargain that included an offense that he was actually innocent of and had an illegal sentence that was ten years longer than needed for the second degree felony he was charged with? Please explain fully.

    Please also address the other allegations made in the writ application.

    Simultaneously, **Hilda Valadez** shall send a copy of the affidavit to **Bruce Lynn Christensen, TDCJ#1108982** at **W.P. Clements Unit, 264 FM 3478, Huntsville, Texas 77320.**

    Applicant shall have 14 days from the date of filing of trial counsel's affidavit(s), including weekends or holidays, to

file rebuttal affidavits, if any.

After these matters have occurred, I will forward findings to the Court of Criminal Appeals for its disposition of the matter.

Information contained in an affidavit filed pursuant to this order does not represent a violation of the attorney-client privilege. *See* Tex. R. Crim. Evid. 503(d)(3)(stating that communications relevant to issues concerning breach of counsels duty to his client represents an exception to the rule governing attorney-client privilege). **Failure to abide by this order is subject to a charge of contempt.**

SIGNED and ENTERED this ___8th___ day of ___Sept.___, 200_6_.

_____
**JUDGE SID L. HARLE**
226th Judicial District Court
Bexar County, Texas

cc:     **Bruce Lynn Christensen**
        **TDCJ#1108982**
        **W.P. Clements Unit**
        **264 FM 3478**
        **Huntsville, Texas 77320**

33

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| | § | 226TH JUDICIAL DISTRICT |
| | § | |
| | § | |
| BRUCE LYNN CHRISTENSEN | § | OF BEXAR COUNTY, TEXAS |

## AFFIDAVIT

BEFORE ME, the undersigned authority, on this day personally appeared HILDA QUESADA VALADEZ, to me well known and who, by me duly sworn, made the following statements and swore that they were true:

"My name is HILDA QUESADA VALADEZ. I am of sound mind and capable of making this affidavit. I am personally acquainted with the facts herein stated.

"I was defense counsel for the above named Defendant. I have been practicing criminal law since 1987 including eight years as an Assistant Criminal District Attorney. I have reviewed my file and the District Attorney's file before the making of this Affidavit.

"On March 27, 2002, after much trial preparation and negotiations with the District Attorney's Office, Defendant entered a plea of *No Lo Contendere* in District Court Case No. 2001cr4986. The indictment contained Ten Counts with Thirteen different charges. The charges ranged from Aggravated Sexual Assault, Sexual Assault and Indecency with a Child. Three female children were named in the indictment as complaining witnesses. The Indictment alleged that the Thirteen criminal charges started on or about August 31, 1994 through January 10, 2001. Thus age of the child at that particular time determined the reason for different charges. In 1994, the named complaining witnesses were younger than fourteen (14) years of age, but later in January 2001; they were younger than seventeen (17). Also, some of the charges were Indecency with a Child – Contact



APP. EXIBIT
#2
PAGE 3 OF 60

STATE'S
EXHIBIT
2

while others were Aggravated Sexual Assault or Sexual Assault of a Child under Seventeen. Again this had to do with the age of the child at the time of the alleged date.

" I advised my client that the Indictment alleged four (4) Aggravated Sexual Assaults, three (3) Sexual Assault of a Child under Seventeen (17) and six (6) Indecency with a Child – Contact. I also advised my client that the Aggravated Sexual Assault Counts, Sexual Assault Counts and the Indecency with a Child counts all fell under Article 42.12 S 3g of the Code of Criminal Procedure. This section of the Code aggravated the punishment in that he had to serve a minimum of half of the punishment before he would be eligible for parole. I also advised him regarding Deferred Adjudication and or Probation in accordance with said Article of the Code of Criminal Procedure.

"Defendant entered one Plea of No Contest to his Indictment and submitted one Application for Deferred Adjudication under one Cause Number. Defendant knew that he was going to receive only one punishment for the whole indictment. Defendant plead *NO Lo Contendere* to avoid Stacked sentences in the event of Jury convictions. Defendant was advised of the different degrees of charges and punishment within the Indictment, but most importantly that all the Counts fell under the above referenced Article.

"Defendant was aware of the high possibility for Jury Convictions and the likelihood of stacked sentences and thus entered his plea freely and voluntarily. Defendant was advised that the punishment he could receive ranged from Two years to Ninety-nine years or Life or up to Ten years of Deferred Adjudication. Based on the entire Indictment, a plea bargain for a cap of Thirty-five years, which included allowing Defendant to apply for Deferred Adjudication, was accepted by the Defendant. I advised my client of the very slim chance for Deferred Adjudication and prepared him for a prison sentence. At no time did I ever advise Defendant that all the Thirteen charges alleged against him were Aggravated Sexual Assault. He was told that the punishment would be aggravated

in accordance with said Article of the Code of Criminal Procedure."

SIGNED on _Sept 25_, 2006.

_____
HILDA QUESADA VALADEZ
Plaintiff

SUBSCRIBED AND SWORN TO BEFORE ME on _9-25-06_ by _____



_____
Notary Public, State of Texas

LETICIA R. RUSHTON
NOTARY PUBLIC
STATE OF TEXAS
My Commission Exp. 10-17-2008

DUPLICATE

Court Name: TEXAS WESTERN
Division: 5
Receipt Number: 500022927
Cashier ID: dgarci
Transaction Date: 10/28/2013
Payer Name: TDCJ - INMATE TRUST FUND
-----------------------------------
PAPER COPIES
  For: BRUCE CHRISTENSEN
  Amount:        $25.00
-----------------------------------
CHECK
  Check/Money Order Num: 598578
  Amt Tendered:  $25.00
-----------------------------------
Total Due:      $25.00
Total Tendered: $25.00
Change Amt:     $0.00

(COPIES)....

SA-07-CV-1008. BRUCE LYNN
CHRISTENSEN V. DIRECTOR TDCJ/CID
NATHANIEL A. QUARTERMAN.

SA-08-CV-93. BRUCE LYNN CHRISTENSEN
V HILDA QUESADA VALDEZ, ATTORNEY AT
LAW; MARY BETH WELSH, BEXAR COUNTY
ASSISTANT DISTRICT ATTORNEY; ET AL.

Oct. 11, 05

COPT SX #7

APP. EXIBIT
_# 4
PG 7 OF 60

Judge Sid L. Harle
226th Judicial District
Bexar County Courthouse
300 Delorosa St.
San Antonio, TX   78205

RE: Cause No. 2001-CR-4986-W1, Defendents Responce

Dear sir,

　　　Inclosed in my Response to Ms. Valadez's Affidavit, which
I recieved today the 11th due to her have been given an improper
address for me.  Please Dismiss my motion to enforce, and allow
me to file this affidavit in response. I sent all of the PD
police reports that I had t you to be incouled in my momorandum
in support of my application. I have requested that the Disrtict
clerk notify if she had recieved my Memorandum and the attachments
sent the week later. I have had no response from her and she
refuses to give this defendant the most common curtoday even
with the S.A.S.E. inoulded so she has no $ expense to mail the
request Information.  So all I can hope is that the Memorandum
in support of my application andh tohne sent a week late are
a part of the file and have been inculded in ######### this
proces.  Thank you for you time and efforts envloved in this
case.

Repectfully Submited,

Bruce L. Christensen
Clements Unit ###### #1108982
9601 Spur 591
Amarillo, Tx      79107-9696

CAUSE NO. 2001-CR-4966-W1

EX PARTE                              §       IN THE DISTRICT COURT

                                     §       226th JUDICIAL DISTRICT

BRUCE LYNN CHRISTENSEN                §       BEXAR COUNTY, TEXAS

AFFIDAVIT

This affidavit is in response to Hilda Valadex's affidavit recieved by me on the 11th day of October 2006, and make the following statement:

Ms Valadex has once again failed to propperly investegate this case and the indictment and has miss stated the facts.  the indictment charged a total of ten counts with two counts having three paragraphs describing three different ways to commit the same offence.  These counts were commited in 1994 and 1995,and the law in effect at the time would have not allowed these counts to be stacked.She is correct in that there was three witnesses making a complaint, the first witness alleged that the offence occoured in 1994$ 1995, 199__, The indictment describes three offences, with three lesser inoulded offences.  The second witness alleged tha the offence occoured in 1994, the indictment describes one incident, with two different means two commit the offence one being a lessor inoulded charge. The third witness alleged that the offence occoured in 1995, this was also listed as two counts describing one offence.  The first (count # 9) charge is sexmul assault w/child as the victim E was fifteen at the time.  Her birthday was the___day of _____, 1984, as shown on the police reports submitted by the officers called to the her home. Also the affidavit of Detective Melton.  This evidence is in the court record and in applicant's memorendum in support of application for writ.

Defendant did not (was not) advised that the sentences were to run concurrent as shown on the plea bargian, page 108, court record, or that the punishment range begain at TWO years, as it is clearly stated in the court's admonishment and defendant's waivers and affidavit of admonitions, Page 104-106 Court Record, that the punishment range was 5 years to 99 years,

and that all three counts aggravated sexaul assault of a Child Penal Code sec. 22.021 all three counts a first degree felony. Defendant plead to three counts and recieved a thirty year sentence for each one which the court deoied (or as the hearing transcript will show, that the judge assumed that the sentences were to run concurrently and made notation to the rord without comment from Ms. Valadez or Mr. Bunk. see Page # 11, Court Record.

Ms Valadez failed to propper investegate the indictment against the defendant and to advise him of the different charges and the different ranges of punishment of each, nor was she awaer of the possible conquences of allowing the court to stack the sentenees which would have then been anouther aspect of the plead bargain that would have been unattainabls and reason for appeal. There is no reason to allow the defendant to plead guilty to a first degree felony when the charge is a second degree felony and aocept ten years more then allowed by law. At no time did she state that the defendant was to recieve one sentence, fact is the record is olear that the defendant plead guilty and recieved thirty years on each count. See page12 and page____, Court record.

As far as Ms. Valadez's trial prepartion and negotiations with the district Attorney's office, The only reason that the defendant's pretrial time reached fourteen months is that Ms. Valadez did not react propperly when it was relized that the Grand Jury that had indioted him was not paneled propperly. she never even informed him that it happened and the possible stragities possible fact is she did not even show up in court the day (Sept 10, 2001) when the states attorney stated something about needing to look at the indictment. She didnot even begen to negotate untill March 22, 2002 when the defendant had been incoroerated for fourteen months, she took advantage of denendant's situaition and billed the court two seperate fee's for been appointed counsel. She requested the appointment of an investegator which did nothing to investegate defendants case by insteed spent his billable time to a nother defendant of Ms. Valdasz's a Mickel Tucker who was charged with Murder. If the dooket shent (which was not enoluded in the appeal record) would be investegated it would show that she failed to show

40

up to the defendant's court dates, When he ask the court personal about the where abouts of Ms. Valadez, the comment made "oh well thatHilda". When I requested to see the evidence against me she stated taht the district attorny'sopenfile policy was sufficient, but that I was not allowed to handle the file, If I had ●●●●●●●●●●●●●●●●●●●●●●● understood the charges against me and seen the evidence presented, I would not have plead to the plea bargain, as presented. The defendant is not guilty of some of the charges prasented to the indictment. What I thought was child abuse and what the law is are not the same, but $● what i did do was so shameful and bad that I was convinced that what I did was agg. Sexaul assault, even though it was not. The reasons that this happened is not a reason to be granted a Writ. But It does represent that My Plea was not freely giving. But the main fact is Ms. Valadez's statement that theNamed complain witnesses ware younger that fourteen and later 16 in January 2001 were younger than seventeen, is allso not correct Lindsey Groen was fiftnteen when the alleged assault occoured. Thus ages of the child really would have to determine the charge that the defendant was guilty and plea.●● Ms. valadez did in fact advise me to plead guilty to all three charges because she believed that they where all agg. Sexual Assault. Not to have the state agree to not stack the sentences. she was ineffective in her defence of my case.

Respectfully submitted,

Bruce Christensen

## UNSWORN DECLARATION

I, Bruce Christensen, petitioner, ● in the above styled and captioned affidavit do so swear under penalties of purjury that the following statement made in this affidavit are true and correct to the best of my abilities and knowledge, on this the 12th day of October 2006.

Submitted,

Bruce Christensen
Clements #1108982
9501 Spur 591
Amarillo, TX 79107-9696

CAUSE NO. 2001-CR-4986-W1

EX PARTE                        §        IN THE DISTRICT COURT

                               §        226th JUDICIAL DISTRICT

BRUCE LYNN CHRISTENSEN          X        BEXAR COUNTY, TEXAS


## SUPPLEMENTAL AFFIDAVIT

This supplemental Affidavit is to be in response in conjuation with the affidaavit signed on October 12th, 2006. and makes the following statement:

At no time was the defendant advised that the Plea Bargain was to to avoid stacking.  The state offered a sentence of 35 years, period with no other stiplations for the first 13 months of Ms. valdez's fourteen months of trial prepation, and on March 27, 06 the offer changed to $$ a cap of 25 years and to remain sillent of the application for probation.  Never did Ms. valedez suggest that it was best to plead to a first degree  offence when the indictment charged only a second degree offence, or the the punishment range for that offence range was from 2 to 20 years lst alone that the court could sentence me to thirty years on it.  .

She stated that she advised me that there was thirteen counts,(Where I have stated that she advised me that it was for ten counts of agg. Sexaul Assault) but if the indiuctment is investegated properly it will be found that it breaks down to !.  With witness onumber one.  ther is six counts with two containing three parg. eeach that the offences occoured in 1994, 199_, and 2001.  The witness was under the age of 14 in 1994 1999, and over the age of 14 but under that age 1 in 2001.  A total of 6 counts that the defendant could have been convicted.  2.  The second witness alleged that one incident occoured in 1995 and she was under the age of fourteen The indictment was for One count of Agg. Sexaul Assault w/ childkd and the second count was for a lesser charge of indeceny with a child, Defendant could have been convicted of only one count.  #.  The third witness, (lindsey Breen) alleged the incentent occoured in 1999, and is for Sexaul assault and indency with child.  She was over the age of fourteen ant the time of the incident whioh the grand Jury had charged deffendt with bacsuse her birthday was of the___day of _____, 1984.

If Ms. Valadez's states that her trial stragy was to aviod stacking, she nevered informed me, and it appears that she never investageted the law or thew facts involved in this case. (would ask the court to ask Ms. Valdaez to list one witness, either for the defence or the proucution that she interviewed or to list one witness tjat appointed investagoter interview either for the defence or for the proc., Defendant gave her numerest names thet at least could have inverviewed as migating witness at Sentencing, and as the transcript shows I did not know why there was no witnesses or evidance in the defendants favor) but back to the investagation of the case... Count one oroored in 1994, and count seven oooored in 1995. I did not brief it in my Memorandum in support becouse it was not an issue but the c.op. was revised in 1997 to alow the stacking of Sexaul offences that occoured in a criminel epesiode. anfd if the court accoops Ms, Valadez's statements involving the counts and the stacking of them as she states, then I would request to rebrieF my Memoramdum.

or to hold evidenceary hearing so that she may be cross-examined and let it be daloped for the record. Next, Ms. Valadez states that she informed me that all the counts were Aggravated and fell under Article 42.12 Sec. 3g of the C.C.P. Once again she has failed to investagate the record propperly again.... not all the counts that oroocured in 1994 and 1995 are 3g. which she states is e most important part of her advise given to the dafendant.

Ms. Valadez did recommend that this defendant plea to a second degree charge that was infact a second degree, and he did recieve an elegal sentence. She incorrectly states that all the witness were under the age of fourteen at some point during the algeged incedents. She is still contending in her statement that her advise to the defendant was to plea to the charges because the witnesses were all under the age of four-teen at the time of the incedents. The plea agreament and the e admonishments that the defendant signed did not contain any references to the convictions running concurent with each other. .

Ms. Valadez does not answere the second question or address the many other alegations made by the devendant. Like failing to show him the evidence to him that the state had in its file. Failing to answere his question about the case steting that she would be baok, that day she aleo hed her daughter with her and she did cause a ddisturbance causing her to abandon her client with out notice. That she failec to keep any appointment to see the defendant at the jail, and $$ infsovt never visited the jail at all. ECT. ECT..

The court should in its findings of fact and conoulisions of law that Ms. Valadez was in fact ineffective and again recommand that applaents application be granted.

Bruce Lynn Christensen
Clemente Unit #1108982
9601 Spur 591
Amarillo, Texas  79107-9696

UNSWORN DECLARATION

I, Bruce Christensen, being bresently incaroerated in TDCJ-CID, declare under penalty of perjury that the foregoing affidavit is true and corect.

Signed this the 16th day of October, 2006

Bruce Lynn Christensen
W.P. Clemente unit #1108982
9601 Spur 591
Amarillo, Tx  79107-9696

# GENERAL AND SPECIAL LAWS

OF

# THE STATE OF TEXAS

Passed By The

REGULAR SESSION

of the

SEVENTY–THIRD LEGISLATURE

Convened at the

City of Austin, January 12, 1993

and

Adjourned May 31, 1993

Published under the Authority of The State of Texas

JOHN HANNAH, Jr. ------------------- Secretary of State

*The Office of the Secretary of State does not discriminate on the basis of race, color, national origin, sex, religion, age or disability in employment or the provision of services.*

(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.

(c) If a judgment of guilt is reversed, set aside, or vacated, and a new trial ordered, the state may not prosecute in a single criminal action in the new trial any offense not joined in the former prosecution unless evidence to establish probable guilt for that offense was not known to the appropriate prosecuting official at the time the first prosecution commenced.

Sec. 3.03.  SENTENCES FOR OFFENSES ARISING OUT OF SAME CRIMINAL EPISODE.  When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced.  Such sentences shall run concurrently.

Sec. 3.04.  SEVERANCE.  (a) Whenever two or more offenses have been consolidated or joined for trial under Section 3.02 [of this code], the defendant shall have a right to a severance of the offenses.

(b) In the event of severance under this section, the provisions of Section 3.03 [of this code] do not apply, and the court in its discretion may order the sentences to run either concurrently or consecutively.

## TITLE 2.  GENERAL PRINCIPLES OF CRIMINAL RESPONSIBILITY

### CHAPTER 6.  CULPABILITY GENERALLY

Sec. 6.01.- REQUIREMENT OF VOLUNTARY ACT OR OMISSION.  (a) A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession.

(b) Possession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control.

(c) A person who omits to perform an act does not commit an offense unless a law as defined by Section 1.07 [of this code] provides that the omission is an offense or otherwise provides that he has a duty to perform the act.

Sec. 6.02.  REQUIREMENT OF CULPABILITY.  (a) Except as provided in Subsection (b) [of this section], a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b) [of this section], intent, knowledge, or recklessness suffices to establish criminal responsibility.

(d) Culpable mental states are classified according to relative degrees, from highest to lowest, as follows:

(1) intentional;

(2) knowing;

(3) reckless;

(4) criminal negligence.

(e) Proof of a higher degree of culpability than that charged constitutes proof of the culpability charged.

Sec. 6.03.  DEFINITIONS OF CULPABLE MENTAL STATES.  (a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

(b) The prosecuting attorney must negate the existence of an exception in the accusation charging commission of the offense and prove beyond a reasonable doubt that the defendant or defendant's conduct does not fall within the exception.

(c) This section does not affect exceptions applicable to offenses enacted prior to the effective date of this code.

Sec. 2.03. DEFENSE. (a) A defense to prosecution for an offense in this code is so labeled by the phrase: "It is a defense to prosecution . . . ."

(b) The prosecuting attorney is not required to negate the existence of a defense in the accusation charging commission of the offense.

(c) The issue of the existence of a defense is not submitted to the jury unless evidence is admitted supporting the defense.

(d) If the issue of the existence of a defense is submitted to the jury, the court shall charge that a reasonable doubt on the issue requires that the defendant be acquitted.

(e) A ground of defense in a penal law that is not plainly labeled in accordance with this chapter has the procedural and evidentiary consequences of a defense.

Sec. 2.04. AFFIRMATIVE DEFENSE. (a) An affirmative defense in this code is so labeled by the phrase: "It is an affirmative defense to prosecution . . . ."

(b) The prosecuting attorney is not required to negate the existence of an affirmative defense in the accusation charging commission of the offense.

(c) The issue of the existence of an affirmative defense is not submitted to the jury unless evidence is admitted supporting the defense.

(d) If the issue of the existence of an affirmative defense is submitted to the jury, the court shall charge that the defendant must prove the affirmative defense by a preponderance of evidence.

Sec. 2.05. PRESUMPTION. When this code or another penal law establishes a presumption with respect to any fact, it has the following consequences:

(1) if there is sufficient evidence of the facts that give rise to the presumption, the issue of the existence of the presumed fact must be submitted to the jury, unless the court is satisfied that the evidence as a whole clearly precludes a finding beyond a reasonable doubt of the presumed fact; and

(2) if the existence of the presumed fact is submitted to the jury, the court shall charge the jury, in terms of the presumption and the specific element to which it applies, as follows:

(A) that the facts giving rise to the presumption must be proven beyond a reasonable doubt;

(B) that if such facts are proven beyond a reasonable doubt the jury may find that the element of the offense sought to be presumed exists, but it is not bound to so find;

(C) that even though the jury may find the existence of such element, the state must prove beyond a reasonable doubt each of the other elements of the offense charged; and

(D) if the jury has a reasonable doubt as to the existence of a fact or facts giving rise to the presumption, the presumption fails and the jury shall not consider the presumption for any purpose.

## CHAPTER 3. MULTIPLE PROSECUTIONS

Sec. 3.01. DEFINITION. In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2) the offenses are the repeated commission of the same or similar offenses.

Sec. 3.02. CONSOLIDATION AND JOINDER OF PROSECUTIONS. (a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

Sub. Sec. 3.03. Sentences for Offences Arising Out Of Same Criminal Episode

(a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found guilty of more than one offence arising out of the same criminal episode the sentences may run concurrently or consecutively if each sentence is for a conviction of:

(1) an offense:

(A) Under Section 49.07 or 49.08, regardless of whether the accused is convicted of violation of the same section more than once or is convicted of violations of both sections; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violation of the same section more than or is charged with violations of both sections;

(2) an offense:

(A) under Section 33.021 or an offense under Section 21.02, 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victimyounger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or

(B) for which a plea agrement was reached in a case in which the accused was charged with more than one ofense listed in Paragraph (A) committed against a victum younger that 17 years of age at the time of the commission of the violations of the same section more than once or is charged with violations of more than once or is charged with violations of more than one section;

(3)an offense:

(A) under Section 21.15 or 43.26, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections; or

(B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of both sections; or

(4) an offense for which the judgment is the case contains an affirmative finding under Article 42.0197, Code of Criminal Procuder.

48

(b-1)  Subsection  (b)(4)  does not apply to a defendant whose case was tranfered to the court under Section 54.02, Family Code.

1.  Act 1973, 63rd Leg., P. 883 ch 399 §1, eff. Jan. 1, 1974.

2.  Amended by Acts 1993, 73rd Leg., ch900, §1.01, eff. Sept. 1, 1994;

3.  Acts 1995, 74th Leg., ch 596, § 1, eff. Sept. 1, 1995

4. Acts 1997, 75th Leg., ch. 667, § 2, eff. Sept 1, 1997.

5.  Acts 2005, 79th Leg., ch. 527, § 1, eff. Sept. 1, 2005.

6.  Acts 2007, 80th Leg., ch. 593 § 3.47eff. Sept. 1, 2007

7.  acts 2009, 81st Leg., ch. 1130, § 21, eff. Sept. 1, 2008;

1. Acts 1993, 73rd Leg., ch. 900, which ammend the whole Penal Code, made no apparent changes to this section.

2.  Act 1995, 74th Leg., ch. 596 designated subsec. (a), and therein, in the second sentence, substituded "Except as provided by Subsection (b), the "for such"; and added subsec. (b).
Section 2 Acts 1995, 74th Leg., ch 5___, provides:
"(a)  The  change in law made by this Act applies to the joinder of prosecutionsof  offenses  arising  out  of  a single criminal episode only if each off is  committed  on  or  after  the effective date [Sept. 1, 1995] of this act. For purposes of this section, an offense is committed before the effective date  of  this  Act if any element of the offense occures before the effective date.
(b)  The joinder of prosections for offenses arising out of a single criminal episode  if any of the offenses were committed before the changes made by this Act, and the former law is continued in effect for that purpose."

49

## PAROLE & MANDATORY SUPERVISION ELILIBILTY CHART

Offense Date            73rd Legisature            09/01/93 thur 08/28/95

3g Offenses:      1.  Agg. Kidnapping
                  2.  Agg. Sexaul Assault
                  3.  Offenses with Affirmative Finding of Deadly Weapon
                  4.  Indecency With a Child (Sexal Conduct )(a)(1) (a)2 net 39
                  5.  Murder
                  6.  Agg. Robbery
                  7.  Capital Murder

Calender Time = 1/2,  Minimum of 2 Years,  Maximum of 30 Yearss

**All Other Offenses:**

Calender Time + Good Time = 1/4, Inculding work credits and bonus.
Maximum of 15 Years.

**Mandatory Supervision Ineligible List**

                  1.  Capital Mueder
                  2.  Muder, 1st Degree
                  3.  Agg. Kidnapping
                  4.  Agg. Robbery, 2nd Degree
                  5.  Agg. Sexaul Assault
                  6.  Robbery, 2nd Degree
                  7.  Sexual Assault, 2nd Degree
                  8.  Arson, 1st Degree
                  9.  Agg. Assault, 1st &2nd Degree
                 10.  Injury to Child or Elderly, 1st Degree
                 11.  Burglary Punishment under Subsection d(2) or d(3)
                 12.  Offenses with an Affirmative Finding of a Deadly Weapon
                 13.  A Felony increased under Health and Safety code
                      481.134 (Drug Free Zones)

Mandatory Supervision

when Calender time + Good Time ( Inculding work
credits) = Complete Sentence.
   I.E. ① Calender Time = 10 years
        ② Good Time = 10 years
        ③ Work Time = 10 years    Sentence
                      ──────────   Released on
                      30 years     Mand Sup

# Bexar DA's open file policy called 'inferior' by state's defense lawyers

**They can look, but they can't copy prosecution papers.**

---

BY ELIZABETH ALLEN
EXPRESS-NEWS STAFF WRITER

The Tarrant County District Attorney's Office would call Bexar County's Open File Policy progressive — for the 1970s.

The policy governs how much access defense lawyers have to the goods the state has on their clients, and local defense lawyers want to see it changed to better fit, in their view, the meaning of the word "open."

"It's far inferior to almost every other place in Texas," said lawyer Mark Stevens, describing the policy that lets defense lawyers view, but not copy, prosecutors' files. "(Recently) I just spent an hour and a half in an office dictating a file. My secretary is probably going to have to spend seven or eight hours on that transcription."

David Montague, the Tarrant County DA's staff attorney, as well as many defense lawyers, cite two reasons for sharing information — justice is better served when both sides know what's in the state's file, and fewer cases go to trial, thereby saving everyone money.

Although Stevens and other lawyers are quick to note that District Attorney Susan Reed gives them more than the law demands — prosecutors must turn over exculpatory evidence and a few other things — they say the files should be more accessible.

"She lets us look at more than she has to let us look at, I'll acknowledge that," Stevens said. "I just don't see why she doesn't let us make copies."

Reed said she's working on it, but she's in no hurry.

"What can I say? I don't make it as easy as everyone else," she said.

The issue, she said, is mostly a matter of time and expense, but philosophically she's not inclined to help the defense.

"It's going to be costly and personnel-intensive, but I have some things in the works for that," Reed said, adding that defense lawyers already get an information advantage under the current policy.

"They get to know what we've got, like we don't get to know what they've got," she said.

Expense, defense lawyers said, is not an issue.

George Taylor, president of the San Antonio Criminal Defense Lawyers Association, said if Reed would allow a copy machine, defense lawyers would shoulder the cost.

## Trend toward openness

While official legal requirements don't force prosecutors to give defense teams much, the statewide trend is toward openness. Often, district attorneys say they view the gift of access as an advantage to themselves and to the justice system as a whole.

From smaller offices like Comal County to urban Tarrant County, defense lawyers get copies of files, and sometimes even online access.

"We just ask for them to pay for the cost of a CD or a DVD and we'll make a copy for them," said Comal County District Attorney Geoff Barr.

Tarrant County District Attorney Tim Curry began letting defense lawyers see files — without making copies — when he was first elected in 1972, said Montague.

"I think this was a very innovative policy in the '70s," he said.

Montague said the policy evolved to letting defense lawyers have their own copier. Two years ago, Tarrant County moved to a Web-based system that puts files at defense lawyers' electronic fingertips. As in other counties, some documents remain off limits, including trial strategies and certain victim information, he said, but the policy has always been to push for openness.

"We believe that it ensures justice in that kind of absolute sense," Montague said. "But we also believe it's just as important in making the system work efficiently, without a lot of wasted time trying to figure out, what do they have and what are they going to do with it."

One of Reed's former employees, ex-appellate prosecutor Ed Shaughnessy, echoed Montague's "absolute" argument, in terms of being able to fight suspected convictions.

When in the DA's office, Shaughnessy said he had recommended that other prosecutors be more open, rather than less — it made things easier if the case was appealed.

"If you had allegations that the state had withheld evidence, and could put prosecutors up to say, 'We disclosed everything,'" Shaughnessy said, "it's easier to knock down that argument."

## Expedited justice?

Reed has a reputation as a fan of technology. She's aware of the Tarrant County system and has dispatched people to look into it. And she says she'd love to be able to download her office's files onto a disk. But advancing technology is a lonely battle for her office, she said, with little support from Bexar County's information services department.

She also doubts the claim that more access would translate into more plea deals.

But almost every defense lawyer interviewed volunteered that having copies of files would make it easier for them in many cases to persuade clients they should plead instead of going to trial.

Defendants don't always want to believe a lawyer who tells them the state has a rock-solid case, they said. So if a lawyer can show the defendant a copy of the full police report, witness statements, and the sky-high lab results of his blood alcohol test, he or she is more likely to be convinced that a trial is a bad gamble. And that, they say, saves time and money for everyone.

"I've had clients tell me they don't believe what they've got in the file," Stevens said. "The more information I have, the easier it is for me. I'm not on a suicide mission here."

In other cases, the defense might learn something that helps their case — and in a system that is supposed to presume innocence, they argue, that's only fair.

"If you can't honestly show someone everything you've got on them and still convict them, maybe you shouldn't be convicting them," said lawyer Alan Brown.

---

eallen@express-news.net

APP #12
APP EXHIBIT #8
PG 20 OF 60

*The Dallas Morning News*        dallasnews.com

APP
Ex 12A

# TEXAS

=== & Southwest ===

# Judge earns reputation for aggressive approach

## 'Killer Keller' stays tough on death-row inmates, recently denying last-minute appeal

From Wire Reports

AUSTIN, Texas — The path to the nation's busiest death chamber goes through a court of last resort where the presiding judge recently refused to keep her office open past 5 p.m. to accept a last-minute appeal from an inmate about to be executed.

Judge Sharon Keller's tough-on-crime approach has earned her the nickname "Killer Keller," and condemned prisoners in Texas know she is unlikely to spare them from a lethal injection.



Judge Keller, 54, cultivates her reputation, distributing campaign literature showing a shadowy figure behind bars and the headline: "He won't be voting for Judge Sharon Keller."

**Sharon Keller**

Judge Keller is "clearly not the friend of the criminal defendant, and she is active and aggressive in espousing her view of the law, which is very often — almost always — very pleasing to the prosecutors and not to the defense lawyers," said John Wright, a Huntsville defense attorney who has represented death-row clients before the state Court of Criminal Appeals.

On the night Judge Keller refused to keep the court open, lawyers for Michael Richard were attempting to file an appeal based on the Supreme Court's decision just hours earlier to review the constitutionality of lethal injections.

The appeal was filed with the Supreme Court and rejected. However, attorneys said it is unclear whether the court rejected the appeal on merit or because Judge Keller's court had not ruled on it.

Mr. Richard was executed at 9:30 p.m. Sept. 25, the last person to be put to death since the high court agreed to rule.

After Mr. Richard's execution, conservatives praised the judge for treating Mr. Richard like a killer. Civil rights activists vilified her as a cold-blooded jurist who denied a condemned man a final appeal.

Judge Keller, who declined requests from The Associated Press for an interview, was elected as a Republican to the Court of Criminal Appeals in 1994, becoming the first woman on the nine-member panel. Her decisions have made headlines before.

## Tough stance

In 1998, she and four other judges on the court refused to grant a retrial to a man sentenced to 99 years for the rape and murder of a 16-year-old girl. DNA tests determined that semen found on the victim did not belong to Roy Criner.

In her opinion, she speculated that the absence of Mr. Criner's semen may signal "a failure to ejaculate ... or it may establish a condom was used." Judge Keller also noted that the victim was promiscuous.

Fellow Republican Judge Tom Price, who ran against Judge Keller to be the court's presiding judge, said she made the court a "national laughingstock."

Former Gov. George W. Bush pardoned Mr. Criner in 2000.

"Even a conservative governor like George **Bush and his** conservative staff

recognized that this was an obvious miscarriage, a transparent miscarriage that nobody could explain," said Mike Charlton, who represented Mr. Criner.

## 'A principled answer'

Judge Keller grew up in Dallas and served as a prosecutor in the Dallas County district attorney's office, working in the appellate section. Her parents own a Dallas hamburger chain.

Supporters describe her as a soft-spoken, charming woman whose decisions are well reasoned and principled.

In the Criner case "there were a lot of issues that went back and forth," said Rob Kepple, executive director of the Texas District and County Attorneys Association. "She came down on one side of it, but it was a principled answer. ... She's very intellectually honest."

Because judges in Texas are elected, experts say a law-and-order platform is the only way to win.

"What are they going to say? I promise to be soft on crime and let criminals go? No, they're going to say just the opposite, and they do," said Jim Marcus, a professor in the capital punishment clinic at University of Texas School of Law.

The Court of Criminal Appeals has been made up entirely of Republicans since 1994, but some observers believe Judge Keller's anti-crime fervor has been infectious, helping to push the panel farther to the right.

"It's hard not to recognize that this was someone who wanted to chart an agenda," Mr. Charlton said. "And she had more than enough people willing to go along with her."

*April Castro,*
*The Associated Press*



November 4, 2002

Bruce Christensen
TDC# 1108982
Box 38
Huntsville, TX 77344

Re: Appellant's Brief

Dear Mr. Christensen:

Enclosed please find a copy of the Appellate Brief to be filed in your case. Additionally, I have enclosed the United States Supreme Court Case and the State of Texas cases that controls your particular situation. The appellate courts frown upon appeals that are referred to as "frivolous". This is not to say that your case is frivolous to you, but an appeal is not the appropriate venue. There are other avenues you can pursue. You may prepare your own appellate brief, as well, if you believe mine is not satisfactory. Where I believe you have an issue, as reflected in the brief, is that your trial counsel should have pursued the motion to dismiss the indictment, not based on the fact that it was untimely, but that it was from an improper grand jury BEFORE you were reindicted. To do otherwise renders your issue moot. You can pursue this in a Post Conviction Writ of Habeas Corpus that allows you to challenge issues based on constitutional due process violations and ineffectiveness of counsel. You are entitled to review the appellate record of your case, if you do desire to pursue these other avenues. However, my appointment to represent you is completed and you must ask the court for additional appointed counsel or prepare these documents yourself.

Sincerely,

_____

Suzanne Kramer
enclosures



CAUSE NO. 2001-CR- 4986

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | |
| | § | 226 JUDICIAL DISTRICT |
| Bruce Christiansen HQV | § | |
| | § | BEXAR COUNTY, TEXAS |

### COURT'S ADMONISHMENT AND
### DEFENDANT'S WAIVERS AND AFFIDAVIT OF ADMONITIONS

**COURT'S ADMONISHMENTS:**

COUNT I AGGRAVATED SEXUAL ASSAULT OF A CHILD
COUNT VII AGGRAVATED SEXUAL ASSAULT OF A CHILD
Offense: COUNT IX AGGRAVATED SEXUAL ASSAULT OF A CHILD DEGREE F- 1st an 3 counT.
PENAL CODE SEC. 22.021 (Repeater) (Habitual)

You are admonished that if convicted of a Felony the following applies:

### 1. RANGE OF PUNISHMENT

All time is served in Texas Department of Criminal Justice.

_✓_ 5 years to 99 years or Life: Possible fine up to $10,000   ALL THREE COUNTS

_____ 2 years to 20 years: Possible fine up to $10,000

_____ 2 years to 10 years: Possible fine up to $10,000 if the offense occurred on or after September 1, 1994

_____ 2 years to 10 years: Possible fine up to $10,000 or up to 1 year in a Community Correction facility (for offenses committed after August 31, 1989 but before September 1, 1994)

_____ 25 years to 99 years or Life

_____ Other _____

### 2. PLEA BARGAINING

A recommendation of the prosecuting attorney as to punishment is not binding on the Court. The Court may accept or reject any plea bargaining agreement made between the State and the Defendant. If the Court rejects the plea agreement, the Defendant shall be permitted to withdraw the plea of guilty/nolo contendere and no statement or other evidence received during such hearing on the plea of guilty/nolo contendere may be admitted against the Defendant on the issue of guilt or punishment in any subsequent criminal proceeding.

If the punishment assessed does not exceed the punishment recommended by the prosecuting attorney (plea bargain), the trial court must give its permission to appeal any matter in the case except for those matters raised by written motion filed prior to trial and ruled upon by the Court. If a plea bargain is followed, this Court will not give permission to appeal.

## 3. TRIAL RIGHTS

You have a right to trial by jury, cross examination of witnesses and the right to remain silent.

## 4. CITIZENSHIP

If you are not a U.S. citizen, a plea of guilty or nolo contendere may result in deportation, exclusion from admission to this country or denial of naturalization under federal law.

## 5. DEFERRED ADJUDICATION

If the Court defers adjudicating your guilt and places you under community supervision, on violation of any condition you may be arrested and detained as provided by law. You are then entitled to a hearing limited to a determination by the Court of whether to proceed with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After adjudication of guilt, all proceedings including the assessment of punishment and your right to appeal continue as if adjudication of guilt had not been deferred. The Court is also able to assess the full range of punishment.

## 6. SEX OFFENDER REGISTRATION PROGRAM

A plea of GUILTY or NOLO CONTENDERE that results in a conviction or placement on deferred adjudication for an offense under Chapter 62 of the Texas Code of Criminal Procedure will require you to register as a sex offender with local law enforcement officials as required by Chapter 62. You will also be required to report regularly and to obtain or maintain a Texas driver's license or certificate of identification identifying you as a sex offender. Violation of the registration and/or reporting requirements will subject you to additional criminal charges.

**DEFENDANT'S WAIVERS AND AFFIDAVIT OF ADMONITIONS:**

TO THE HONORABLE JUDGE OF SAID COURT:

I, _Bruce Christoffersen_, the Defendant in this cause, having this day appeared in open court with my counsel and having been duly sworn, represent to the Court that I have received a copy of the indictment or information in this cause, that I fully understand its contents; that I know that I am charged with the felony offense of _Agg. Sexual Assault of Child 1Court_ and that I waive formal arraignment and the reading of the charging instrument.

I, the Defendant, hereby enter a plea of GUILTY/NOLO CONTENDERE to this charge.

1. I have had my Constitutional and legal rights explained to me by my attorney, and have decided to waive my Constitutional right of trial by jury and enter this plea before the judge. I hereby request the consent and approval of the State's Attorney and of the Court to my waiver of trial by jury. I further represent to the Court as follows:

2. I am mentally competent now and was legally sane at the time that this offense was committed.

2 .

3. I have not been threatened, coerced or placed in fear by any person to induce me to enter my plea.

4. If I have a plea bargain agreement with the prosecutor, its terms are fully set forth in the attached document. I have received no promise from the prosecutor, my attorney or the Court which are not set forth in that document, and I realize that no one else would be empowered to make me any promises.

5. If I am pleading GUILTY, it is because I am guilty, and for no other reason. If my plea is one of NOLO CONTENDERE, it is because I have considered all aspects of my legal situation and discussed them with my attorney and have determined that the entry of such plea is in my own best interest.

6. If applicable, my attorney has explained to me the requirements and consequences of Chapter 62 of the Texas Code of Criminal Procedure Sex Offender Registration Program.

7. I understand the Courts admonishments as contained in this waiver.

8. I am satisfied with the advice and representation of my attorney in this case.

_____
DEFENDANT

SWORN TO AND SUBSCRIBED ME THIS 27th day of March, 2002

_____
DEPUTY DISTRICT CLERK

    I have counseled with the Defendant in this cause and have concluded that the Defendant has a rational, as well as a factual understanding of both the charge(s) pending and this proceeding. I have explained the law regarding all waivers set forth in this document and am satisfied that in each instance the defendant has voluntarily relinquished a known right. I join in the Defendant's waiver of the right of trial by jury. If applicable, I have explained to my client the requirements and consequences of Chapter 62 of the Texas Code of Criminal Procedure Sex Offender Registration Program.

_____
ATTORNEY FOR DEFENDANT

I consent to and approve the jury waiver in this case.

_____
ASST. CRIM. DISTRICT ATTORNEY

3

I approve the jury waiver and ORDER it filed in the papers of the cause. It plainly appearing that the Defendant is mentally competent; that his waivers have been entered voluntarily, in full knowledge of his rights; that the admonishment of the Court have been understood by the Defendant; that the Defendant's plea has not been induced by improper persuasion; and that the Defendant persist in his plea, the Defendant's plea is now accepted by the Court and the balance of this document is likewise ORDERED filed among the papers of the cause.

SIGNED and ENTERED this _27th_ day of _March_, 20_02_

_____
JUDGE PRESIDING

Record Changed
Judges Sign
(added)

4

CAUSE NO. 20๚CR 4986
## PLEA BARGAIN

. I, the undersigned Defendant, together with my counsel and counsel for the State, agree that in exchange for the Defendant's agreement to plead guilty or nolo contendere, to allow the State to prove its case by means of written stipulations. The State may make recommendations regarding punishment; however, it is understood by all that even in the event the parties agree to recommend specific conditions and terms of community supervision or deferred adjudication or the length of supervision that such recommendations are not part of the formal plea agreement and are not binding on the Court. All parties understand and agree that the terms, conditions and length of supervision of community supervision or deferred adjudication are to be determined and assessed solely within the Court's discretion. It is further understood and agreed by the parties that in the event the Court assessed terms, conditions and or a length of supervision of community supervision or deferred adjudication different from those agreed to by the parties, that such difference shall not constitute grounds for setting aside the Defendant's plea in this cause. If the court grants deferred adjudication, the State does not recommend any term of years as part of the plea agreement. All parties agree that if deferred adjudication is subsequently revoked, Defendant may be sentenced to any term of years within the range of punishment provided by law for this offense.

It is mutually agreed and recommended by the parties:

_✓_ Prosecution to proceed only on Count(s) I, VII, IX ____ Prosecution for lesser included offense of _____

_____ Defendant agrees that he has been previously convicted of one/two or more felonies for enhancement under 12.42 P.C.

_____ Class A Misdemeanor punishment with State jail Felony Conviction under 12.44 P.C.

_✓_ Punishment to be assessed at ___35___ years

_✓_ Fine $___1000___

_____ Affirmative Finding of Deadly Weapon or 3G offense, Defendant not eligible for supervision under CCP 42.12, Sec. 3.

_____ There is no application for community supervision/deferred adjudication.

_✓_ State will make no recommendation of Defendant's deferred adjudication/community supervision application. State reserves right to speak as to factual issues relevant to Defendant's punishment.

_____ State opposes community supervision/deferred adjudication. _____ Concurrent with: _____

_____ State recommends community supervision.

_____ State recommends deferred adjudication.

_____ Causes taken into consideration _____

_____ Restitution to be determined by the Court through the Community Supervision office or $_____

_____ Payable to victim in this cause number only: _____

_____ Payable to victims under: _____

_✓_ Other: NO CONTACT WITH LINDSEY GREEN, RACHEL CHRISTIANER, ROYANNE Szeki

The above terms constitute our agreement, and there are no agreements not set forth above. The Defendant and Counsel request the Court to follow the plea bargain.

_____   _Hilda A. Walde_   _Bucel_
ASSISTANT DISTRICT ATTORNEY         ATTORNEY FOR DEFENDANT         DEFENDANT

NOTE: The parties are not allowed to make binding agreements regarding the length of community supervision or the terms and conditions of community supervision, which are totally dependent upon the Court's discretion. The following recommendations do not constitute part of the formal plea agreement. However, the (State) (both parties) make the following non-binding recommendations:

_____ Community Supervision be granted for _____ years

_____ Restitution Center        _____ Days in Bexar County Jail or State Jail (circle one)

_____ Hours Community Service   _____ Substance abuse treatment facility

_____ Days Electronic Monitoring  _____ Days Community Corrections Facility

_____ No contact with _____

Other Punishment recommendations: _____

# APPLICATION FOR DEFERRED ADJUDICATION OR COMMUNITY SUPERVISION (NON JURY)

THE STATE OF TEXAS     NO. _2001 w 4986_     IN THE 226th DISTRICT COURT

VS.                    OF

_Bruce Lynn Christensen_     BEXAR COUNTY, TEXAS

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes the defendant _Bruce Lynn Christensen_, in the above styled and numbered cause and says that in the event of a plea of guilty or nolo contendere and after the Court receives such plea, hears the evidence and finds it substantiates the defendants guilt, the defendant prays the Court to defer further proceedings without entering an adjudication of guilt and place the defendant on community supervision in accordance with the provisions of Section 5 (a) of Article 42.12, Texas Code of Criminal Procedure.

IN THE ALTERNATIVE, Defendant prays the Court that in the event of his conviction in this case and if his punishment is assessed at a period not exceeding ten (10) years confinement in the Texas Department of Criminal Justice, Institutional Division, or a period in the State Jail Facility, he/she be placed on community supervision under the applicable provisions of Article 42.12, Texas Code of Criminal Procedure.

I acknowledge that, as relates to my application for deferred adjudication, I have been advised by the Court that if adjudication of my guilt is deferred, and I am placed on community supervision, on violation of any condition of community supervision I may be arrested and detained just as any other alleged community supervision violator and I will be entitled to a hearing limited to the determination by the Court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision and defendant's appeal continue as if the adjudication of guilt had not been deferred.

\* _[signature]_

DEFENDANT

7-30 ma

CAUSE NO. 2001-CR-4986

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 226 JUDICIAL DISTRICT |
| | § | |
| Bruce Christofien | § | BEXAR COUNTY, TEXAS |

## WAIVER, CONSENT TO STIPULATION
## OF TESTIMONY AND STIPULATIONS

The Defendant in this cause, being sworn and having read the indictment or had it read to him, advises the Court that he fully understands the charge which is pending against him, and Counsel for the Defendant has explained the Federal and State Constitutional and legal rights possessed by a criminal defendant, including the procedural rights and safeguards afforded by the laws of the State of Texas.

In particular, Counsel has explained and the Defendant understands the privilege against self-incrimination, the confrontation and cross-examination of the witness.

Understanding all these rights, the Defendant knowingly and voluntarily agrees to waive each such right and consents to waive the appearance, confrontation and cross-examination of witnesses against the Defendant; further, the Defendant and his Counsel agree with the Attorney for the State to the introduction of evidence on behalf of the State by affidavits, written statements of witnesses, police reports, laboratory reports and any other documentary evidence which is attached, marked Exhibit Nos. I, VII, IX inclusive, all of which are by this reference made a part of this document. The Defendant, his Counsel and the State's Attorney agree that this evidence is true and correct, that the Defendant is the person referred to by the witness in the attached documents, that if the witnesses testified they would identify the Defendant as the person of whom they speak, and that this document and its attachments may be considered as a part of the Statement of Facts in this case.

I, _Bruce Christiansen_ , do hereby judicially confess and admit, that I

intentionally and knowingly, in Bexar County, Texas on _Or about the_ ,2000,

## COUNT I

31ST day of AUGUST, A.D., 1994, BRUCE CHRISTENSEN, hereinafter referred to as defendant, did then and there intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of ROXANNE SZETTELLA, hereinafter referred to as the complainant, a child, by PLACING THE FINGER OF THE SAID DEFENDANT IN THE FEMALE SEXUAL ORGAN OF THE SAID COMPLAINANT, and THE SAID CHILD WAS THEN YOUNGER THAN FOURTEEN YEARS OF AGE;

## COUNT VII

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present in and to said Court that on or about the 15TH day of JANUARY, A.D., 1995, and anterior to the presentment of this indictment, in the County of Bexar and State of Texas, BRUCE CHRISTENSEN, hereinafter referred to as defendant, did then and there intentionally and knowingly cause the sexual organ of RACHEL CHRISTENSEN, hereinafter referred to as the complainant, a child, to CONTACT the MOUTH, of THE SAID DEFENDANT, and THE SAID CHILD WAS THEN YOUNGER THAN FOURTEEN YEARS OF AGE;

## COUNT IX

And the Grand Jurors aforesaid, upon their oaths aforesaid, do further present in and to said Court that on or about the 23RD day of DECEMBER, A.D., 1999, and anterior to the presentment of this indictment, in the County of Bexar and State of Texas, BRUCE CHRISTENSEN, hereinafter referred to as defendant, did then and there intentionally and knowingly cause the penetration of the FEMALE SEXUAL ORGAN of LINDSAY GREEN, hereinafter referred to as the complainant, a child, by PLACING THE FINGER OF THE SAID DEFENDANT IN THE FEMALE SEXUAL ORGAN OF THE SAID COMPLAINANT;

ASST/CRIMINAL DISTRICT ATTORNEY

2

30

_Bruce Lynn Christensen_, known to me to be the Defendant in the above styled and numbered cause, who, being by me duly sworn, acknowledged that he read or had read to him the foregoing waiver, consent to stipulation of testimony and stipulations, that he fully understands the document, that the recitations of fact in the document are true and correct, that the signature which follows is the Defendant's signature, and that the signature was voluntarily given.

_____
DEFENDANT

SWORN TO BEFORE ME THIS _24th_ DAY OF _March_ _____ 2002

REAGAN E. GREER
CLERK OF THE DISTRICT COURTS
OF BEXAR COUNTY

BY: _____
DEPUTY DISTRICT CLERK

31                              3

62

## CERTIFICATE OF DEFENSE COUNSEL

I am a duly licensed member of the State Bar of Texas. I certify that I have fully explained the rights secured to a Defendant by the Federal and State Constitutions, including the right to be free from self-incrimination, the right to compulsory process, and the rights of confrontation and cross-examination of witnesses. Further, I have discussed the procedural rights and safeguards afforded a criminal defendant by the laws of the State of Texas. Additionally, I have read this Waiver, Consent to Stipulation of Testimony and Stipulations and the attached exhibits and gone over them carefully with the Defendant. It appears to me that the Defendant fully understands these rights and has intelligently and voluntarily waived these rights and entered into these agreements after due deliberation, and so his waivers and agreements are entered into with my advice and consent.

_Hilda A. Valverde_
ATTORNEY FOR DEFENDANT

## APPROVAL OF TRIAL JUDGE

The Defendant having signed the Waiver, Consent to Stipulation of Testimony and Stipulations in open Court and under oath, the Court questioned both the Defendant and his Counsel and thereby became satisfied that the Defendant understands the rights which have been waived and therefore can be truly said to have voluntarily relinquished known rights. The Waiver, Consent to Stipulation of Testimony and Stipulations are approved and ORDERED filed in the papers of the cause.

Signed this _27th_ day of _March_ 2006

_____
JUDGE PRESIDING

4

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711



RE: Writ No. WR-58,369-06
STYLE: CHRISTENSEN, BRUCE LYNN
TRIAL CT NO: 2001CR4986-W2
10/1/2007

On this day, the application for 11.07 Writ of Habeas Corpus has been received and presented to the Court.


Louise Pearson, Clerk


District Clerk Bexar County
Margaret G. Montemayor
100 Dolorosa, Room 362
San Antonio, TX 78205

need
Second Card

OFFICIAL NOTICE FROM COURT OF CRIMINAL APPEALS OF TEXAS
P.O. BOX 12308, CAPITOL STATION, AUSTIN, TEXAS 78711

RE: Writ No. WR-58,369-06
STYLE: CHRISTENSEN, BRUCE LYNN
TRIAL CT NO: 2001CR4986-W2
10/31/2007
This is to advise that the Court has denied without written order
the application for writ of habeas corpus.

Louise Pearson, Clerk

District Clerk Bexar County
Margaret G. Montemayor
100 Dolorosa, Room 362
San Antonio, TX 78205

April 22, 2013

Judge Sid Harle
226th District Court
Bexar County Courthouse
300 Dolorosa St.
San Antonio, Texas 78205

Dear Judge Harle,

I wrote to you in Sept. 2012, and asked if you had a "Working File" on my case. The reason I asked is over the years there are some things that did not make it into the record. For example, the letter that I wrote to you from Bexar County Jail that you took as my notice that I wanted to appeal my case. The PSI used in my sentencing hearing and other things. What I'm looking for specifically is copies of the affidavits sent to you in Sept-Oct. 2006 by your order, one from Ms. Valadez and two from me. The reason that I wrote to you in Sept. was to see if I could find them, but more so, I had read what you were quoted as saying in the newspaper during the Morton Court of Inquiry. You said "Our job is not just to prosecute and win cases, our job is to do justice." You also said, "the allegation against Anderson is that he intentionally and knowingly concealed exculpatory evidence. I personally cannot imagine having been a former prosecutor, a worse stain or tarnish on a prosecutor and a public servants Reputation, his Integity, and his Legacy." There was something else you said about the justice system not being perfect but that is the best we have ... or something to that effect. I still believe to this day in the justice system of our country, at least I'm still trying, but when the system is not balanced properly, things go wrong, which brings me to my case. Things did go wrong but the system tried to correct the mistakes. Your Honor, in the CCP 11.07, it talks about resolving issues, one way is to use your personal recollection. I am asking you to use your personal recollection about those affidavits. When you ordered them you said when you received them you were going to forward everything to the court in Austin. But I believe that when you received them and reviewed them, you saw that Ms. Valadez had done a horrible job on her affidavit, and that I was able to point out many things that she still had wrong. Again I believe that after the affidavits you had "grave doubt" meaning the matter is so "evenly balanced" (even though Ms. Valadez has a presumed deference) as to whether her errors had a substance and injurious effect.... So you then ordered an evidence hearing and appointed counsel.

Your Honor, this is where things get to be a little sticky.  I'm asking if you remember those affidavits (all three) and if my statement about them is correct.  One frivolous item in Ms. Valadez's affidavit was that she used the word arduous.  "after 14 months of arduous trial prep ... and in my affidavit I said she didn't know the meaning of arduous....  Well, Your Honor, if you will look at the record of my habeas corpus you will find that Ms. Valadez's affidavit has been redacted and her mistakes corrected, the word arduous has been changed to "hard work", you might ask why someone might have changed her affidavit when mine is there and it would not make any sense, arguing that she doesn't know the meaning of the word....  Well again looking into the record you will find that the affidavit received and file marked Oct. 23, 2006 and my sup. affidavit are both missing from the file.  I believe that Ms. Welsh, the State's attorney (who had been terminated by the District Attorney's office), did every thing to cover for her friend, Ms. Valadez, and to save her job.  Today, she is still employed by the D.A.  I believe that Ms. Welsh and Ms. Valadez formed a criminal conspiracy with Mr. D. Callahan who were not only work associates, but social cronies, and affectionate friends.  Mr. Callahan appeared to me as a dependable professional attorney with Christian values.  But in fact he ambushed my hearing, his representation was a farce rendering the hearing a sham.  I had a substantial claim of ineffective assistance of counsel.  But he did not call Ms. Valadez to testify, he presented none of the issues that I claimed, such as her advice that the state could stack my sentences.  I will point out two pieces of evidence, one, the P.C. sec. 3.01:  one criminal episode prosecuted in a single criminal action, such sentences SHALL run concurrently.  P.C.eff. Sept. 1, 1994, 73rd LEG.REG.SESSION, Ch. 900, §1.01.  The second piece of evidence was Baker v. State, 107 S.W.3d 469, Court of Appeals unstacked Mr. Baker's sentence because of P.C. 3.01.  Ms. Valadez was the trial attorney that made the plea agreement to stack his sentences, which was illegal, and she didn't know better.

What was their motivation? Careerism?  Peer Pressure?  Absolute desire to win?  Misplaced duty?  Or a warped longing to get the bad guy?  With the collusion between counsel and the prosecution, with Mr. Callahan blocking, I was afforded no opportunity to cross examine Ms. Valadez.  Your Honor, I believe that there are sufficient circumstances amounting to extrinsic fraud that actually deprived me of a hearing on the merits.  Ms. Welsh knowingly used the perjured affidavit but because she knew that Ms. Valadez was ineffective,

she suppressed and withheld material evidence from the court.

Your Honor, I would ask you to hold a "Court of Inquiry" to find if any laws were broken, or if there is sufficient fact and your recollection of these matters, and about the affidavits ring true, to hold a new evidence hearing, and/or to ask the court of criminal appeals to reconsider on its own recognizance or whatever legal solutions that might be available to me.

Your Honor, I would like to thank you for your time in this matter. I had deficient legal help and a state's attorney willing to do anything to win this case. My appeal was ambushed and I believe that the case deserves a closer look. Please do what you can. I understand that you cannot give me legal advise, but please write me back letting me know that you have in fact received this letter and perhaps even the name of an attorney in S.A. that would be willing to help. I already tried to hire one attorney in S.A. and he took my $7,000.00 and then told me what a fine attorney Mr. Callahan is, that he had known him for many years. That was when I learned that the affidavits had been changed and mine were missing. So I keep trying. I will not give up and in the long run I believe I will win.

Very truely yours,


Bruce Christensen
#1108982
Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

# Vincent D. Callahan
## Attorney
Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

November 20, 2006

Bruce L. Christensen TDCJ-ID#1108982
Clements Unit
9601 Spur 591
Amarillo TX 79107-9606

> RE: Application for Post Conviction Writ of Habeas Corpus
> No. WR-58,369-04; Court of Criminal Appeals No. 2001-CR-4986
> 226[th] Judicial District Court, Bexar County, Texas
> Set 12/11/06 at 10 am Magistrate's Court

Dear Mr. Christensen:

I have been appointed to present your claim of ineffective assistance of trial counsel at the above hearing; i.e., that your pleas of no contest were involuntary because your trial lawyer falsely advised you that you had been charged with ten counts of aggravated sexual assault (the Indictment reveals only four counts of same).

If you win on this issue, you will again face trial on the original multi-count indictment. If you elect the judge for sentencing, if any, your punishment could not exceed the 30 years incarceration which you're now concurrently serving (absent any new facts against you not known by the judge on May 2, 2002). If you elect the jury for sentencing, if any, the full range of punishment (5 years to 99 years or life imprisonment) would be available to the jury; the judge could then order any sentences to run consecutively.

Judgment on Count Nine for which you received 30 years concurrent, is void where the maximum punishment for sexual assault is 20 years incarceration. You will prevail on this issue. However, according to Beck v. State, 922 S.W. 2d 181, 182 (Tex. Crim. App. 1996), where the parties plea bargained for an illegal

69

sentence, the appropriate remedy is to return the parties to the positions occupied prior to the plea bargain agreement.  In short, you will again face trial on Count Nine.  But see: Ex parte Montgomery, 571 S.W. 2d 182, 184 (Tex. Crim. App. 1980) the remedy for an excessive sentence on a plea of guilty, with the court assessing punishment, is a remand back to the trial court for assessment of punishment within the legal range.  The prosecutor may argue for a mere reformation of the sentence on Count Nine.

The essential requisite in attacking your pleas of no contest on the ground of ineffective assistance of counsel is a showing (you should testify) that the pleas were unknowing and involuntary.  See: Glaze v. State, 675 S.W. 2d 768, 769 (Tex. Crim. App. 1984).  In Ex parte Smith, 678 S.W. 2d 78, 79 (Tex Crim. App. 1984), where the defendant entered a guilty plea based on an incorrect admonishment of the range of punishment, albeit hereby the court, said plea was not entered voluntarily and knowingly.

The difficulty will be persuading the judicial fact finder that you are speaking truthfully; your then lawyer has indicated to me that she denies telling you that you had 10 counts of aggravated sexual assault.  If the judicial fact finder disbelieves you, you will not prevail.

Regarding my advice:  Think about what is your ultimate reasonable goal in stirring up highly adverse facts which, if believed, suggest that you did receive a bargain for your pleas.

I will see you when you are transferred to the Bexar County Adult Detention Center.  Feel free to write to me.  I will stay in touch.

Sincerely,


Vincent D. Callahan

VDC/ar

11-16-06, disc.

- Hilda Valadez denies writ app.
- Anna will recommend grant writ on ct. nine only for resentence
- plea bargain — cts 1, 7, 9; concurrent, (3-27-02) 35 yrs.; ct. admonished that all 3 cts were F⁺ deg.

- confer — Hilda
  Sid
  Anna
  Terry
  Cheryll McMahon

Nov. 27, 2006

Vincent D. Callahan
Attorney at law
P.O. Box 12141
San Antonio, Tx 78212

APP EXIBIT
— # 16
PG 40 OF 60

Dear Mr. Callahan,

Recieved your letter regarding your appointment and the hearing on the 11th of Dec. and I'm l;ooking forward to meeting you.  If you would please insure that a benchwarrent has been issued and that i'm transfered to San Antonio,as I have seen many times in the past that defendants are still in custody with TDC and not in the city for the hearing. There are things that need to be devloped for the record regarding my attorney's ineffective assostance of counsel.  Also theer are reasons and an "ultimate goal in stirring up highly adverse facts" which I will discuss with you in person, I will say this what I believed I was pleading to and the some of the facts, and even the law which I did not lnow or was not explained to me, are three completely different things.

One thing that i do not find in your statements are the cases like Miller v. State, that I cited in by Meromarandem and other cases that stated that if one part of a plea is not attainable then the entire ples is invalid.  The state wanted and did expect a sentence of atleast 35 years and also Ms Valadez did advise me on atleast one count, & the one that I plead to, that it was a first degree fenloy with a sentence range of 5 to 99, That much is totally obvious from the record. Even from her statement with the record infrount of her she di not correctly break down the counts and charges.

One last thing, there are two witnesses that I would like to be present.  One is the Private Investagoter that was appointed to my case and the other is one of the victums, Lindsey Green, B& her mom is my sister and address is8330 Slippery Rock,,San Antonio 78251, Phone 256-1808, The last I heard Lindasy is a student at UT in Austin, It will probabley that a court order for her to be there, read her statement givin to The Dective, read it like a defence attorn3y and then think of the question that you would ask her, even before the trial....I did not see this statement until even after my appeal to the 4th court of appeals....or more than three-fourths of the file..

VERY TRULY YOURS,

December 4, 2006

Vincent D. Callahan
Attorney at Law
P.O. Box 12141
San Antonio, TX  78212

Dear Mr. Callahan,

     This is to let you know that I feel that my appearing in person is the only way that my right to be heard in a meaningful manner can be accomplished, as Ms Valadaz will appear in person and testify, the court should be able to see my ni person so that the fact finder may see how I act and react in decieding the truth which will come down to he said, she said.  I also feel that I need to be there to convgy the required information to you so that the areas you are not familaure with can be explored and develpoed for the record.  The court's refusing to allow me an opporunty to partipate properly at this hearing would prevent me from presenting my case propperly to the appeal's court.

     So please, you should recieve this on Thur or Friday,with time to make sure that I'm present on Monday.

Very Truly Yours

Bruce Christensen
W.P. Clements #1108982
9601 Spur 591
Amarillo, TX  79107

# Vincent D. Callahan
## Attorney
Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

December 5, 2006

Ms. Lindsey Green
8330 Slippery Rock
San Antonio TX 78251

RE:  Writ Hearing, December 11, 2006 10:00 a.m. in Magistrate's Court
*State v. Bruce Christensen*, No. 2001-CR-4986
226th District Court, Bexar County, Texas

Dear Ms. Green:

I have been appointed to represent Mr. Christensen in the above matter.  You do not have to confer with me.  However, if you wish to recant or withdraw your allegation against Mr. Christensen, as alleged in the Indictment, that he sexually assaulted you on or about December 23, 1999, please either attend said hearing, or inform me or the prosecutor in writing.

Thank you for your attention.

Sincerely,

/S/

Vincent D. Callahan

VDC/ar

Cc:

Yvonne Gonzales
Assistant District Attorney
300 Dolorosa
San Antonio TX 78205

Dec 12,06

APP EXIBIT
# 19
PG 43 OF 60

Dear Mr Callahan,

Just a Quick Note to give som of my thought about the hearing. one I think the State not having Ms Valdez their to Testify in person was wrong and did stop me from fully Developing the Record as to my Invalid Plea and her ineffective assist of Counsel and needs to be further placed in your finding of Fact and Conclusions of law.

also what would it Take to ask the Court for a Second hearing to present witnesses like the investagor and witnesses that were not interviewed by Miss Valadez if this is even possible?

I would like to see something Stating that "Ms Valdez did Not FULLY INVESTAGATE or Explain the LAW or the FACTS OF This CASE TO ME. That She Did NOT Explain The elements of the offenses to me
Which is atleast Evidenced by Court 9.

#2 that The Plea Bargon is unobtainable in part and Therefore Void.

#3 Sexual assault became a 3g offence the 74th legislature with offense Dates of 9-1-95 to 8-31-97 specifics PC Sec 22.001(a)(2)

(also Indecency w/child By Exposour was also Not 3g) ~~strikethrough~~ for Plea Bargain information)

④ Counts 7+8 are in Fact (1) one Incident and only one Conviction is possible and not Stackable. also True for 9+10 (1) one Incident. This Deffenetly needs to be shown as Evidence & her miss Calling me.

and in fact is in the Record.

(5) The CCP was indeed changed in 97 so that Sex offenses against children were stackable even if they occured in the Same Crime Episode. And it is possible that this case could be argued as One Crime Episode. See Baker v State San Antonio Courts, & Kramer Briefed cases unstacked (I do Not have my Notes with me to give the Case cite.)

Please consider this information as you work on your Brief to the Court. I would like to Thank you for all that you have Done, which includes putting up with me, Not only my attitude but the type of crimes involved.

One last thing I am attempting to hire Counsel for a Hearing on a Civil Case - Motion to Compel Discovery involving my Ex wife if you are interested Please let me know, I don't Know if you Do Family Law or Civil, My Ex Wifes attorney has Done Nothing and I mean Nothing Refused to answer letters, Discovery Set Hearing, Ect. Ect. For over a year Now I have been Trying to bring it to an End and while I'm in SA it should be Easier to Do. But Still Mr. Mylert Refuses to Cooperate. Please consider this also Im Sure Money Matter could be worked out as Necessary.

Thank you again for everything.

Very Truly yours,

Bruce Christensen

Vincent Q. Callahan
Attorney at Law
PO Box 12141
San Antonio, TV 78712

Jan 16,07

Dear Mr Callahan

Sir, I have received No Reply to my last letter asking about if the District Attorney office filed its finding of Fact and if they had Served a copy to you, I personaly have Not Received a copy. It has also been almost 30 days since it was due and Judge cruthers(?) should have made his recomendat to judge Houle, If Judge Houle except those findings and and when forwards them to the Court of Criminal appeals I would like a full copy of my 11.07 and attachments that the Cle Sends. (as the order states) the Court adim Failed to comp the last time. On my last letter I reminded you that I did Not recieved a copy of the Courts order remanding it Back (Which you said was in the mail) Fact is I have Received Nothing from anybody ie any order for an Evid hearing, appointma of Counsel ect, I Dont like Being in the Dork and uninfoined about my case. you have reaffirmed my Belief that I can Not Trust you and If I Do Not hea Back from you By Jan 26,07 I will make a Complaint to the State Bar and the Court of Criminal appeals Please Note the New address.

Bruce Christensen

P.S. I noticed that you filed your Response on the 15th one week early and you didn't send me a copy until the 21st. Giving the State 7 Days to Counter your finding and case law. This along with your Failure to keep me informed properly Plus your Failure to request the Witnesses needed to Rebutt Ms Voladay's Statements and the I believe your Surprise that She was not going to be at the Hearing The State pulled a Fast one on you to protect her from being Embarrassed (?) for her Failures.

Feb 1, 07

Dear Mr Callahan,

This to. to Tell you That you can not be Telling the Truth obout the mail being Returned to you of you did your Job in a Timly monner all mail yure have Reached me at Bexon County before I left Jan 9, 07. Six Days ofter the Court clerk forwarded the Sup Record to the Court of Criminal appeals, Once ogoin Im Requesting the Following. All Papers Filed with the Cort

① The Remond order from The Court of Criminal appeals

② order appointing Counsel

③ order for Hearing and Bench Warrent

④ States Exibits #1, 2, 3, 4 filed at the Hearing on Dec 11, 07

⑤ the State's Finding of Fact and Concelusens of L

⑥ the finding of the Moster to Judge Herle.

⑦ The Complete Supp Record filed with the Court of Criminal appeals.

⑧ any Deadlenes and Procedens that Have Bee. Missed or Foiled to File.

⑨ if any motters (any thing) it needs to Be Referred to me, os your Services are Termonated as of Recient of this Letter.

⑫ you need to start listening to your clients, for the Third Time - The witnesses I ask for where Not for Reason of actual Innocence, I have No Idea How you got that Idea. The private Investigator was to Testify about the Investigation of my Case and Would have Substained what I Testified to about Ms Voloday's Failure to interview any witnesses ect ect. If you comply with my Request I will withdraw my complaint with the State Bar, oo far as. attorney - Client Privelege That Take Trust to begin With. So maybe if you quit Holding your Bible in your lap and begin Reading it. might become Real to you.

If any Deadlines or Procedures (Filings, Pleadings, ect) move past without proper actions, And the court Rejects my Writ, I will complain of Ineffective assistance of Counsel in my 2254 So defend away if you Fail to do as I ask. It is Nothing but to be aware of whats happening on my case.    Sencerely    Bruce Vhosl

# Vincent D. Callahan
## Attorney
Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

February 12, 2007

Bruce Christensen #1108982
Byrd Unit
21 FM 247
Huntsville TX 77320

> RE: Application for Post Conviction Writ of Habeas Corpus
> No. WR-58,369-04; Court of Criminal Appeals No. 2001-CR-4986
> 226[th] Judicial District Court, Bexar County, Texas

Dear Mr. Christensen:

I received your letter postmarked 2/2/07.

Under separate cover, I am again sending you copies of:

1. Remand Order of the Texas Court of Criminal Appeals dated 8/30/06;
2. Applicant's Proposed Findings of Fact and Conclusions of Law;
3. State's Proposed Findings of Fact and Conclusions of Law on Applicant's Writ of Habeas Corpus; and
4. Supplemental Order of Criminal Law Magistrate dated 12/21/06.

I do not possess copies of the trial court's file or of the writ hearing transcript which is in possession of the Bexar County District Clerk.

Your case has been properly presented to the Texas Court of Criminal Appeals; when it rules I will immediately send you a copy.

The high court has not ordered me to withdraw from your case.

Bruce Christensen
February 12, 2007

I will stay in touch.

Sincerely,

Vincent D. Callahan

VDC/ar

Cc:

Ms. Marge Churchill, Investigator
Texas State Bar
126 E Nueva, Suite 200
San Antonio TX 78204

Feb. 23, 07



Vincent D. Callahan
P.O.Box 12141
San Antonic, Tx 78212-3404

Dear Mr. Callahan,

I recieved your letter postmarked 2/12/07 Which I just recieved as I have been moved again by TDCJ to Amarillo. Please note the correct address as Clements Unit, 9601 Spur 8θ 591 Amarillo, Tx 79107. As I recieved copies of the four Items your are giong to resend to me, why not just send me the thngs that you di have like the Exhibit NO. 1, 2, 3, & 4 That the state entered into the record and did give you copies that you placed in you folder without letting me see. Also send me the requested procuders and deadlines to them for any writ , memo-oramdum, or motion that could be filed in the high court, because of the Law magistrate's observance (obvisious disragard)for the law and case president. His allowing Hilda's lack of appearance so that the record may have been fully investagated and placed ion the record. Your lack of regard for my request for two witnesses companded the problem, and your statement that there were no favorable witnesses to my actual inconce claim, I ask you who did do interview or intevstagate to come to his con-clusion???? Besically I believe that you were not propperly prapared for the hearing or that you never intended to attempt to q̶o̶i̶* qualify ms Valadaz's ineffective assistance. next, whether or not to remand the entire case or just count 9. The court has said, "you cannot plead to an illegal sentence.... and if it is an neg. plea it can not be disturbed just part of

the bargain See Shannon 708 SW 2d 809, Beck as you cited and simms 808 SW 2d 803. and Adkins 767 SW 2d 809.

I believe that I feel in to the trap that men defendant's do at thier 11.07 hearings the case and other evidence is not propper placed into the record for the high Court to see and review. Hilda out right lied in her afidavted and everybody knows that she did have done everything to procect her, You, the District Attorney, and Judge Crauthers. Any witness from the state's witness list and expecially my own court appointed investegator. Even Hilda could have been called to tesif abut my actual innocence. So I ask you as you are still my attorney, what do I need to do to correct the situtation. Or if I have to re-file anouther 11.07 or wait and appeal the remand to resentence or remand to answere the indictment just for coun 3. Next, if I have to what do i need to lift the time bar on filling My Federal writ 2254. So heres you chance, Act like my attornsy

Sincerly,

Bruce Christensen #1108982
W.P. Clements unit
9601 Spur 591
Amerillo, Tx    79107


Cc:

Ms. Marge Churchill, Investigator
Texas State Bar
126 E. Nueva, Suite 200
San Antonio,      TX   78204

# Vincent D. Callahan
## Attorney
Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

March 7, 2007

Bruce Christianson #1108982
W P Clements Unit
9601 Spur 591
Amarillo TX 70107

RE:   Application for Post Conviction Writ of Habeas Corpus
No. WR-58,369-04; Court of Criminal Appeals No. 2001-CR-4986
226th Judicial District Court, Bexar County, Texas

Dear Mr. Christensen:

I received your letter postmarked 2/28/07. Please find enclosed the Stipulations, Judgment and Indictment.

There is no time limit proscribed for the Texas Court of Criminal Appeals in their consideration of post conviction writ cases.

I deny that I gave you ineffective assistance of counsel at the writ hearing.

I am not authorized to assist you in the presentation of an application for Federal writ of habeas corpus.

When I receive an order from the Texas Court of Criminal Appeals I will immediately let you know.

Sincerely,

Vincent D. Callahan
VDC/ar

85

Feb. 28, 07 March 28, 07

Vincent D. Callahan
Attorney at Law
P.O. Box 12141
San Antonio, TX 78212-3404     T

Dear MR. Callahan,

4     In regards to your letter and my responce.  you stated that you did not possess copies of the court's file or the transcript's but if you will read the order signed by Judge carruthers, it states that a copy of the order, together with any attachments werre to be sent to you from the district clerk.  I would suggest that you get MY COPY from the district clerk and send me a copy of the complete record including the requested exibite submitted by the state and the transcript of the hearing.

I have requested a copy from the district clerk ad frm h the criminal court administrater, M. Barlow with no response from either.

I also have one other question, I thought that nny recommondatio to the court of Criminal Appeals should be through Judge Harle. Something about Judge Cerruthers or a masters holds the hears but the triel court is responsible, I would like to see the trial courts orders appointing you my counseland for Judge Carruthers to hold the hears.  and its acccectance of his recommondations.

I look forward to your answere to these questions.

Sincerly,

Bruce Chrsitensen
W.P. CLEMENTS UNIT #1108982
9601 Spur 591
Amarlillo, Tx 79107

Cc:

Ms. Marge churchill Investigator
Texas State Bar
126 E. Nueve, Suite 200
San Antonio, TX  78204

April 30, 2007

Vincent O. Callahan
Attorney at Law
P.O. Box 12141
San Antonio, Tx   78212

RE: Cause No. 2001-CR-4986-W1


Dear Mr. Callahan,

Inclosed is the copy of the Court's Order dated Jan. 31, 2007.  and a letter from the Court's Chief Deputy Clerk I sent a reply to this leter on April 2, 2007 but have had no word back as to what actiob has been taken if any. Let me give you the time line for what has happened..... The court ruled on Jan. 31,  and mailed me a copy that day, but the clerk made a misteke and inoulded in the envlope a copy of the court's order for AP.75,601, Ex Parte Walsh. I returned tht order and envlpoe to the clerk thry TDC, Major Miller, at the clemente Unit.. On Feb. 28, the clerk sent me the correct copy of the order. on March 9, 07 I mailed a petition for reonsideration En Banc. As you can see from the letter dated march 23, They considered it late On April 2, 07 I mailed the dep. clerk a letter explaining the reason for the late filing with the above dateds,

The reason for the request is that neither court considered the fact that this case was a neg. plea one plea even one sentence, as stated in Ms. Valadez's atatement.  I'm not sure of what your status is at this time with my case, but if you still cinsider your self my attorney then your help would be greatly appricieted.  Also enclosed is case

law for the arguement about Neg. Plea and the remand for the entire

Although the Plea bargain seeemed fair on its face
then it has become unenforceable due to circumstances beyond
control of the applicant or the state, namely the fact that
one of the counts in the indictment (opount) was mischariterized
resulting in an illigal sentence, outside the statutory
range of punishment. Since neither the state nor the trial
court has the authorith to ensure compliance with the sentence,
the properly remendy is to allow applicant to withdraw his
plea and remand the case to the trial court putting both
parties back in their orgisal positions before they entered
into the plea bargain. This plea bargain was illegal and
was apparent on the face of the record and judgement even
before the ink dryed.

This court does not know for sure but has assumed that
applicant would have cont. to believe he was getting a good
deal from the state even if he would have known tht he did
not face a possible sentence of 99 years on one count, who
sto say that he would not ofbjeoted to the recommemended
cap of 35 years on the reminder of charges, applicant was
bargaining for one sentence, the same sentence for all three
charges... see Trial Lawyer's Affidivate Page two, second
paragraph, "Defendant entered one plea of no contest to
his indictment and submitted one application for deferred
adjudication under one cause number. Defendant knew that
he was to recieve only one punishment for the whole indictment."

Specific performance of the plea bargain which was
for the possibility of 35 years cannot be obtained, so the
parties must be returned to their position prior to the
plea of guilty. If the court simply deletes the conviction
for count 9 only, the state would then be bound detrimently
to this aspect of the agreement The decieson of this court
in deleting the finding of guily on count 9 only without
disturbing the remender of the bargain is to adjust the
tenor of "mutal obligation: entered by the parties, this
would create a new bargain not contemplated by the parties
or the trial court The terms of the plea bargain, being

contractual in nature, are left left to the parties to determine
and atgree upon....This court has stated many times that
the court will not disturb the terms of such agreement.
  That this is nierther logicial or fair.  Shannon, 708 S.W.
2d at 852, As recent as Rich ~~194 S.W.~~  194 S.W. 3d 508
this court has ruled that since it was a neg. Plea that
the properl remendy is to remand the entire case to the
trial court placing bouth parties back in their orgianal
position before the Negotiated Plea.  ......


This arguement is in part of my Memerandam included with
the applicantion.  So , Am I just wasting my time here or
you still my attorney representing me on my 11.07 application?


Sincerly Yours,

Bruce Christensen
Lynaugh Unit #1108982
1098 S. Hwy 2037
Ft. Stockton, Tx 79735



PS.  Please Return The enclosed letter from
the Court of Criminal Appeals Clerk.
                          Thank you

# Vincent D. Callahan

## Attorney

Laurel Heights Station
P. O. Box 12141
San Antonio TX 78212-3007
Telephone/Fax: 210-737-3404

May 4, 2007

Bruce Christensen #1108982
Lynaugh Unit
1098 S. Hwy 2037
Fort Stockton TX 79735

> RE: Application for Post Conviction Writ of Habeas Corpus
> No. WR-58,369-04; Court of Criminal Appeals, No. 2001-CR-4986
> 226th Judicial District Court, Bexar County, Texas

Dear Mr. Christensen:

I received your letter postmarked 5/1/07. I had not received a copy of the Per Curiam Opinion dated 1/31/07 which I am returning to you.

When I receive notice of the trial setting, if any, I will immediately let you know. If the State persists in its re-prosecution of Count 9, I will file a motion objecting based on the argument that your original plea agreement has been violation by the State and requesting that the prior judgment on the remaining counts be set aside.

I will confer with the prosecutor with a view to discover the State's intensions in this regard. I will stay in touch.

Sincerely,

Vincent D. Callahan
VDC/ar

CAUSE NO. 2001CR 4986
OFFENSE: SEX ASSAULT-CHILD

THE STATE OF TEXAS

VS.

Bruce L. Christensen

IN THE 226th DISTRICT COURT

OF

BEXAR COUNTY, TEXAS

## MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the State of Texas by and through the Criminal District Attorney, and respectfully requests the Court to dismiss the above entitled and numbered criminal action for the following reason:

- [X] The Defendant was convicted in another ~~other~~ MD count.
- [ ] In custody elsewhere.
- [ ] Old case, no arrest.
- [ ] Missing witness.
- [ ] Request of complaining witness.
- [ ] Motion to suppress granted.
- [ ] Co-Defendant tried, this Defendant testified.
- [ ] Insufficient evidence.
- [ ] Co-Defendant convicted, insufficient evidence as to this Defendant.
- [ ] Case reindicted / refiled.
- [ ] Complaining witness refused to testify.
- [X] Other.

EXPLANATION:

State dismisses Count IX of the Indictment.

Defendant sentenced MD 30 yrs. TDC on Counts I + VII. serving

WHEREFORE, PREMISES CONSIDERED, it is requested that the above entitled and numbered cause be dismissed.

Respectfully submitted,

Assistant Criminal District Attorney
Bexar County, Texas 24028284

## ORDER

The foregoing motion having been presented to me on this the_____day of_____MAY 2 3 2007_____,A.D. 20_____, and the same having been considered, it, is, therefore, ORDERED, ADJUDGED and DECREED that said above entitled and numbered cause be and the same is hereby dismissed.

JUDGE

226th

BEXAR COUNTY, TEXAS_____COURT

June 13, 2007

Vincent D. Callahan
AttorneyatLaw
Laurel Hights Station
P.O.Box12141
SanAntonio,TX 78212-3404

DearMr.Callahan,

Yourlast letter ofMay 4, 2007 stated tha5t you weregoing to inquirewabbut the state's intentsions.  I  have had no response What I want youto do is to file a request for a bench warranr and a motion for a speedy trial, and all so the motion to object based on the violation ofthe prior plea agreement. This needs to be done without any further deyal and no matter the state's intentions....I also need for you to help me with filing a second 11.07 based on the grounds* same grounds, and any others that you can think of. I will wait until the 25th of june to file the 11.07 waiting for your input.  Since it apears that you are still my attorny, the failure to timely acomplish this things will result in a new complant.  I alsoneed information about getting the court toreconsider its descion inblanc. i did file the notioce timily by the clerk refuses to file it. There is no reason for the appeal to have come to a stop like it has. Please I'm asking for the help thatI believe you should help with anyway and some of the things i shouldn't have hadd to ask for or about....

Sincerely,

Bruce Christensen
TDCJ # 1198982
Lynaugh Unit
1098 S. Hwy 2037
Ft. Stockton, Tx 79735

June 5, 2014

APP EXIBIT
#30
PG. 1 OF 14

Donna Kay McKinny
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Tx  78205

Dear Ms McKinny,

   Enclosed is my Second Writ of Mandamus,  please file it and bring it to the attention of the court.  I have Ask Judge to expedite this cause because I have alteady file my application for 11.07 and the record that you forward to the court with the 11.07 will incomplete . I have also forwarded a copy to the other respondants in C/O Criminal District Court Adminstrator. Would you please assure that they are aware of the writ as I have written them at the court house and they have not responded. As you can see I believe that your court record has been compromised by people that the court should be able to trust. We will see.  Thank you for your time on this matter and I'm looking f forward to hearing from you.

Bruce Christensen
Polunsky Unit # 1108982
3872 Fm 350  S.
Livingstone, Tx.   77351

93

| | | |
|---|---|---|
| Bruce Christensen | § | In the District Court |
| Applicant, pro se | § | |
| | § | |
| VS. | § | 226th Judicial District |
| | § | |
| | § | |
| State of Texas | § | Bexar County, Texas |

§§§§§§§§§§§§§§§§§§§§§§§§§

## APPLICATION FOR WRIT OF MNDAMUS

TO THE HONORABLE JUDGE Sid Harle

Now comes, Bruce Christensen, pro se and complaining of the following respondents,Donna McKinney, Bexar County District Clerk Cheryl McMahan, Official Court Reporter of the 226th District court on Nov. 16th, 2006 and present for a hearing on Cause No. 2001-CR-4986-W1, and Roxanne Pena, Official Court Reporter and present for an evidence hearing held on Dec. 11, 2006. Applicant, states that this court has jurisdiction over the subject matter and the parties and ask the court to grant him leave to file this application for Writ of Mandamus. The Applicant is entitled to have a "complete" copy of the record forwarded to the Court Of Criminal Appeals with his Application of 11.07, to Inculd all of the parts requested before the clerks record is prepared. According to TX. R.App.Proc. Rule 34.5, The time for request is any time before the clerk's record is prepared. Any party may file with the trial clerk a written designation specifying items to be inculded in the record. Rule 34.5(b)1. If a relevent item has been omitted from the clerk's record, the trial court appellate Court or any party may by letter direct the court clerk to certify and file the appellate court a supplement containg the omited items. Rule 34.5(c)1

94

If the clerks record is defective or inaccurate the appellant must inform the trial clerk of the defect or inaccuracy and instruct the clerk to make the correction. Rule 34.5(d). XIso even if the appellent was not timely Rule 34.5(b)$4), says "Failure to timely request". An appellant court must not refuse the clerk's record or a supplement clerk's record because of a failure to be inculded in the clerk's record. This action is under the facts of this case, in essence, a mere ministerial act which the respondents have a legal duty to perform. Applicant has properly requested the respondents to preform which they all have refused.

The record is missing revelant items that have been omited and applicant has no other legal remendy available to him other t then this application for mandamus. Applicant Request for the following relief is as follows:

Respondant No. 1

Roxanne F. Pena
Official Court Reporter
Criminal Law Magistrate Court

1. On Dec. 11, 2006, evidence hearing before Judge Carruthers, the State's attorney had you tag Mulit. esibits, one thru seven. The reporters record only shows two exibits #1 and #2. The recordcord speaks of others Such as #5, intered for Identification purposes. Where are Exibits #3 thru #7 ??? I had ask her to research her records and to enter into the record those exibits and to send me copies. Inclosed is a copy of the letter sent to her.

Respondant No. 2

Cheryl McMahan
Official Court Reporter
226th District Court

1. On Nov. 16, 2006 a conference or hearing was held in the 226th district court, Ms. McMahan was present and is responsable for the record. Judge Harle Set a date for the bvidence hearing, appointed counsel, issued a bench warrent and 08h68&88&A608 heard evidence inculding applicant's affidavits, and heard the district attorney's recommendation that count 9 be remanded ded.for resentencing only.and other unknown Issues, that appellant is unaware of. He was never notified of this hearing

by the court or by his court appointed counsel. Applicant request a complete transcript and all exibits and documents used. Applicant request that Ms. McMahan also file an affidavit stating why this transcript and exibits and documents were not inculded in the origianel District's court Records.

Respondance No. # 3

Donna Kay McKinney
Bexar County District Clerk

1. I would request the district Clerk to investagate the offichal court record to see if the record has been tampered with.
   a) The record in in disaray according to the Index, It is possible that the record was not returned to it origianal order when exbits were removed and altered. Also the page count does not reconsial with the number of exibits and items in the index.
   b) Applicants rebuttal afidavits are missing form the record.
   c) Judges orders with exibits is missing 5 pages
   d) Court Transcript for hearing on Dece Nov 11, 2006 is missing.
2. I would request the district Clerk file an affidavit considering the above items stating what was done and what the results af her inversagation are. and any other pertenet information the the court will need to consider with the current record when it is forwardd to them with my 11.07.

3. Inclosed is copies of letters sent to the districk clerk aftecement Which she has refused to respond to.

4. I would request the the District Clerk send me copies of the Docket sheets for both causes, 2001-CR-4986 and also 2001-CR-2632, showing all appearnces and hearings and the final billing submitted by appointed counsels.

WHEREFORE, ALL THINGS CONSIDERED, Applicant prays that this application for Mandamus be granted and that the respondents be ordered to proceed as requested, by law to continue wsith the relief requested. Applicant request the this application for Mandamus be expedied this request as he has filled his application for 11.07 and the court when need this information and records to propperly consider the issues. I would request for any other relief, generaaland special. as applicant may be intitled to.

Respectfully Submitted

Bruce Christensen
Applicant, pro se

## UNSWORN DECARATION

I, Bruce Christensen, Applicant, pro se, in the above styled and captioned cause, do swear under penalties of perjury that the following Application For Writ of Mandamus and the statements contained are true and correct to the best of my abilities and knowledge, on this the 5, day of June, 2014.

Respectfully Submitted,

Bruce Christensen
Applicant, pro se

h

## CERTIFICATE OF SERVICE

_____ I, Bruce Christensen, Applicant, pro se, in the above styled and captioned cause do swear under penalties of perjury that the following Appliction for Writ of Mandamus was placed in the U.S. Mail, post-paid, on the 5th day of June, 2014. To the following

persons: 1) Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Tx.  78205

2) Roxanne F. Pena
Official Court Reporter
C/O Criminal District Court Adminstator
Cadena-Reeves Justice Center
300 Delorosa, Suite 4076
San Antonio, Tx.  78205

3) Cheryl McMahan
Official Court reporter
226th District Court
C/O Criminal District court AdministrATOR
Cadena-Reeves Justice Center
300 Delorosa , Suite 4076
San Antonio, Tx  78205

Respectfully Submitted,

Bruce Christensen
Applicant, pro se

Oct. 02, 2013

Donna McKinney
Bexar County District Clerk
Bexar County Courthouse
300 Dolorosa St. Suite 217
San Antonio, Tx   78205


Enclosed is a writ of Mandamus, please file it and bring it to the attention of the court.  Also inclosed are two envlopes, addressed to Judge Sid Harle and Court reporter, Stiener Lyren, pleaae forward them to there correct Dept.  Thank you for your t time on this matter.

Cause Number 2001CR4936-Supp.W-1

Bruce Christensen
Polunsky Unit #1108982
3874 FM 350 South
Livingstone, Tx 77351

BRUCE CHRISTENSEN

V.

STATE OF TEXAS

§
§
§
§
§
§
§
§

IN THE DISTRICT COURT

226th Judicial District

BEXAR COUNTY, TEXAS

APPLICATION FOR WRIT OF MANDAMUS

TO THE HONORABLE JUDGE SID HARLE

Now comes, Bruce Christensen, Petitioner, Pro Se, and complains of the Bexar County District Clerk, Respondent, and Steiner Lyren, Official court reporter 226th district court, Respondent, moves this court to grant petitioner leave to file this application for writ of mandamus. Therefore respectfully submits the following. Applicant states this court has jurisdiction over the subject matter and the parties. Respondent, Donna McKinney is the Bexar County court Clerk, and respondent Steiner Lyren is the official 226th court reporter.

Petitioner has requested copies of the above cause number and tocertify any missing parts to the record, neither has responded to my request.

Petitioner has no adequat remedy at law other than a Writ of Mandamus as prayed for and has no right to appeal from their refusal to allow petitioner to recieve a complete copy of the record. Petitioner will be denied his procedural rights to due process through the District Clerk's and The Official court court reporter failure to follow the prescribed procedure.

This action sought is under the facts of this case, in essence, a mere ministerial act which the respondents have a legal duty to proform . Applicant has properly requested the respondents to perform which both have refused.

The record is missing a relevant itemsthat have been omitted and I am asking the 226th court reporter is there was a hearing on Oct. 16th, 2006, Then I n4eedsthe transcropt and exhibits admitted. The district Clrek has been ask to certify Supp-W1 with the exibits entered into the record and affidavits stating want is still missing and what has been found.

Wherefore, petitioner prays that leave to file his motion for writ of Mandamus be granted or is the alt. to request the District Clark and the official court reporter to provide petitioner with the needed record by letter from the court, and if they fail to respond then grant the writ.

I, Bruce Christensen, Petitioner, PRO Se, in the qbove styled and captioned cquse do so swear under penalties of prejury that the following statements made in the petioion for Writ of Mandamus are true and correct to the best of my abilities and knowledge, On this the 2nd day of Oct. 2013.

Icertify that a true copy of the above was served on each patty, by U.S. Mail in according with Texas Rules Of Civil Proc. on Oct. 3, 20013

Bruce Christanson
Petitioner, pro se
Polunsky Unit #1108982
3874 FM 350 South
Livingstone, Tx 77351

October 23, 2013

Mr. Bruce Christensen
Polunsky Unit #1108982
3874 FM 350 South
Livingstone, TX   77351

Re:  Trial Court Number 2001-CR-4986-SPP. W1, Bruce
     Christensen vs. The State of Texas

Dear Mr. Christensen:

On October 15 I received correspondence from the Bexar County
District Clerk regarding your request in the above-styled cause.
After conferring with the clerk in the 226th District Court and
reviewing the D page of your case, we determined that I was not
present and did not report any of the hearings in this matter.
In fact, two other reporters are listed on the D page, Cheryl
McMahan and Roxie Pena.  I'm sure you've been in touch with
them, and if you have not, their addresses will be available
through the office of Criminal Court Administration in Bexar
County.

I apologize for the delay in responding to you.  I first got
notice of your letter on October 15, on my way to the airport
for a long-planned trip, and just got home on October 22.

                    Sincerely,

                    Cheryl A. Lyren

CC:  Donna McKinney
     Bexar County District Clerk

     Clerk of the 226th District Court

4411 Keegans
Woods Dr
78254

Nov. 12, 2001

Donna Kay McKinney
Bexar County District Clerk
Attn. Alice S. Gonzales
Supervisor, Criminal Filing
101 W. Nueva, Suite 217
San Antonio, Texas 78205

RE:2001-CR-4986-W1- Supp.

Dear Ms. Gonzales,

Thank you for sending the complete record, but I believe there is some cofusion about what I need. It pertains to W1-Supp only. Parts of the record have been removed, and one affidavit has been changed. First, It seems to me that the record is out of order, that is according to the Index. Second, Ms. Valadex's affidavit is the one that has been changed, ib three places. Just a few words where she had made mistakes in the orgianal. Third, two of my affidavits have been removed from the record. The first one is in the Index listed as Christensen's rebuttal., The second one is int thewDntry of the judges' orders with exibits. Both were three pages and the reason they were removed was because they argued points of the mistakes in her afidavit.

Now what I need, and I am not sbre what it is that you can do, but I need the district clerk office to investagate if parts of the record are missing and assist me in trying to find the affidavites (I do have copies that I filed in the Fed. Court In San Antonio as part of my 2254.) I also need some sort a statement saying what happened and what was done, like the dist. Attorneys office agreed to place my copied into the record. Also Judge Harle signed and subbmitted the orded and exibits, If you would help me find out if there was a hearing on Nov, 16,2006, and if the Judge still might have copies or the court reporter who was here

There at that time. I do not know who that would be because if there was a hearing there is no transcript in the record. I know that I'm asking a lot, but the Court of Crim. Appeals was not able to consider the complete record. Sometthing esle efl of this happened between Nov. 16, 2006 and Dec. 11th, 2006. Is there a record of who had access to the records at that time.

Ms Gonzales, I am asking please help me with thés problem. I will locking forward to hear from you again and i would like to thank you for the time considering this problem.

Sincerly,

Bruce L. Christensen
Polunsky Unit #1108982
3872 FM 350 South
Livingstone, Tx 77351

May 19, 2014

Roxanne F. Pena
Official Court Reporter
Bexar County Courthouse
100 Dolorosa Street
Criminal Law Magistrate Court
San Antonio, Tx    78205

Dear Ms. Pena,

This is in reference to 2001-CR-4986-W1, Ex Parte Bruce K. Christensen, hearing held on 11, Dec. 2006 before Judge Carruthers with you as the reporter. Ms. Welsh the state's attorney had you tag mult, exibits one though seven... the reporters record only shows two offered and at lest one was intreed for Idenification purposes State's Exibit #5, Page 24, line 14....Exibits 6 & 7 are the reporter's record of the plea and sentencing.  Where is Exibit #4??? What is Exibit #4????? I filed a writ of mandamus to recieve a complete copy of the record which the district clerk complied with.  I need you to resurch your record's and send me copies of Exibits #4, #5, #6, and #7.

I look forward to hearing from you, as soon as possible as I have filed anseccesive writ for the court to hear evidence of missing parts of therrecord and other issues.

Bruce Christensen
Polunsky Unit #1108982
3872 FM 350 S.
Livingstone, Tx   77351

June 5, 2014

Criminal District Court Administartor
Cadena-Reeves Justice Center
300 Delorosa, Suite 4076
San Antonio, Tx   78205

Dear Court Adminstrator,

Inclosed is a copy of the Writ of Mandamus filled with the court.  I have written them at the court house and they have not responded.  Would you please notify them of the writ by forward ing them copies and in person if posible.  I understand the neither is working at the court house anymore, but are they still mesp- oble for the records that they took?  Please let me know if you are the correct person to contact and if not then who.  Thank you for your time on this matter, I'm am looking forward to hear- ing from you.

Bruce Christensen
Polunsky Unit   #1108982
3872 FM 350 S.
Livingstone, tx   77351

May 19, 2014

Vincent D. Callhan
Attorny at law
P.O. Box 12141
San Antonio, Texas   78212-9998

Dear Mr. Callhahan,

This is in reference to 2001-CR-4986-W1 Ex Patre Bruce Christensen, hearing held Dec. 11,2006 where you were my court appointed attorny for that hearing.  It this time I would request a copy of your complete file con this case, inculding all investagative notes and corspondence and any interviews conducted, including with Ms Valadez and the state's attorney. I also need an affidavit as to the reasons you failed to argue my facts and consti conclusions of law presented in my brief, and why Ms Valadaz was nbo called regarding by the defence.  Please inculed in your affidavit your relationship with Ms. Valadez, and Ms Welsh. Please state if you were aware of my affidavits presented to the court in rebuttal to ms Valadez and if so why you did not in jonterthem into the evidence at the hearing or at lest at be asured that they were inculded in the record.  You are released of your abtorney-client privilige, as I have filed an 11.07 for Ineffective assistance of counsel under Martinez v. Ryan, 566 U.S. 1,____, and Trevino v. Thaler No.11-10189.   I look forward to hearing from you soon.  In fifteen days I will make a complaiht to the state bar for your failure to respond and to the court for mandamus to  recieve those files and your affidavit.

Bruce Christensen
Polunsky Unit, #1108982
3872 FM 350 South
Livingstone, Tx    77351

June 9, 2014

Donna Kay McKinny
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Tx 78205

Dear Ms. McKinny,

Enclosed is my Petition for an Evidetary Hearing and a Bench Warrant. Please file it and notify the court. Attached is 30 Exibits totalling 74 pages. I've requested a check to be sent to you in the amount of $38.50 for a complete copy of this file. Also I have sent a copy of just the Petition to Judge Harle of the 226th District and to the District Attorney's Office To the attn. of Rico Valdez, appellate Division.. Thank you for your time on this matter..

Respectfully Submitted,

Bruce Christensen
Polunsky Unit #1108982
3872 FM 350 S.
Livingstone, Tx 77351



FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2014 JUN 12 P 3: 13
BY: _____ DEPUTY

Bruce Christensen
Polunsky #1108782
3872 FM 350 S.
Livingston, TX 77351

BY: _____
DEPUTY

Donna Kay McKinney
Bexar County District Clerk
101 Nueva, Suite 217
San Antonio, TX 78205



Copy

**NO. 2001CR4986-W3**

| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | 226TH JUDICIAL DISTRICT |
| BRUCE LYNN CHRISTENSEN | § | BEXAR COUNTY, TEXAS |

## O R D E R

Applicant, Bruce Christensen, has filed a *pro se* application for post-conviction writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure, collaterally attacking his conviction in cause number 2001CR4986. (Vernon 2000).

## HISTORY OF THE CASE

On or about April 22, 2002, Applicant pled **nolo contendere** pursuant to a plea bargain agreement to three (3) counts of aggravated sexual assault. The court assessed punishment at thirty (30) years in the Texas Department of Criminal Justice - Institutional Division. A Notice of Appeal was filed on May 2, 2002. The Fourth Court of Appeals affirmed the judgment of the trial court in No. 04-02-00397-CR. Applicant filed this application for writ of habeas corpus on May 7, 2014. A copy of this application was received by the District Attorney on May 27, 2014.

## ALLEGATIONS OF APPLICANT

1. In Applicant's first ground for relief, Applicant alleges "Ineffective assistance of counsel - Court appointed Habeas Counsel." Specifically, Applicant contends that the court stated that he had alleged sufficient facts regarding counsel's performance, if true might be entitled to relief. He had demonstrated that his claim of ineffective assistance of counsel at trial was a "substantial one." The trial court appointed counsel and held a hearing. Appointed habeas counsel then impeded and obstructed in presenting Applicant's claim by: refusing to call any witnesses to testify, including trail counsel, court-appointed investigator, as well as other witnesses; refusing to present any of Applicant's alleged charges and facts of ineffectiveness presented in his pro se brief; refusing to present any of Applicant's statements of facts and law; refusing to correct the false impression of trial counsel's credibility when Applicant brought to his attention that Ms. Valadez needed to testify and not by affidavit; and refusing to use Applicant's plausible and sound strategy that possessed sufficient substance to be viable argument. Habeas counsel refused to follow the above items because counsel was inherently in conflict with his client's interest, not his lack of competence, but his misplaced desire, as he stated to

Applicant "not to open a can of worms." Habeas counsel placed himself in a situation that he was required to make choices between advancing his client's interest in a fair hearing or advance other interest to the detriment of his client. Counsel made that choice -- to advance those other interests, the protection of Ms. Valadez' reputation and her livelihood. What was in counsel's best interest was to call Ms. Valadez and the other witnesses to the stand and aggressively cross-examine her actions such as trial preparation, legal advice given and trial strategy (or lack thereof). But because of his relationship with trial counsel, he would have been "greatly chilled in that cross" or as here, unable to cross examine. In Applicant's second writ, the court found that habeas counsel was effective and the CCA denied relief w/o written order. The Court, in fact, had no reason to review because under then current Texas and Fifth Circuit precedent, patently unfair though it might be, the reality facing a convicted Texas criminal defendant is that neither a negligent failure or even malicious refusal to present a potentially meritorious claim or even gross incompetence is the course of the defendant's state habeas proceeding, effectively precludes habeas review of that claim. At the time of Applicant's evidence hearing, a state habeas petitioner possessed no right to effective habeas counsel on any issues presented. Applicant made every effort to present to the court

his complaint about the performance of his habeas counsel before the hearing. Habeas counsel was aware of his actions and his desired outcome; he knew he would suffer no legal consequences for his failure to properly plead and prove Applicant's ineffective of counsel claim. The proposed finding of facts and law submitted by Habeas counsel was so poorly done that a first time jailhouse lawyer could have done a better job. Allowing the courts to consider the incomplete record, that is, his client's affidavits, to be removed from the record and other parts altered show his planned intentions. The new rule allows an exception to show cause on an ineffective assistance of counsel and Texas should look at it first.

2. In Applicant's second ground for relief, Applicant alleges "Trial court and the Court of Criminal Appeals reviewed an incomplete record; the official court record had been altered and parts removed and destroyed." Specifically, Applicant alleges that:

a) Trial counsel's affidavit altered and replaced in the record

b) Applicant's affidavit removed from the official court record.

c) Applicant's Supp. Affidavit missing from the official court record;

d) Trial judge entered into the record "Exhibits" missing from the court record.

Applicant contends the above documents were/are missing, removed, and or destroyed from the official court record and not considered by the court in its decision making of the merits of the case. Applicant has tried to find and replace missing parts of the record contacting the District Clerk and court reporters. Applicant found Items number 3 and 4 in the record of his :2254 filed in the U.S. District Court in San Antonio, Tx. The court should hold a hearing so that items 3 and 4 can be entered into the record and items 1 and 4 can be properly investigated and the findings entered into the record.

3. In Applicant's third ground for relief, Applicant alleges "State's violation of the plea agreement/State's improper modification of defendant's judgment of sentence." Specifically, Applicant alleges that the provisions of Applicant's plea agreement became unenforceable due to one provision being illegal and void sentence. The Court of Criminal Appeals sending the defendant back to answer the indictment on count nine only was improper. The court has stated many times "when only one of the sentencing elements is void, the judgment is rendered void only if the judgment cannot be reformed to cure the infirmity, i.e., the infirmity cannot be

113

cured without resorting to resentencing. The defendant should have been allowed to withdraw his "one Plea" and to return both parties back to their original positions before the plea. By remanding only count nine, the court placed the defendant in a position that he might face adverse collateral consequences from potential new sentencing, and by becoming a separate hearing/trial, the defendant losses all bargaining issues he had when plea bargaining with the full indictment. Now the state has no reason to offer less than the max 20 years and the court, now as a new separate proceeding, has the ability to stack this new sentence on the prior sentence, something that the trial court did not have the ability to do in the first hearing. The trial court stated that it did not have jurisdiction to consider this ground as Applicant should have presented it in his first writ. Habeas counsel did in fact touch this issue in short form in his proposed finding of facts, inartfully and incomplete that it was, second how would the defendant know what actions the Court of Criminal Appeals would take before their decision was made. The court did not consider this issue on the merits and should do so now.

4. In Applicant's fourth ground for relief, Applicant alleges "Trial court's failure to allow defendant to fully participate in Applicant's first 11.07 habeas evidence hearing."

114

Specifically, Applicant alleges that the court refused to allow defendant to have his restraints adjusted to allow him to have full access to his legal notes and to be able to freely confer and assist his habeas counsel. As defendant was asking the court for this assistance, court appointed habeas sat by doing nothing, refusing to assist him with this action as it became apparent that he did not want him to be able to access his notes and take part in his own defense. The method that defendant was restrained caused him to be inhibited and discouraged from taking part in presenting his case not only by the court by his own counsel.

## FINDINGS OF FACT

1. On or about April 22, 2002, Applicant pled **nolo contendere** pursuant to a plea bargain agreement to three (3) counts of aggravated sexual assault. The court assessed punishment at thirty (30) years in the Texas Department of Criminal Justice - Institutional Division. A Notice of Appeal was filed on May 2, 2002. The Fourth Court of Appeals affirmed the judgment of the trial court in No. 04-02-00397-CR.

2. Applicant filed a previous writ of habeas corpus on November 28, 2005 alleging that he pled no contest to Count IX of the indictment, which actually alleged sexual assault in which case he should have been sentenced to two (2) to twenty (20) years

for sexual assault but was instead sentenced to thirty years for aggravated sexual assault. Additionally, Applicant alleged ineffective assistance of counsel.

3. Pursuant to the Court of Criminal Appeal's order, a hearing was held in the trial court. By mandate issued January 31, 2007, the Court of Criminal Appeals granted relief in part and ordered that the judgment, as it related to Count IX of the indictment, be set aside and that Applicant be remanded to answer the charges against him (AP-75,602).

4. On May 23, 2007, the Court granted the State's Motion to Dismiss Count IX of the indictment.

5. Grounds One, Three and Four of this instant writ were previously raised by Applicant in his second writ.

6. With regard to Ground Two in this instant writ, Applicant does not state or show that said current claim was unavailable at the time he filed his previous writ application.

## CONCLUSIONS OF LAW

1. This third writ application is a subsequent application and cannot be considered as it challenges the same conviction as his prior writ. Tex. Crim. Proc. Code §11.07(4)(Vernon 2012).

116

2. This Court finds that Applicant is precluded from bringing this third writ application based upon the subsequent writ provision in Tex.Code Crim. Proc. Art. 11.07 § 4(a)-(c) (Vernon 2012). The current claims and issues either were or could have been presented previously in his prior writ application.

3. Therefore, it is recommended that this application be **DISMISSED**.

# O R D E R S

The District Clerk of Bexar County, Texas, is ordered to prepare a copy of this document, together with any attachments and forward the same to the following persons by mail or the most practical means:

a.   The Court of Criminal Appeals
     Austin, Texas 78711

b.   Susan D. Reed
     Criminal District Attorney
     Paul Elizondo Tower
     Bexar County, Texas   78205

c.   **BRUCE LYNN CHRISTENSEN**
     **TDCJ #1108982**
     **Polunsky Unit**
     **3872 FM 350 S**
     **Livingston TX   77351**

SIGNED, ORDERED and DECREED ON ____JUN 1 3 2014_____.

_____

**JUDGE SID HARLE**
226TH Judicial District Court
Bexar County, Texas

Bruce Christensen §      In the District Court
     Applicant, pro se §
               §
VS.               §      226th Judicial District
               §
               §
State of Texas         §      Bexar County, Texas

§§§§§§§§§§§§§§§§§§§§§§§§

## APPLICATION FOR WRIT OF MNDAMUS

TO THE HONORABLE JUDGE Sid Harle

Now comes, Bruce Christensen, pro se and complaining of the following respondents,Donna McKinney, Bexar County District Clerk Cheryl McMahan, Official Court Reporter of the 226th District court on Nov. 16th, 2006 and present for a hearing on Cause No. 2001-CR-4986-W1, and Roxanne Pena, Official Court Reporter and present for an evidence hearing held on Dec. 11, 2006. Applicant, states that this court has jurisdiction over the subject matter and the parties and ask the court to grant him leave to file this application for Writ of Mandamus. The Applicant is entitled to have a "complete" copy of the record forwarded to the Court Of Criminal Appeals with his Application of 11.07, to Inculd all of the parts requested before the clerks record is prepared. According to TX. R.App.Proc. Rule 34.5, The time for request is any time before the clerk's record is prepared. Any party may file with the trial clerk a written designation specifying items to be inculded in the record. Rule 34.5(b)1. If a relevent item has been omitted from the clerk's record, the trial court appellate Court or any party may by letter direct the court clerk to certify and file the appe ellate court a supplement containg the omited items. Rule 34.5(c)1

If the clerks record is defective or inaccurate the appellant must inform the trial clerk of the defect or inaccuracy and instruct the clerk to make the correction. Rule 34.5(d). Also even if the appellent was not timely Rule 34.5(b)4), says "Failure to timely request". An appellant court must not refuse the clerk's record or a supplement clerk's record because of a failure to be inculded in the clerk's record. This action is under the facts of this case, in essence, a mere ministerial act which the respondents have a legal duty to perform. Applicant has properly requested the respondents to preform which they all have refused.

The record is missing revelant items that have been omited and applicant has no other legal remendy available to him other t then this application for mandamus. Applicant Request for the following relief is as follows:

Respondant No. 1

Roxanne F. Pena
Official Court Reporter
Criminal Law Magistrate Court

1. On Dec. 11, 2006, evidence hearing before Judge Carruthers, the State's attorney had you tag Mulit. exibits, one thru seven. The reporters record only shows two exibits #1 and #2. The recordcord speaks of others Such as #5, intered for Identification purposes. Where are Exibits #3 thru #7 ??? I had ask her to research her records and to enter into the record those exibits and to send me copies. Inclosed is a copy of the letter sent to her.

Respondant No. 2

Cheryl McMahan
Official Court Reporter
226th District Court

1. On Nov. 16, 2006 a conference or hearing was held in the 226th district court, Ms. McMahan was present and is responsable for the record. Judge Harle Set a date for the bvidence hearing, appointed counsel, issued a bench warrent and otherothers heard evidence inculding applicant's affidavits, and heard the district attorney's recommendation that count 9 be remanded.for resentencing only.and other unknown Issues, that appellant is unaware of. He was never notified of this hearing

by the court or by his court appointed counsel. Applicant request a complete transcript and all exibits and documents used. Applicant request that Ms. McMahan also file an affidavit stating why this transcript and exibits and documents were not inculded in the origianel District's court Records.

Respondance No. # 3

Donna Kay McKinney
Bexar County District Clerk

1. I would request the district Clerk to investagate the officaal court record to see if the record has been tampered with.
    a) The record in in disaray according to the Index, It is possible that the record was not returned to it origianal order when exbits were removed and altered. Also the page count does not reconsial with the number of exibits and items in the index.
    b) Applicants rebuttal afidavits are missing foom the record.
    c) Judges orders with exibits is missing 5 pages
    d) Court Transcript for hearing on ▓▓▓ Nov 11, 2006 is missing.

2. I would request the district Clerk file an affidavit considering the above items stating what was done and what the results af her inversagation are. and any other pertenet information the the court will need to consider with the current record when it is forwardéd to them with my 11.07.

3. Inclosed is copies of letters sent to the districk clerk ▓▓▓▓▓▓ Which she has refused to respond to.

4. I would request the the District Clerk send me copies of the Docket sheets for both causes, 2001-CR-4986 and also 2001-CR-2632, showing all appearnces and hearings and the final billing submited by appointed counsels.

WHEREFORE, ALL THINGS CONSIDERED, Applicant prays that this application for Mandamus be granted and that the respondents be ordered to proceed as requested, by law to continue wsith the relief requested. Applicant request the this application for Mandamus be _expedie_ this request as he has filled his application for 11.07 and the court when need this information and records to propperly consider the issues. I would request for any other relief, generiäland special. as applicant may be intitled to.

Respectfully Submitted

Bruce Christensen
Applicant, pro se

## UNSWORN DECARATION

I, Bruce Christensen, Applicant, pro se, in the above styled and captioned cause, do swear under penalties of perjury that the following Application For Writ of Mandamus and the statements contained are true and correct to the best of my abilities and knowledge, on this the 5, day of June, 2014.

Respectfully Submitted,

Bruce Christensen
Applicant, pro se

h

## CERTIFICATE OF SERVICE

_____ I, Bruce Christensen, Applicant, pro se, in the above styled and captioned cause do swear under penalties of perjury that the following Appliction for Writ of Mandamus was placed in the U.S. Mail, post-paid, on the 5th day of June, 2014. To the following persons:

1) Donna Kay McKinney
   Bexar County District Clerk
   101 W. Nueva, Suite 217
   San Antonio, Tx. 78205

2) Roxanne F. Pena
   Odficial Court Reporter
   C/O Criminal District Court Adminstator
   Cadena-Reeves Justice Center
   300 Delorosa, Suite 4076
   San Antonio, Tx. 78205

3) Cheryl McMahan
   Official Court reporter
   226th District Court
   C/O Criminal Sistrict court Admministrator
   Cadena-Reeves Diatice Center
   300 Delorosa , Suite 4076
   San Antonio, Tx 78205

Respectfully Submitted,

Bruce Christensen
Applicant, pro se

June 5, 2014

Criminal District Court Administartor
Cadena-Reeves Justice Center
300 Delorosa, Suite 4076
San Antonio, Tx   78205

Dear Court Adminstrator,

Inclosed is a copy of the Writ of Mandamus filled with the court.  I have written them at the court house and they have not responded.  Would you please notify them of the writ by forward ing them copies and in person if posible.  I understand the neither is working at the court house anymore, but are they still nesp- oble for the records that they took?  Please let me know if you are the correct person to contact and if not then who.  Thank you for your time on this matter, a'm am looking forward to hear- ing from you.

Bruce Christensen
Polunsky Unit   #1108982
3872 FM 350 S.
Livingstone, tx   77351

123

June 5, 2014

Criminal District Court Administartor
Cadena-Reeves Justice Center
300 Delorosa, Suite 4076
San Antonio, Tx   78205

Dear Court Adminstrator,

Inclosed is a copy of the Writ of Mandamus filled with the court. I have written them at the court house and they have not responded. Would you please notify them of the writ by forward ing them copies and in person if posible. I understand the neither is working at the court house anymore, but are they still resp- oble for the records that they took? Please let me know if you are the correct person to contact and if not then who. Thank you for your time on this matter, I'm am looking forward to hear- ing from you.

Bruce Christensen
Polunsky Unit   #1108982
3872 FM 350 S.
Livingstone, tx   77351

Bruce Christensen
Polunsky #1108982
3872 FM 350 S.
Livingstone, Tx   77351



NORTH HOUSTON TX 373

06 JUN 2014 PM 1 L

FOREVER

Criminal District Court Adminstrator
Cadena-Reeves Justice Center
300 Delorosa St.   Suite 4076
San Antonio, Tx    78205

78205302899

EX PARTE                            §       IN THE JUDICIAL DISTRICT

BRUCE CHRISTENSEN                   §       226th DISTRICT COURT

APPLICANT, PRO SE                   §       Bexar county, Texas

§ § § § § § § § § § § § § § § §

## MEMORANDUM IN SUPPORT OF APPLICATION

TO THE HONORABLE JUDGE OF SAID COURT:

comes now, Bruce Christensen, Applicant, pro se in the above styled and captioned memorandum in support for a writ of habeas corpus, C.C.P. §11.07, by a person in state custody and makes this application herein his memorandum in support of his writ and will show the court the following:

### JURISDICTION

Applicant states this court has jurisdiction over the subject matter and the parties inculding this seccessive or second writ, pursuant to Vernon's ann.Code of Criminal Proc. § 11.07, Ex parte Maldando, 588 S.W.2d 114, 118 (Tex.Crim.Appl985). :11.07 §4(a)(1)(b)(c). This cause of action arises because petitioner is wrongfully restricted in his liberty by the Director, Texas Department of Criminal Justice, and the State of Texas. Tx.C.C.P. art. 11.07 §4(a) Ifa subsequent applicantion for writ of habeas corpus is filled after final disposition of an intial application challenging the same conviction, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specif facts establishing that: (1) The current claim and issues have not been and could not have been presented previous in an oroginal application or in a previously considered application filed under this article because the fact-

ual or legal basis for the claim was unavable on the date the applicant filed the previous application. :4(b) For the purposes of Subsection (a)(1), a legal basis of a claim is unavailable on or before a date described by (a)(1) if the legal basis was not recoqunized by and could not have been reasonable formulated from a final decision of the United States, or a court of appealate jurisdiction of this state on or before that date. §4 (c) For purposes of Subsection, (a)(1) a factual basis of a claim is unavailable on or before a date described by subsection (a)(1) if the factual basis was not ascertainable through the exercise of reasonable diliqence on or before that date. The rule of law at the time of applicants prior application the legal basis for the claim eas not available to him. the rule of law concerning effictive representation during habeas proceedings did not requrie effective, comptent representation. "Dificient performance or even gross imcompitence by petitioner's state habeas counsel does not satisfy either prong of Stricklandtest for ineffective assistance, because habeas petitioner possesses no constitutional right to the assistance of counsel during his state habeas proceedings." or "Either negligent failure or a malicious refusal by convicted defendant's state habeas counsel to present potintialy meritious claim in the course of the defendant's state habeas proceeding, effectively preculeded review of the claim." " Tough luck for defendants whose lawyers make mistakes, have conflicts with hs client, or abandon his client or even sabatage the case. In this case applicant had a actual conflict with his counsel and counsel ambushed applicant's evidence hearing. Applicant had a substantial underlying claim of ineffective assistance of Trial counsel and

127 (2)

was harmed by his actions and non-actions. If prisoner has ex-
husted his state remedy unsuccessfully, but there is intervening
supreme Court decision, that might induce the state to give rel-
ief, prisoner will be required to apply again for relief from
state courts, so that they may have first opportunity to apply
new Supreme Court Decision. A new rule of constitutional law
should be applied retroactively, as would authorize a second or
seccessive writ, if it requires the observance of those procedures
that are implicit in the concept of ordered liberty. In other
words; further exhaustion may be required where "an intervening
change in federal law cast the legal issue in a fundamentally
different light. Counsel appointed for state collateral review
refused to present applicant's evidence of fact and law considering
trial counsel's ineffective ness, refused to call any witness,
three, that were given to counsel and considered to be indispens-
able, even needing compulsory service, Trial counsel's testimoney
under oath was vital if not mandantory of applicant to prove her
trial preperation, stratagy, and legal advise given. Habeas
counsel refused to follow applicant's stratgy, which was viable
and had been secessfull in his gaining a hearing to prove his
allegations. For present purposes, a distinction between (1) a
state that denies permission to raise the claim on direct appeal
or (2) a state that grants permission, but denies a fair, meaning-
ful opportunity to develop the record is a distinction without
difference. Applicant would have been better off to have no att-
orney at all, as he would have called witnesses and presented much
more evidence for the record, inartfully maybe, but still better
than a court appointed attorney that impeded, obstructed, and
frustrated applicant's attempt to comply with the state's estab-
lished Procedures.

(3)

Further habeas counsel allowed the court to labor with an incomp-record, evidence was not presented (Facts or Law), exibits that weree redacted, exibits that were removed from the record, hearings held and evidence given without applicant's knowelge and prior notice, or thedisicions made were withheld from applicant and the Court of Criminal Appeals for review. The denial of effective appointed counsel during habeas evidence hearinq, and his actual conflict of interest did in fact prejudice applicant and this may justify an exception to the constitutional rule that there is no right to counsel in a collateral proceedinq. see Martinez v. ryan, 132 S.Ct. 1309, (012), Coleman v. Thompson, 111 S.Ct. 2546, Douglas v. California, 83 S.Ct. 814.

## PARTIES TO THE CASE

(1)  Bruce Christenssen
     Applicant, pro se
     Polunsky Unit #1108982
     3872 FM 350 S.
     Livingstone, Tx   77351

(2)  Brad Livingston, Director
     Texas Department of Criminal Justice
     1107 Ave. J
     Huntsville Tx.   77342-0099

(3)  The State of Texas
     Susan Reed
     Criminal District Attorney
     Bexar County
     300 Delorosa, Suite 5072
     San Antonio, Tx   78205

## STATEMENT OF THE CASE

On April 22, 2002, applicant pled nolo contendere to three counts of aggravated sexaul assault. the court assessed punish-ment at thirty years in TDCJ-ID for each count to run concurrently. Applicant filed a notice of appeal on June 19, 2002. The fourth

of Appeals affirmed the judgement of the trial court in No. 04-02-00397-CR. Applicant filed his first appolicantion for writ of habeas corpus on Nov. 28, 2005. By order dated Aug. 30, 2006, the Court of Criminal Appeals ordered the trial court to make finding of fact and conclusions of law in regard to applicant's claim that his plea was involuntary. On Sept 8, 2006, the trial court ordered that trial counsel file her written affidavit regardeing the allagations of ineffective assistance of counsel and for the applicant to file his. On Sept 25, 2006 trial counsel filed an affidavit , and applicant followed up by filing his affidavit and supp. affidavit on or about 11, and 16 of Oct. 2006, by placing them in the prison mail system. These affidavits are not in the record. On Nov 11, 2006 The trial court held a hearing and heard evidence, ordered an evidence hearing, appointed habeas counsel, and issued a bench warrant for applicant. This hearing is not in the recordand applicant was unaware of the hearing or any evidence presented. At the hearing the trial court entered into evidence "exibits", some appear to be missing from the record also missing is the court reporters record of this hearing, with all evidence presented, documents and affidavits. On June 3, 2014 applicant recieved a copy of habeqs counsel's case file, inculded in the file is a handwritten note concerning discovery in this hearing, in which Ms. Valadez denied being ineffective, and Anna, who I would guess works for the district attorney's office. made a statement thatshe would recomend remand only count 9, for re-sentenceing. Those in attendance for this hearing (conference) were (a) Cheryl McMahan, (b) Hilda, (c) Sid, (d) Anna, (e) Terry, (f) and the note taker, would be Mr. Denis Callahan. The above documents were/are missing, removed and or destroyed from the

from the official court record and not considered by the Law Magistrateduring the evidence hearing or the court of Criminal appeals in consideration of the merits of the case. Applicant has tried to locate and supplement the record, by contacting the district clerk, Three different court reporters, the district attorney's office, requested the case file from habeas counsel and an affidavit concerning the case, he responded with an incomplete file, and refused to provide an affidavit without a court order. The evidence that was withheld, removed, destroyed, or missing from the record was done so by "parties" in this case to cover up Ms. Valadez's ineffective assistance of counsel and to do harm to the applicant by causeing his writ to fail and be denied. The ability to test the accuracy of evidence at the evidence is so important that the absence of proper confrontation at the evidence hearing calls into the ultimate integerity of the fact finding process. The State's evidence rested on the credibility of Ms. Valadez's affidavit, and the failure of habeas counselto cross-examine her under oath, and the Hearing Judge to ensure proper confrontation and not to place give a finding of credibility to a witness giving testominy by affidavit only without being aware of the variations in demeanor and tone of voice that bear heavaly on the listener's understanding of and belief in what is said, to insulate his findings from review by denominationg the credibility determinations, for factors other than demeanor and inflection go into the decision whether or not to believe a witness. When a witness leaves a false impression concerning a matter relating to her credibility, the opposing party is allowed to correct that false impression, through cross-

examination, a defandant tests the believably of a witness and the truth of his testominy. Primary object of the 6th ammendment was to prevent the use of ex parte statements against an accused who has no opportunity to confront and cross-exam the witness, to test the recollection and sift the conscience of those under oath. The courts have pointed out that under Washington v. Texas, 388 U.S. 14, 19 87 S.Ct. 1920, 1923 (1967), the defendant must be afforded the right to offer testimony of witnesses and to comple attendance,consquently habeas counsel committed an error of constitutional magnitude by refusing applicant's request to present appearnce of trial counsel, court appointed investagator, and other witnesses. To place before the court the she, (Ms. Valadez) was not a credible person, One who's trustworthy and entitled to be believed. In law and legal proceedings, one who is entitled to have his oath or affidavit accepted as relible, not only on account of his good reputation for veracity, but also on account of his intelligence, knowledge of the cucumstances and "Disinterested relation to the matter in question". Ms Valadez had sufficient interest in the matter to not present an accurate and truthfull account of her representation of her client. As does Mr. Callahan, sui generis in that counsel's "intentionally refusing to plead specific facts that might support a proper habeas corpus application. Not his lack of competence, but his misplaced desire to protect Ms Valadez and her reputation and her livily-hood, at the peril of his client. Where there is evidence of counsel's "struggle to serve two masters" that cannot be seriously doubted it follows that an accused's defense is impaired".(citing Cuyler, 446 U.S. at 349, 100 S.Ct. 1708), defendant is denied effective

132                                   **PAGE 7**

counsel where attorney is unable to cross examination of witness because attorney's relationship with the witness and his desire to advance interest of witness over current client. Applicant argues that he was adversely affected by counsels failure to take certain actions. In United States v gambine, the third circuit adopted a helpful test previously established in the first circuit and held that in order to prove adverse affect on the basis of what an attorney failed do. A defendant first must demstrate that some plausible alternative defence strategy or tactic might have been pursed. He need notshow that defense would necessarily have been successful, if it been used, but that it possessed sufficient substance to be a viable alternative, secondly he must establish that the alternative defense was inherently in conflict with, or not undertaken due to the attorney's other loyalties or interest.

On Dec. 11, 2006, an evidence hearing was held. the state's attorney Ms. Welsh, had the court reporter tag seven items as state's exibits before the hearing started, also giving Mr. Callahan copies, he placed them into his portfolio, not letting applicant see them., applicant requested this documents to be inculded in the case file, there were not, also Mr. Callahan did not deny there existence. Applicant has file two writ of mandumas to get copied from Ms Pena, official court reporter, that tag the exibits, but are not inculded in the recdord. also included in the above writ is the official court reported of the 226th at the time of the hearing on Nov. 11, 2006, Cheryl McMahan to recieve a copy of the transcript oan all exibits. Once again the applicant was never informed of this hearing by notice or by his appointed counsel. next in the evidence hearing applicant ask the court to remove his wrist restraints so that he would be able to have access to his notes and to take part in the hearing sufficiently.

Mr. Callahan did nothing to assist his client knowing that he had if fact written him requesting the he assist him in this matter. his silence, which if he would have assisted in probably the littlest amount the judge would probably defered to Mr. callhan insteed of to the bailiff who said no to the request. applicant was suprised and did not know how to proceed, and again Mr. Callahan refused to assist him. his actions were apparent he did not want his client to be able to access his notes and be able to take part is presenting evidence. The method that the applicant was restrianed, at the ankles and wrist (the wrist allowed no movement of the hands) caused him to be inhibited and discuraged from taking part. The appellant had not given the court any reason to have doubts about the security of the courtroom. Also the bailiff had many options and means to security the courtroom, and would have been less interfering with appellant's ability to take part in the hearing. the trial court abused its disceretion and applicant's due process because the court improperly defered to the bailiff request that remain shackled during hearing instead of making an independant determination. Lakin v. Stine, 431 F3d 959, 963. When a defendant complains on appeal of the use of shackles and the appleeate court first determines if the court abused its discrection by allowing the defendant to be shackled, (in this case excessive physical restraints, the trial court did not use its discrection as it did not make findings that they were justified by an essential state intersest, as the need for physical security, escape preventation, or courtroom decorum) if so the appellate court then determines whether defendant suffered harm as a result. Long v. State, 823 SW2d 259, 282, (Tex. Crim.App.1991). The reasonable of habeas counsel's actions or lack of action may be determined or subst-

antially infulenced by applicant's own statements or actions. Habeas counsel's actions are usually based "quite properly" on informed strategic choices made by the defendant and on information supplied by the defendant. What investagations decisions are reasonable depends critically on such information...In short inquriry into counsel's conversations with applicant may be critical to a proper assessment of counsel's actions and desisions, just as it may be critical to a proper assessment of counsel's other decisions. Habeas refused to present any of applicant's alleged charges and facts prestened in his pro se brief or any items of fact and law decussed in the few and short conversions, and in letters sent to counsel before and after evidence hearing. Appellant has alleged numerious specific facts showing habeas counsel's investagation and litigation decisions were in fact inadequate, his pleadings and proof presented at the hearing where non-existent, except applicant's testimony or proof that I attempted to present at the hearing, but was cut off or rushed to another subject, his proposed findings of facts and conclusions of law were de minis, he presented no facts and proof, and his cites to law were the least possible amount and still say that he cited cases. he objected to nothing the state presented inculding places that were ilrevelant, which the applicant had to object on his ownl, and contuniued to make statements to be placed in the record, with out being qualified in any way, ask three or four questions and then demand an answer makeing it sound as if applicant was giveing an answer to all the questions. Ms. Welsh made statement of law and fact that were not true, neither mr. Callahan or the court corrected these errors. Which I will go through one at a time. then I will give the facts and law that I had at the time of hearing. Which Mr. Callahan refused to present to the court of FOR consideration.

page 10

## FACTS AND LAW SUBMITTED BY TRIAL COUNSEL AND STATES ATTORNEY

1) Trial counsel stated that all offenses were 3g, and defendant must serve 1/2 of his stenence to be eligible for parole. Ms. Welsh concurred and so stated in the record of the evidence hearing CR. page 28 line 23. This is incorrect. If Ms. Valadez had correctly researched the law, she would have found that sexaul assault did not become 3g until 1995 and sexaul assault w/child did not become 3g until 1997. That indency w/child did not become a non mandantory supervision (parole) until 1997 a non 3g offense was eligible for parole when actual time plus good time equaled 1/4 of sentence became parole eligible, and mandantory supervision was released when actual time plus good time equaled complete sentence. Ms. Valadez had plenty of options avabile to her in the pro cess of plea bargaining

2) Ms. Valadez states that applicant was advised that the court could stack the sentences and that he took the plea to avoid stacking. Ms. Welsh concurred. That is incorrect. Ms. Welsh rants and raves that the offenses are stackable and would have been if the state has ask for it to be. Ms Valdez also stated that she advised me that if taken to trial that the jury cound statck the offenses. CR. page 29 line 3 and CR page 30 line 24,thru page 31 line 15 , page 34 line 20. If Ms Valadez and Ms. Welsh had of investagated the rule of law ineffect at the time they would have found that when the joinder of prosecution, texas law section 3.03 of the penal code provides that an accused is found guilty of offenses arising out of a single criminal episode and if any of the offenses were committed before Sept. 1, 1995

of this act is covered by the law in effect before the changes made by this act and the former law is continued in effect for this purpose. See acts 1995 74th Leg. ch 595 §2 and as such the law ineffect before the above changes which pertain to this criminal episode with a offense date of 8/30 1994. See acts 1993 73rd Leg. ch 900 §1.01 the law ineffect at the time P.C. 3.03 did not contain the sub pargraph (b)(1) or (B)(2). and stated that the sentences shall run current. and I am not sure but my reading of the Leg note (2)(b) also ment to cause of the offenses charged in one trial and one criminal episode that the "LAW" all law ineffect at the time the criminal episode began is the law that the defendant is under not the multipule changes in law over the span of the criminal episode, defendant is to be tried under one law. some courts have stated that if there is some proof that the offenses occured in 1997 then the offenses can be stacked. I believe that to be in error. see Owens v. State, 96 SW 3d 668,(Tx.App.Austin), dale v. State, 170 SW3d 797, miller v. state 33 SW3d 257, Patterson v. state 96 SW3d 427. All of these had criminal episode began date before 1997 and one had a date of may 1, 1995. The cumulation of sentences constitutes an increase in punshment for the purposes of ex post facto analyis. see Johnson v. state 930 SW2d 589, (Tex.Crim.App. 1996). Scott v. State 19 SW3d 864 (200). also to show that Ms. Valadez is not current in the law see Baker V. State 107 SW3d 671. Ms. Valadez was Mr. Baker's trial counsel, she allowed Mr. Baker's sentences to be stacked even though it was in fact one criminal episode, and the exceptions in PC 3.03 did not pertian to that case. Ms.

Valadez was and is not up to date on the law as it pretained applicant, Mr. Callahan and the trial court should have allowed defendant to state his evidence, or correct Ms. Welsh on the courts own initiative or atleast researched it.

3) Trial counsel stated that the defendant faced ten counts of agg. sexaul assault, in her affidavit she states that "she advised my client that the indictment alleged four agg. sexual assaults, three sexaul assualts of a child under 17. and six indecencies" and faced thireen convictions Ms Welsh concurred stating as she read from the indictment CR page 30 line 10. Count 2 is an indecency. Count 3, par. A, agg. sexaul assault: par B, Aggravated Sexaul assault: Count 4, Indeceny: count 5, Par A, Sexayl assault; par. B, sexaul assault: par C, indecency; Count 4, (Count 6), Indecency; Count 7, Aggravated sexaul assault; Count 8, Indecency: Count 9, Sexaul assault: and count 10, is indecency. Now, the fact of the matter is, if you had gone to trial, they could have stacked and you wanted to avoid stacking. You told your attorney that. And you said that on the record during sentencing You know what you were facing didn't you? This is incorrect and they have misstated the facts and the law. First it was count 9, that was misstated and caused dthe court the labor under Ms. Valades errors. Now both Ms. Valadez and Ms. Welsh after many hours preparing and correcting her affidavit still can not state the offenses the applicant faced correctly. First let me point out that Count 3, par B, Is an impossible act to committe and could not have been charged as is. Second Count Count 5. par.C. is not indecency but in fact sexaul assault. Third appel-

ellant could not have face thirteen charges or convictions. When the state wishes to charge multple offenses in a single indictment, it is required by statute to set out each separate offense in a separate "count". Tex CodeCrim.Proc.ann. art 21.24 (a). The separate "paragraphs" within a single count may allege different methods of committing the same offense. Tex-CodeCrim.Proc.ann. art. 21.24(b). But since each "count Alleges a single offense, an indictment cannot authorize more convictions then there are counts. Martinez v. State 225 SW3d 550 (Tex.Crim.App. 2007) Fourth, There is the issue of double jeopardy. AS I tried to present at the hearing Count 7 and 8 is one victum with one offense, one conviction and count 9 and 10 was also one victum with one offense, one conviction. see victum's statements, there was only one incident and the evidence is clear. Mr. Callahan refused to call Ms. Lindsay Green to verify the fact that there was only one incident and that Ms Valadez did not investagate the facts or for that matter show the evidence to defendant and explain the elements of the offense so when he was told that it was in fact a 1st degree Agg- Sexaul Assault he had no reason to not plea to the 1st degree offence offered. Fifth, I will add in this section that counsel stated that she admonshed defendant the the renge of punishment was any where from 2 to 99 years. She did not and the court admonshed defendant that the range of punishment was 5 to 99 yeaars, If counsel had of properly advised him of the range of punishment he would not have plead to a sentence of ten years over the max allowed.

#4)     Ms. Valadez stated that defendant was eliqible for

deferedadjudication.  Ms Welsh Concurred.  Aplicant tried to prestent evidence that the C.C P 42.12 5(a) states that the judge must announce in open court that deffrred adjudication is in the best interest of the victum.  It is the responseability of the defense to submit the evidence necessary to prove the defendant is aualified to recieve deferred.  I stated in the hearing I'm suggesting that Ms Valadez submitted no evidence or nottied me that was a cause of-- when I was cut off by ms. Welsh and not allowed to cont. and recieved no assistance for Mr. Callahan.  The trial judge at sentencing stated that there was no evidence submitted on behalf of the defendant. where I stated "I did not know what he had done with the names I had given them to interview. The judge found no migatgating facts except the one me Valadez metioned about the impact statement made about defendant not caring about what he had done. This was in the PSI report that Ms. Valadez did not prepare the defendant for. in fact defendant has never seen the PSI report as he was not shown it bv trial counsel or even informed what the report contained.

#5)    Applicant stated 21 fact specific allegation in his brief that Mr. Callahan refused to bring to bear at the hearing.  She allowed hearsav evidence to be admited into the record bv stipulation, and Ms. Welsh used at the hearing, CR page 26 line 22, about an alleged assault that happened 20 years in the past that I would have denied if I had seen the statement befor my direct appeal. Also Ms. Welsh made statements about the lack of witnesses present at the hearing RR Page 32 line 7. Mr. Callahan refused to present

witnesses stating that there where no witnesses to testify of my actual innocnece. I never ask Mr. Callahan to find any witnesses for a claim of actual innocence I would like to know how and who he contacted for such a claim Ms Welsh stated that"We have an affidavit that said.----- So that will be up to the court to decied and weigh all that." ----"Ms Valadez has, as an officer of the court. sworn in her affidavit as to the------" "All right. In her affidavit-- and you understand that the Judge can consider the affidavit from Ms. Valadez and that he can consider that when he makes his findings. ------". "And all I want in front and on the record is that Hilda Valadez is an attorney who been around for many years in this -- in this city and she gave an affidavit and she informed you of those things," " Ms. Welsh: Your honor, the state would argue that MR. CHRISTENSEN"S TESTIMONY IS NOT BELIEVABLE. That he certainly has every reason to not be honest and forthright with this court. That the court has in front of it an affidavit which the court is entitled to consider in these matters. That they don't have to have live testimony. Ms. Welsh, Mr. Callahan, and Judge Carruthers violated applicants due process rights to a fair hearing it is apparent that the state never intented to place Ms Valadez under oath whereshe could be crossed, and Mr. Callahan as well knew in advance that she would not be called by the state. Judge Carruthers should have insured that she was called as the applicant did infact demand of his counsel dtht he needed to object to her not testifing in person Applicant was unaware that his affidavits were not in the

#6) Mr. Callahan argueed applicant closing like that of an Ander's brief, with out stateing so counsel made contrary arguement if fact making applicant's writ so to say frivolous. He failed to assist applicant in any way, As it is the defendant faced adverse collateral consequences from potintial new sentencing on remand. The state has no reasons to plea bargain with the applicant the state could ask for a max sentence and since this is a seperate procceeding applicant loses the rights provided with P.C. 3.03 and the court now possible could stack this one sentence on top of the sentences currently serving. When applicaant inquired with Mr. Callahan about the state's intentionshe stated that as soon as the state did bring me back he would file a motion to dismiss all the counts · and he would inquire with the state about their intentions. When the state confered with Mr. Callahan and discussed these possible options that applicant had, the state then decided to dismiss the count instead of opening that can of worms. Which shows prejudice to applicant· that the reformation of his judgement was not proper as he would have faced new sentencing. which the court has stated recently "that a judgement may be reformed as long as it does not require resentencing- see Rodes v. state 240 SW3d 882 (Tex-crim-App-2007), Stating at 888"When only one of the sentencing elements is viod the judgement is rendered void only if the judgement can not be reformed to cure the infirmity (i.e. the infirmity can not be cured without resort to resentencing). Mr. Callahan had many legal cites avaibale to him  such as Benjamen v state, 874 SW2d 132 stating that if provisions of a plea agreement later become unenforceable, plea is involuntary  Therefore regardless of the source of non compelence it is always true that

that when a plea agreement is reached it must be enforced as agree to, or the defendant must be given an opportunity to withdraw his plea. See Shannon 708 SW2d 850, Adkins v. state, 767 SW2d 809, ex parte Austin, 746 SW2d 226, Gibson v. State 803 SW2d 318, ex parte Perkins, 706 SW2d 320, ex parte Miller 921 SW2d 239, In ex parte Ervin the court ruled that the state can waive an illegal portian of a plea agreement and keep the remainder, which is not relevant here as the court remanded the count for new trial. see ex parte Ervin 991 SW2d 804 (Tex.Crim.App.1999).

## CLOSING

Applicant believes that Ms. Welsh in tatum with Mr. Callahan withheld facts and evidence from the applicant. The state has an affirmative duty to disclose the the defense evidence that is favorable to the defendant. It is the duty of both the Trial court and the state's attorney to conduct themselves so as to ensure that an accused recievess a fair and full hearing. There job is not just tp procute and win cases, there job is to do justice. This case highlight everything that can go wrong in the criminal justice system when the system is not balanced. A writ of habeas corpus will be granted for erroneous admission of evidence only where the testimony is almost unreliable and the factfinderand the adversary system will not be competent to uncover , reconize, and take account of its shortcomings. The Supreme Court has stated that in habeas corpus proceedings, the primary purpose is to assure that no one is unjustly imprisoned. Therefore, if a prisoner is unaware of the legal significance of rev-

event facts, it would be unreasonable to prohibit he's attemp for judicial relief. While a prisoner should not be allowed to abuse the writ of habeas corpus, he should not be penalized of availing himself of access to the courts. The hearing judge allowed the exculded evidence and testominy of such vital portion of the case and that exclusion effectively preculded the applicant from prosecuting his case. Relief may be granted, not only where the state's attorney knowingly used prejured testominy, but where the state's attorney suppressed or withheld material evidence, where there are circumstances amounting to extrinsic fraud which actually deprived the accused of a fair hearing on the merits, prejudice is presumed. The evidence was material and there is a reasonable doubt, and once unconstitutional suppression error is found, no further harmless error analysis is necessary. Ms. Welsh's debliberate deception of the court by presenation of known false evidence is incompatible with rudimentary demands of justice. After conviction is obtained the state's attorney is bound by the ethics of her office to inform the appropriate authority of after-acquired or other information that cast doubt upon the correctness of the conviction. Because applicant is not an attorney and filing pro se, he ask the reviewing court to liberally construe applicant's argueements and to encourge the court to elevate substance over form. That applicant had a substantial cause of ineffective assistance of trial counsel, but for his habeas failing to properly assist him and provide effective counsel his writ failed. Applicant ask the court to find that habeas was infact ineffective and that the state's attorney withheld evidence and gave false evidence at habeas corpus evidence hearing. Applicant prays

that all applicant's points should be stained and applicant remanded to the trial court to answer the indictment.

Reapectfully Submitted,

Bruce Christensen
applicant pro se
Polunsky Unit #1108982
3872 FM 350 S.
Livingstone, Tx  77351


## inmate's declaration

I, Bruce Christensen, being presently incarcerated in TDCJ-ID, Polunsky Unit, declare under penalty of perjury that the facts stated in the above brief are true and correct, signed on this the 15th day of June 2014.

Bruce Christensen
Applicant pro se

## CERTIFICATE OF SERVICE

I, Bruce Christensen, applicant, pro se, do hereby certify that a true and correct copy of the above and foregoing Memorandum in Support of Application, Tx. Code of Criminal Procudure §11.07 was placed in the prison mail system on this the 16th day of June, 2014.

Bruce Christensen
applicant, pro se
polunsky Unit #1108982
3872 FM 350 S.
Livingstone, Tx.  77351

EX PARTE

Bruce Chrsitensen
Applicant, pro se

§
§
§
§
§

IN THE DISTRICT COURT

226th Judicial District

Bexar County, Texas

§ § § § § § § § § §

PETITION FOR EVIDENTARY HEARING
Motion for Bench Warrent

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, Bruce Christensen, Applicant, Pro Se, in the above
Numbered abd styled cause,and files this, his Petition for Eviden-
tary Hearing and a Brech warrant under the provisions of T.C.C.P.
art. 11.07(3)(d), and would show the court the following in sup-
port thereof:

ONE

The court will find that there is definite "controvered,
previously unresolved facts, which are material to legality of
defendants final conviction exist and needs to be resolved. The
court should find that there is a necessity for the suspension of
time limations enunciated in article 11.07 of the tex. Code Crim.
Proc Ann. art. 11.07 §3(d) Vernon Supp. 2004. Applicant has alleged
the following issues which requires resolution:

1) Ineffective Assistance of Counsel

2) Incomplete Record-records witnheld, altered, removed,missing

3) States improper modification of defendants judgement

4) Trial court's denial of defendant's right to fully particate.

TWO

The fact and allegations presented in his petition are com-
plex, but applicant has infact alleged sufficient facts regarding
counsel's performance that, if true might entitle him to relief.
The trial court is the appropriate form for finding of facts.App-

licant has sufficient proff of all his allagations, which needs to entered into the record and fully explred and developed for the record

### THREE

I am presently incarcerated in TDCJ-ID, Polunsky Unit, 3872 FM 350 South , Livingstone, Tx. 77351. I am unable to personally appear before the court and give testimony in this cause and would respectfully request the to issue a warrant from the bench ordering the Bexar County Shefiff to transport me to this court for all hearings in this matter, so that I may give testimony and present evidence and proff of all my allagations.

### PRAYER

Petitioner respectfullu prays that this court grant this petition for an evidentary hearing and for a bench warrant to attend the hearings. To consider and examine the issues before the court and grant any and all such relief as the court may deem he is entitled by law.


Respectfully Submitted,

Bruce Christensen, pro se
Polunsky Unit #1108982
3872 FM 350 S.
Livingstone, Tx    77351

147

June 15, 2014

Donna Kay McKinny
Bexar County Clerk
101 W. Nueva, Suite 217
San Antonio, Tx 78205

Dear Ms. McKinny,

Inclosed is my Memorandum is Support of Application, of my 11.07 mailed earlier. Please file it with the papers of this cause and notifiy the court and the State's Attorney, providing them with a copy. Thank You for your time and effort in assisting me.

Sincerly,

Bruce Christensen
Applicant, pro se
Polunsky Unit, #1108982
3872 FM 350 S.
Livingstone, Tx 77351

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2014 JUN 18 P 2: 44

BY_____ DEPUTY

148

Bruce Christensen
Polansky #1108982
3872 FM 350 S.
Livingstone, TX 77351

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2014 JUN 18 P 2:44
DEPUTY

BY:_____



Donna Kay McKinney
Bexar County Clerk
101 W Nueva, Suite 217
San Antonio, TX 78205

| EX PARTE, | § | IN THE DISTRICT COURT |
| VS. | § | 226th JUDICIAL DISTRICT |
| BRUCE CHRISTENSEN | § | BEXAR COUNTY, TEXAS |

## NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Bruce Christensen, Defendant in the above entitled and numbered cause, and gives this written notice of appeal to the Court of Appeals of the State of Texas from a denial of a petition for a Writ of Mandamus

Respectfully submitted,

Bruce Christensen
Hughes Unit, #1108982
Route 2, Box 4400
Gatesville, Tx 76597

## CERTIFICATE OF SERVICE

This is to certify that on October 3, 2014, a true and correct copy of the above Notice of appeal was placed in the U.S. Mail, post paid, on the 3rd day of October, 2014. to the following,

addresses: Donna Kay McKinny
Bexar County District Clerk
101 W. Nueve, Suite 217
SAn Antonio, Tx 78205

Judge Sid Harle
226th district Court
Bexar County Courthouse
300 Dolorosa
San Antonio, Tx 78205

Court of Appeals
4th Court of Appeals District
300 Dolorosa, Suite 3200
San Antonio, Tx 78205

Bruce Christensen

Bruce Christensen
Hughes Unit #1108872
Route 2 Box 4400
Gatesville, TX 76597

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2014 OCT -6 1 P 2:10

DEPUTY

BY:_____

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

EX PATRE                          §        IN THE DISTRICT COURT

                                  §        226th JUDICIAL DISTRICT

BRUCE CHRISTENSEN                 §        BEXAR COUNTY, TEXAS

## DESIGNATION OF RECORD

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, the Appellant and files this Designation of record on Appeal, pursuant to the Texas Rules of Appellate Procedure, and request that the clerk and court reporter of this court make and prepare the following matters for inclusion in the record:

1. (Original) Motion for Writ of Mandamus

2. (Amended) Motion for Writ of Mandus

3. Motion to Excute Writ of Mandamus

4. Petition for an Evidence Hearing with attachments 1-30

5. Index for 2001-CR-4986-W-3

6. Criminal Docket sheets for all causes inculding 2001-CR-2632 and 2001-CR-4986

7. Memorandum in Support of Application

8. State's Response **DATED JUNE 11, 2014, NOT MAILED UNTIL JUNE 17, 2014**

9. Orders Dated **JUNE 1?, 2014** Not Mailed until June 25, 2014

10. Clerk's Certificate

11. All corspondence directed to the Court, Court Clerk, and The criminal court adiminstrator.

12. Letter from applicant notifying clerk of missing parts of the record to be filed with application to the court of Criminal Appeals Rec 7/2/14/

13. any and all exhibits used by the State or Defense in this cease

14. Transcription of any hearings, or conferences in this cause.

15. Note-- Transcrites and exibits from hearings Nov. 16, 2006 and Dec. 11, 2006.

15. Defendant's Designation of Record on Appeal.

WHEREFORE, PREMISES CONSIDERED, the appellant respectfully request that the clerk and the Court Reporter of this Court, as well as anyprior or substutè court reporters, will make and prepare all of said foregoing materials and inculde them in the record in the Appeal of this cause.

Respectfully Submitted,

Bruce Christensen
Hughes Unit #1108982
Route 2, Box 4400
Gatesville, Tx 76597

## CERTIFICATE OF SEVICE

This is to certify that on October 3, 20014, a true and correct copy of the above Designation of Record was placed in the U.S. Mail post-paid, to the following addresses:

Court Of Appeals
4th Court of Appeals District
300Dolorosa, Suite 3200
San Antonio, Tx 78205

Donna Kay McKinny
Bexar County district Clerk
101 W. Nueve, Suite 217
San Antonio, Tx 78205

Judge Sid Harle
226th District Court
300 Dolorosa
San Antonio, Tx 78205

Bruce Christensen

Bruce Whatever
Hughes Unit #1108582
Route 2 Box 4400
Gatesville, TX 76597

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2014 OCT -6 | P 2: 10

DEPUTY

BY: _____

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205



| EX PARTE | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | 226th JUDICIAL DISTRICT |
| BRUCE CHRISTENSEN | § | BEXAR COUNTY, TEXAS |

## NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Bruce Christensen, Defendant in the above entitled and numbered cause, and gives this written notice of appeal to the Court of Appeals of the State of Texas from a denial of a petition for a Writ of Mandamus

Respectfully submitted,

Bruce Christensen
Hughes Unit, #1108982
Route 2, Box 4400
Gatesville, Tx 76597

## CERTIFICATE OF SERVICE

This is to certify that on October 3, 2014, a true and correct copy of the above Notice of appeal was placed in the U.S. Mail, post paid, on the 3rd day of October, 2014. to the following, addresses:

Donna Kay Mckinny
Bexar County District Clerk
101 W. Nueve, Suite 217
SAn Antonio, Tx 78205

Judge Sid Harle
226th district Court
Bexar County Courthouse
300 Dolorosa
San Antonio, Tx 78205

Court of Appeals
4th Court of Appeals District
300 Dolorosa, Suite 3200
San Antonio, Tx 78205

Bruce Christensen

Bruce Chatman
Robertson Unit #1109983
House 2 Box 440
Abilene, TX 76597

FILED
IN THE COURT OF APPEALS
AT SAN ANTONIO, TEXAS

2014 OCT -6 PM 12: 55

Keith E. Hottle
KEITH E. HOTTLE, CLERK

Court of Appeals Clerk
Keith E. Hottle
4th Court of Appeals
300 Dolorosa Suite 3200
San Antonio, TX 78205

EX PATRE                          §       IN THE DISTRICT COURT

                                  §       226th JUDICIAL DISTRICT

BRUCE CHRISTENSEN                 §       BEXAR COUNTY, TEXAS

## DESIGNATION OF RECORD

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Appellant and files this Designation of record on Appeal, pursuant to the Texas Rules of Appellate Procedure, and request that the clerk and court reporter of this court make and prepare the following matters for inclusion in the record:

1. (Original) Motion for Writ of Mandamus

2. (Amended) Motion for Writ of Mandus

3. Motion to Excute Writ of Mandamus

4. Petition for an Evidence Hearing with attachments 1-30

5. Index for 2001-CR-4986-W-3

6. Criminal Docket sheets for all causes inculding 2001-CR-2632 and 2001-CR-4986

7. Memorandum in Support of Application

8. State's Response **DATED JUNE 11, 2014, NOT MAILED UNTIL JUNE 17, 2014**

9. Orders Dated **JUNE 13, 2014** Not Mailed until June 25, 2014

10. Clerk's Certificate

11. All corspondence directed to the Court, Court Clerk, and The criminal court adiminstrator.

12. Letter from applicant notifying clerk of missing parts of the record to be filed with application to the court of Criminal Appeals Rec 7/2/14.

13. any and all exhibits used by the State or Defense in this cause

14. Transcription of any hearings, or conferences in this cause.

15. Note-- Transcrites and exibits from hearings Nov. 16, 2006 and Dec. 11, 2006.

15. Defendant's Designation of Record on Appeal.

WHEREFORE, PREMISES CONSIDERED, the appellant respectfully request that the clerk and the Court Reporter of this Court, as well as anyprior or substute court reporters, will make and prepare all of said foregoing materials and inculde them in the record in the Appeal of this cause.

Respectfully Submitted,

Bruce Christensen
Hughes Unit #1108982
Route 2, Box 4400
Gatesville, Tx 76597

**CERTIFICATE OF SEVICE**

This is to certify that on October 3, 20014, a true and correct copy of the above Designation of Record was placed in the U.S. Mail post-paid, to the following addresses:

Court Of Appeals
4th Court of Appeals District
300Dolorosa, Suite 3200
San Antonio, Tx 78205

Donna Kay McKinny
Bexar County district Clerk
101 W. Nueve, Suite 217
San Antonio, Tx 78205

Judge Sid Harle
226th District Court
300 Dolorosa
San Antonio, Tx 78205

Bruce Christensen

EX PARTE                              §      IN THE DISTRICT COURT
                                      §
Bruce Chrsitensen                     §      226th Judicial District
Applicant, pro se                     §
                                      §      Bexar County, Texas

§ § § § § § § § §

PETITION FOR EVIDENTARY HEARING
Motion for Bench Warrent

TO THE HONORABLE JUDGE OF SAID COURT:

Now Comes, Bruce Christensen, Applicant, Pro Se, in the above Numbered abd styled cause,and files this, his Petition for Evidentary Hearing and a Brech wasrant under the provisions of T.C.C.P. art. 11.07(3)(d), and would show the court the following in support thereof:

ONE

The court will find that there is definite "controvered, previously unresolved facts, which are material to legality of defendants final conviction exist and needs to be resolved. The court should find that there is a necessity for the suspension of time limations enunciated in article 11.07 of the tex. Code Crim. Proc Ann. art. 11.07 §3(d) Vernon Supp. 2004. Applicant has alleged the following issues which fequires resoxution:

1) Ineffective Assistance of Counsel

2) Incomplete Record-records withheld, altered, removed,missing

3) States improper modification of defendants judgement

4) Trial court's denial of defendant's right to fully particate.

TWO

The fact and allegations presented in his petition are complex, but applicant has infact alleged sufficient facts regarding counsel's performance that, if true might entitle him to relief. The trial court is the appropriate form for finding of facts.App-

licant has sufficient proff of all his allagations, which needs to entered into the record and fully explred and developed for the record

## THREE

I am presently incarcerated in TDCJ-ID, Polunsky Unit, 3872 FM 350 South , Livingstone, Tx. 77351. I am unable to personally appear before the court and give testimony in this cause and would respectfully request the to issue a warrant from the bench ordering the Bexar County Shefiff to transport me to this court for all hearings in this matter, so that I may give testimony and present evidence and proff of all my allagations.

## PRAYER

Petitioner respectfullu prays that this court grant this petition for an evidentary hearing and for a bench warrant to attend the hearings. To consider and examine the issues before the court and grant any and all such relief as the court may deem he is entitled by law.

Respectfully Submitted,

Bruce Christensen, pro se
Polunsky Unit #1108982
3872 FM 350 S.
Livingstone, Tx     77351

Oct. 11, 06

Judge Sid L. Harle
226th Judicial District
Bexar County Courthouse
300 Delorosa St.
San Antonio, TX  78205

RE: Cause No. 2001-CR-4986-W1, Defendants Responce

Dear sir,

Inclosed in my Response to Ms. Valadez's Affidavit, which
I recieved today the 11th due to her have been given an improper
address for me.  Please Dismiss my motion to enforce, and allow
me to file this affidavit in response. I sent all of the 95
police reports that I had t you to be incouled in my momorandum
in support of my application. I have requested that the Disrtict
clerk notify if she had recieved my Memorandum and the attachments
sent the week later. I have had no response from her and she
refuses to give this defendant the most common curtodsy even
with the S.A.S.E. incoulded so she has no $ expense to mail the
request Information.  So all I can hope is that the Memorandum
in support of my application andh tchne sent a week late are
a part of the file and have been inculded in ########## this
proces.  Thank you for you time and efforts envloved in this
case.

Repectfully Submited,

Bruce L. Christensen
Clements Unit ###### #1108982
9601 Spur 591
Amarillo, Tx      79107-9696

CAUSE NO. 2001-CR-4966-W1

EX PARTE                              §        IN THE DISTRICT COURT

                                     §        228th JUDICIAL DISTRICT

BRUCE LYNN CHRISTENSEN               §        BEXAR COUNTY, TEXAS

AFFIDAVIT

This affidavit is in response to Hilda Valadex's affidavit recieved by me on the 11th day of October 2006, and make the following statement:

Ms Valadex had once again failed to propperly investagate this case and the indictment and has miss stated the facts. the indictment charged a total of ten counts with two counts having three paragraphs describing three different ways to commit the same offence.  These counts were commited in 1994 and 1995,and the law in effect at the time would have not allowed these coubts to be stacked.She is correct in that there was three witnesses making a complaint, the first witness alleged that the offences occoured in 1994; 1995, 199__, The indictment describes three offences, with three lesser inculded offences.  The second witness alleged the the offence occoured in 1994, the indictment describes one incident, with two different means two commit the offence one being a lessor inculded charge. The third witness alleged that the offence occoured in 1999, this was also listed as two counts describing one offence.  The first (count # 9) charge is saxaul assault w/child as the victim I was fifteen at the time.  Her birthday was the___day of _____, 1984, as shown on the police reports submitted by the officers called to the her home. Also the affidavit of Detective Melton.  This evidence is in the court record and in applicat's memorendum in support of application for writ.

Defendant did not (was not) advised that the sentences were to run concurrent as shown on the plea bargian, page 108, court record, or that the punishment range begain at TWO years, as it is clearly stated in the court's admonishment and defendant's waivers and affidavit of admonitions, Page 104-108 Court Record, that the punishment range was 5 years to 99 years,

and that all three counts aggrevated sexaul assault of a Child Penal Code sec. 22.021 all three counts a first degree felony. Defendant plead to three counts and recieved a thirty year sentence for each one which the court decied (or aa the hearing transcript will show, that the judge assumed that the sentences were to run concurrently and made notation to the rord without comment from Ms. Valadez or Mr. Bunk, see Page # 11, Court Record.

Ms Valadex failed to propper investagate the indictment against the defendant and to advise him of the different charges and the different ranges of punishment of each, nor was she awaer of the possible conquences of allowing the court to stack the sentences which would have then been anouther aspect of the plead bargain that would have been unattainable and reason for appeal. There is no reason to allow the defendant to plead guilty to a first degree felony when the charge is a second degree felony and accept ten years more then allowed by law. At no time did she state that the defendant was to recieve one sentence, fact is the record is clear that the defendant plead guilty and recieved thirty years on each count. See page12 and page___, Court record.

As far as Ms. Valadez's trial prepartion and negotiations with the district Attorney's office, The only reason that the defendant's pretrial time reached fourteen months is that Ms. Valadez did not react propperly when it was relized that the Grand Jury that had indicted him was not paneled propperly. she never even informed him that it happened and the possible stragities possible fact is she did not even show up in court the day (Sept 10, 2001) when the states attorney stated something about needing to look at the indictment. she didnot even began to negotate untill March 22, 2002 when the defendant had been incercerated for fourteen months, she took advantage of denandant's situaition and billed the court two seperate fee's for been appointed counsel. She requested the appointment of an investagator which did nothing to investagate defendants case by insteed spent his billable time to a nother defendant of Ms. Veldeex's a Mickel Tucker who was charged with Murder. If the docket sheet (which was not encluded in the appeal record) would be investagated it would show that she failed to show

up to the defendant's court dates, When he ask the court personel about the where abouts of Ms. Valadez, the comment made "oh well thatHilda". When I requested to see the evidence against me she stated taht the district attorny'sopenfile policy was sufficient, but that I was not allowed to handle the file. If I had ●●$●●●●●$●●$●●●●●$●$$●$ understood the charges against me and seen the evidence presented, I would not have plead to the plea bargain, as presented. The defendant is not guilty of some of the charges presented to the Indictment. When I thought was child abuse and what the law is are not the same, but $$ what i did do was so shameful and bad that I was convinced that what I did was agg. Sexaul assault, even though it was not. The reasons that this happened is not a reason to be granted a Writ. But It does represent that My Plea was not freely giving. But the main fact is Ms. Valadez's statement that theNamed complain witnesses ware younger that fourteen and later M in January 2001 were younger than seventeen, is allao not correct Lindsey Grown was fiftnteen when the alleged assault occoured. Thus ages of the child really would have to determine the charge that the defendant was guilty and pled.$$ Ms. valadez did in fact advise me to pleəd guilty to all three charges because she believed that they where all agg. Sexual Assault. Not to have the state agree to not stack the sentences. she was ineffeotive in her defence of my case.

Respectfully submitted,

Bruce Christensen

## UNSWORN DECLARATION

I, Bruce Christensen, petitioner, 9 in the above styled and captioned affidavit do so swear under penalties of purjury that the following statement made in this affidavit are true and correct to the best of my abilities and knowledge, on this the 12th day of October 2006.

Submitted,

Bruce Christensen
Clemuns #1108982
9601 Spur 591

Amarillo, TX  79107-9696

CAUSE NO. 2001-CR-4966-W1

EX PARTE                              §      IN THE DISTRICT COURT

                                     §      226th JUDICIAL DISTRICT

BRUCE LYNN CHRISTENSEN                 ½      BEXAR COUNTY, TEXAS


## SUPPLEMENTAL AFFIDAVIT

This supplemental Affidavit is to be in response in conjuation with the affidaavit signed on October 12th, 2006. and makes the following statement:

At no time was the defendant advised that the Plea Bargain was to to avoid stacking. The state offered a sentence of 35 years, period with no other stiplations for the first 13 months of Ms. valdez's fourteen months of trial prepation, and on March 27, 06 the offer changed to 88 a cap of 25 years and to remain silient of the application for probation. Never did Ms. valedez suggest that it was best to plead to a first degree offence when the indictment charged only a second degree offence, or the the punishment range for that offence range was from 2 to 20 years lst alone that the court could sentence me to thirty years on it.

She stated that she advised me that there was thirteen counts, (Where I have stated that she advised me that it was for ten counts of agg. Sexaul Assault) but if the indiuctment is investageted propperly it will be found that it breaks down to !. With witness onumber one. ther is six counts with two containing three parg. seach that the offences occoured in 1994, 199_, and 2001. The witness was under the age of 14 in 1994 1999, and over the age of 14 but under thee age in 2001. A total of 6 counts that the defendant could have been convicted. 2. The second witness alleged that one incident occoured in 1995 and she was under the age of fourteen The indictment was for One count of Agg. Sexaul Assault w/ chilkd and the second count was for a lesser charge of indeceny with a child, Defendant could have been convicted of only one count. #. The third witness, (lindsey Green) alleged the incentent occoured in 1999, and is for Sexaul assault and indency with child. She was over the age of fourteen amt the time of the incident which the grand Jury had charged deffendt with bacsuse her birthday was of the ___ day of _____, 1984.

If Ms. Valedes's states that her trial stragy was to aviod stacking, she nevared informed me, and it ♦ appears that she naver investageted the law or thew facts involved in this case. (would ask the court to ask Ms. Valdeez to list one witness, either for the defence or the proouoution that she interviewed ♦ or to list one witness tjat appointed investagoter interview either for the defence or for the proc., Defendant gave her numerest names thet at least could have inverviewed as migating witness at Santencing, and as the trenscript shows I did not know why there was no witnesses or evidence in the defendants favor)   but back to the investagation of the case... Count one oroored in 1994, and count saven oooored in 1995.  I did not brief it in my Memorandum in support because it was not an issue but the c.op. was revised in 1997 to alow the stacking of Saxaul offenoes that occoured in a criminal epesiode.  anf'd if the court ecceops Ms. Valadez's statements involving the counts and the stacking of them as she states, then I would request to rebrief my Memoramdum.

or to hold evidenceary hearing so that she may he ♦♦ cross-examined and let it be daloped for the record.  Next, Ms. Valadez states that she informed me that all the counts were Aggravated and fall under Article 42.12 Sec. 3g of the C.C.P. Once again she has failed to investagate the record propperly again.... not all the counts thet orocured in 1994 and $$$$ 1995 are 3g.   which she states is a most important part of her advise given to the defendant.

Ms. Valadez did recommend that this defendant plee to a se second degree charge that was infact a second degree, and he did recieve an elegal sentence.  She incorreotly states that all the witness were under the age of fourteen at some point during the algeged incedents.  She is still contending in her statement that her advise to the defendant was to plee to the charges because the witnesses were all under the age of fourteen at the time of the incedents.  The plea agreement and the a admonishments that the defendant signed did not contain any references to the convictions running concurent with each other.  .

Ms. Valadez does not answere the second question or address the many other alagations made by the devendant. Like failing to show him the evidence to him that the state had in its file. Failing to answere his question about the case stating that she would be back, that day she also hed her daughter with her and she did cause a ddisturbance  causing her to abandon her client with out notice.  That she failed to keep any appointment to see the defendant at the jail, and $$ infacvt never visited the jail at all.  ECT. ECT..

The court should in its findings of fact and conculisions of law that Ms. Valadez was in fact ineffective and again recommend that applaants application be granted.

Bruce Lynn Christensen
Clements Unit #1108982
9601 Spur 591
Amarillo, Texas  79107-9696

UNSWORN DECLARATION

I, Bruce Christensen, being bresently incaroerated in TDCJ-CID, declare under penalty of parjury that the foregoing affidavit is true and corect.

Signed this the 16th day of October, 2006

Bruce Lynn Christensen
W.P. Clements unit #1108982
9601 Spur 591
Amarillo, Tx  79107-9696

Sub. Sec. 3.03. Sentences for Offences Arising Out Of Same Criminal Episode

(a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

(b) If the accused is found guilty of more than one offence arising out of the same criminal, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

    (1) an offense:

        (A) Under Section 49.07 or 49.08, regardless of whether the accused is convicted of violation of the same section more than once or is convicted of violations of both sections; or

        (B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violation of the same section more than or is charged with violations of both sections;

    (2) an offense:

        (A) under Section 33.021 or an offense under Section 21.02, 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section; or

        (B) for which a plea agreement was reached in a case in which the accused was charged with more than one ofense listed in Paragraph (A) committed against a victum younger that 17 years of age at the time of the commission of the violations of the same section more than once or is charged with violations of more than once or is charged with violations of more than one section;

    (3)an offense:

        (A) under Section 21.15 or 43.26, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections; or

        (B) for which a plea agreement was reached in a case in which the accused was charged with more than one offense listed in Paragraph (A), regardless of whether the accused is charged with violations of the same section more than once or is charged with violations of both sections; or

(4) an offense for which the judgment is the case contains an affirmative finding under Article 42.0197, Code of Criminal Procuder.

(b-1)    Subsection  (b)(4)  does not apply to a defendant whose case was tranfered to the court under Section 54.02, Family Code.

1.  Act 1973, 63rd Leg., P. 883 ch 399 §1, eff. Jan. 1, 1974.

2.  Amended by Acts 1993, 73rd Leg., ch900, §1.01, eff. Sept. 1, 1994;

3.  Acts 1995, 74th Leg., ch 596, § 1, eff. Sept. 1, 1995

4.  Acts 1997, 75th Leg., ch. 667, § 2, eff. Sept 1, 1997.

5.  Acts 2005, 79th Leg., ch. 527, § 1, eff. Sept. 1, 2005.

6.  Acts 2007, 80th Leg., ch. 593 § 3.47eff. Sept. 1, 2007

7.  acts 2009, 81st Leg., ch. 1130, § 21, eff. Sept. 1, 2008;

1.  Acts 1993, 73rd Leg., ch. 900; which ammend the whole Penal Code, made no apparent changes to this section.

2.  Act 1995, 74th Leg., ch. 596 designated subsec. (a), and therein, in the second sentence, substituded "Except as provided by Subsection (b), the "for such"; and added subsec. (b).
Section 2 Acts 1995, 74th Leg., ch 5___, provides:
"(a)    The  change in law made by this Act applies to the joinder of prosecutionsof  offenses  arising  out  of  a single criminal episode only if each off is  committed  on  or  after  the effective date [Sept. 1, 1995] of this act. For purposes of this section, an offense is committed before the effective date  of  this  Act if any element of the offense occures before the effective date.
(b)    The joinder of prosections for offenses arising out of a single criminal episode  if any of the offenses were committed before the changes made by this Act, and the former law is continued in effect for that purpose."

169

April 22, 2013

Judge Sid Harle
226th District Court
Bexar County Courthouse

San Antonio, Tx 78205


Dear Judge Harle,

I wrote to you in Sept.2002, and ask if you had a "Working File" on my case. The reason I ask is over the years there are some things that did not make it into the record. Such as the letter that I wrote to you from Bexar County Jail that you took as my notive that I wanted to appeal my case. The PSI used in my sentencing hearing.and other things. What I'm looking for speciftly is copies of the affidavats sent to you in Sept-Nov 2006 by your order, one from Ms Valadez and two from me. The reason that I wrote to you in Sept was to see if I could find them, but more so, I read What You said in the newspaper during the Morton Court of Inquire, you said "Our job is not just to proecute and win cases, our job is to do justice." you also said "the allegation against Anderson is that he "Intentionly and knowingly conceled exculpatory evidence. I personally cannot imagine haveing been a former prosecutor, a worse stain or tarnish on a prosecttor and a public servants reputation, his Integrity, his Legacy." There was something else about the justice system not being perfect but that is the best we have...or something like that.m I still believe to this day in the justice system of our country, at least I"m still trying, but when the system is not balanced propperly things go wrong, which brings me to my case, things did go wrong but the system tried to correct the mistakes.Your honor, in the CCp 11.07 @@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@@ it talks about resolving issues one way is to use your personal recollection. I am asking you to use your personal recollection about those affidavits. When you reviewedtbhemyou said when you recieved them you were going to forward everything to the court in Austin. But I believe that when you recieved them and reviewed ythem, you saw that ms. Valadez had done a bad job in her affidavit, and that I was able to point out may things that she still had wrong. Again I believe that after the affidavits you had "grave doubt" meaning the Matter is so "evenly balanced"(even though Ms Vadadez has a presumed deference) As to whether her errors had a substance and injuryous effect......So you then ordered an evidencer hearing and appointed counsel. Your Honor, this is were things get to be a little sticky. I'm asking i

if you remember those affidavits(all Three) and if my statement about them is correct. One rivolous item in Ms. Valadez's affidavit was that she used the word ardous.... "after 14 months of ardous trial prep.......and in my affidavit I said she didn't know the meaning of ardous....Well Your Honor, If you look ing the record of my habeas corpus you will find that Ms. Valadez's affidavit has been redacted and her mistakes corrected, the word ardous has been changed to "hamrd work", you might ask why someone might have changewd her affidavit when mine is there and would not make any sence i argueing that she doesn't know the meaning of the word.... Well again looking into the record you will find that the affidavit recieved and file makked Oct. 23, 2006 and my sup. affidavit are both missing from the file. I believe that Ms. Welsh the State's attorny (who had been terminated by the Distri rict attorney's office) did every thing to cover for her friend, Ms Valadez and to save her Job. Today she is still employed by the D.A.. I believe that Ms. Welsh and Ms Valadez formed a criminal consperasy with Mr. D. Callahan who were not only work assocatmsbut, Sociallcronies, and affectionate friends. MR. Callahan appered to me as a dependable professioal attorney with Christian values. But in fact he ambushed my hearing, his representation was a farce rendering the hear- ing a sham. I had a substantial claim of iffecteive assistance of counsel. But he did not call ms. Valddez to testify, he presented none of the issues that I claimed, such as her advise the the state could stack my sentences. I will point out two pieces of evidence, one , the CP sec 3.01 one criminal episode prosecuted in a single criminal action , such sentences SHALL run concurrently...CP eff. SEpy sept 1, 1994 73rd LEG REG.SESSION, Ch. 900, §1.01 . The second piere of evidence was Baker v. State 107 S.W. 2d 469, Court of appeals unstacked Mr Baker's sentence because of C.P. 3.001 Ms Valadez was the trial attorny that made the plea aggrement to stack his seabences, which was illegal, and she didnt know better.

What was thier motivation?????Careerism.......Peer Presure.....Abslote desire t towin....misplaced duty......a warped longing to get the bad guy. With the collusion between counsel and the prosecution , Mr Callhan blocking I was afforded no opportinity to cross examine Ms Valadez.... Your Honor, I believe that there are sufficient cucumstances amounting to extrinsic fraud actually deprived me of a hearing on the merits. Ms Welsh knowingly use d the perjured affidavit but because she know thet ms. Valadex was ineffective she suppressed and withheld material evidence from the court.

Your Honor, I would ask you to hold a "Court of Inquire" to find if a law was broken, or If there is sufficient fact and your reeollection of these matters and the affidavits ring true, to hold a new evidence hearing, or to ask the court oc criminal appeals to reconsider on its own recognizance.

or what ever legal solutions that might be avalible to me.

Your Honor I would like to thank you for your time in this matter, I had deficient legal help and A states attorny willing to do anything to win this case, my appeal was ambushed and I believe that the case deserves a colser look. please do what you can, I understand thattyou can not give me legal advise, but please write me back...letting me know that you have if fact recieved the letters andmaybe even an attorney that you know that would be willing to help. I allready tried to hire an attorney in S.A. and he took my $7,000.00 and then told me what a fine attorney Mr. Callahagn is that he has known him for many years. but that was when i learned that the affidavits had been changed and mine were miss ing. So I keep trying. I will not give up and in the long run I belive I will win.

Youts Truely Yours,


Bruce Christensen
Polunsky Unit, #1108982
3874 FM 350 S
Livingstone, Tx    77351

Bruce Christensen
Polunsky Unit #1108982
3872 FM 351 S.
Livingstone,  Tx  77351



Honorable Judge Sid Harle
226th Judicial district Court
Bexar County Courthouse
300 Delorosa
San Antonio, Tx   78205

78205$$094 C011      ılı¹ılıˌlıₙₙˌ¹lıₙˌllⁱˌˌⁱˌᵢⁱˌₙₙₚ¹llⁱₙˌllⁱₙˌlⁱₚⁱₚⁱₙ



BEXAR COUNTY

### Donna Kay McKinney
DISTRICT CLERK

PAUL ELIZONDO TOWER
101 W. NUEVA ST. STE 217
SAN ANTONIO, TEXAS 78205
May 27, 2014

WRIT NO: **2001CR4986-W3**

EX PARTE: **BRUCE LYNN CHRISTENSON**

I ACKNOWLEDGE RECEIPT OF AN APPLICATION FOR WRIT OF HABEAS COPRUS

FOR: **CHRISTENSON, BRUCE LYNN** CAUSE NO **2001CR4986**

SUCH APPLICATION WAS RECEIVED FROM BEXAR COUNTY DISTRICT

CLERK'S OFFICE ON THIS **May 27, 2014**, HEREBY WAIVING ISSUANCE OF

SERVICE BY CERTIFIED MAIL, RETURNED RECIEPT THAT'S REQUESTED.

SIGNED: _____
BEXAR COUNTY DISTRICT ATTORNEY OFFICE

PAUL ELIZONDO TOWER * 101W.NUEVA ST.* SAN ANTONIO, TEXAS 78205-3002 * (210) 335-2113

TRIAL COURT NO. 2001CR4986 – *W3*

| | |
|---|---|
| THE STATE OF TEXAS | IN THE 226TH DISTRICT COURT |
| VS | OF |
| BRUCE LYNN CHRISTENSEN | BEXAR COUNTY, TEXAS |

1. Defendant filed motion for new trial:__ no _X_ yes, date filed: 05-20-2002 _____

2. Notice of appeal was filed on *11.07 POST CONVICTION WRIT, 2001CR4986-W3* _____

3. The Honorable SID L. HARLE *RULED ON 11.07 POST CONVCTION WRIT-DENIED* _____

4. The above named defendant was convicted _____ of the offense(s) of AGG SEXUAL ASSAULT-CHILD _____

as a (~~Repeater~~) (~~Habitual~~)

5. State's appeal attorney: SUSAN D. REED _____ 300 Dolorosa, Suite 4025, Bexar County Justice
Center, San Antonio, Texas,78205 (210)335-2413      SBN: 16687400 _____

6. *WRIT* _____ Attorney(s): *PRO-SE* _____

_____ SBN:__ __

Defendant Pro-Se _X_Yes__ No
7. The trial held was:__Trial before the Court     __Jury trial on guilt only
    __Jury trial on punishment only     __Jury trial guilt and punishment
    __Plea of guilt / nolo contendere to court - negotiated plea agreement followed by court
    __Pretrial motion heard prior to plea     __Open/non negotiated plea of guilty/nolo contendere
    __Motion to enter adjudication of guilt __Motion to revoke community supervision
    _X_ Other *11.07 POST CONVCTION WRIT, 2001CR4986-W3- DENIED* _____

8. The sentence was (imposed ) on:04-22-2002 for a period of:yrs:030 mths:00
and a fine of $      1,000.00

9. Defendant is presently in:_X_ BCADC _X_ TDCJID. Defendant is on __** RWOB ** _____ appeal bond.

10. Name and Address of Court Reporter(s) who reported the evidence: _____

11. If two or more cases were tried together the other cases that have been or may be appealed are:(Defendant's na
& cause number) _____

WITNESS MY HAND THIS THE _7th_ DAY OF _October_ , 2014 __

COURT REPORTER(S):_____ Date:_____
_____ Date:_____
KEITH E. HOTTLE, CLERK

BY:_____ Date:_____
    Deputy



DONNA KAY MCKINNEY
BEXAR COUNTY DISTRICT CLERK
BY: _____
    RENE O. BENAVIDES ,DEPUTY

(jsdca)

# CERTIFICATE

**THE STATE OF TEXAS**

**COUNTY OF BEXAR**

I, DONNA KAY M<sup>C</sup>KINNEY, Clerk of the District Court of Bexar County, Texas do hereby certify that the documents contained in this record, Cause No. DC2001CR4986 of which this certification is attached are all of the documents specified by Texas Rule of Appellate Procedure 34.5 (a) and all other documents timely requested by a party to this proceeding under Texas Rule of Appellate Procedure 34.5 (b).

GIVEN UNDER MY HAND AND SEAL of said Court at office in the City of San Antonio, Bexar County, Texas this October 8, 2014.



DONNA KAY M<sup>C</sup>KINNEY

Clerk, __226TH___ Judicial District
Court of Bexar County, Texas

By: /s/ *Cynthia Gomez*
      CYNTHIA GOMEZ
      APPEALS CLERK